IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CHRISTOPHER FAIN; ZACHARY
MARTELL; and BRIAN MCNEMAR,
individually and on behalf of all others similarly
situated,

       Plaintiffs,

v.

WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES; TED CHEATHAM, in his official
capacity as Director of the West Virginia Public
Employees Insurance Agency; and THE
HEALTH PLAN OF WEST VIRGINIA, INC.,

       Defendants.

CIVIL ACTION NO. 3:20-cv-00740
JUDGE CHAMBERS

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**THE HEALTH PLAN OF WEST VIRGINIA, INC.'S MOTION TO DISMISS**

       Defendant The Health Plan of West Virginia, Inc., by counsel, hereby moves this Honorable Court to dismiss Defendant from this civil action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.**    **SUMMARY**

       In February of 2019, Plaintiff Zachary Martell requested health insurance coverage for medical treatment related to his gender dysphoria. Mr. Martell's carrier, The Health Plan, denied coverage based on exclusions contained in his private health insurance plan. In the

Complaint, Mr. Martell alleges that the exclusions violate the nondiscrimination provision of the Affordable Care Act ("ACA"). However, Mr. Martell's plan receives no federal funding; as such, Mr. Martell's plan is not subject to the nondiscrimination provision of the ACA. Accordingly, Plaintiffs' Complaint, as to The Health Plan, must be dismissed.

## II.   STATEMENT OF FACTS

Defendant The Health Plan of West Virginia ("The Health Plan") is a private, not-for-profit HMO, insuring over 150,000 members in West Virginia and the surrounding region. (Complaint, Doc. No. 1, ¶ 15). One of The Health Plan's insured clients is the West Virginia Public Employees Insurance Agency ("PEIA"). (Complaint, ¶ 15). PEIA negotiates group health insurance plan options for state employees throughout West Virginia. (Complaint, ¶ 14). PEIA contracts with The Health Plan to offer health insurance benefits as a voluntary option to State employers and their employees. (Complaint, ¶ 15). The Health Plan provides health insurance to Plaintiffs Zachary Martell and Brian McNemar. (Complaint, ¶ 90).

Plaintiff Zachary Martell is a 33-year-old transgender man who resides in Barboursville, West Virginia. (Complaint, ¶ 9). Zachary Martell is married to Plaintiff Brian McNemar. (Complaint, ¶ 9).[1] Zachary Martell is unemployed, but his spouse, Mr. McNemar, is a State employee. (Complaint, ¶ 10). Zachary Martell is enrolled in PEIA PPB A, which is an option offered by The Health Plan. (Complaint, ¶ 90).

Zachary Martell is diagnosed with gender dysphoria. (Complaint ¶ 93). In 2018, Mr. Martell was prescribed hormone replacement therapy to address his gender dysphoria.

---

[1] Plaintiff Christopher Fain is the only other named Plaintiff. (Complaint ¶ 8). Plaintiff Fain is a transgender man, enrolled for Medicaid coverage. (Complaint ¶ 8). Plaintiff Fain has no connection to The Health Plan, and asserts no allegations as to The Health Plan.

2

(Complaint ¶ 93). On February 13, 2019, The Health Plan denied Mr. Martell's claim for testosterone, citing an exclusion for "Treatments for gender identity issues are excluded from the benefit." (Complaint ¶ 101).

In the Complaint, Plaintiffs note that The Health Plan "entered into a contract with the Centers for Medicare and Medicaid Services (CMS), the federal agency that administers the Medicare program." (Complaint ¶ 139.B). Plaintiffs also note that "CMS makes a monthly payment to The Health Plan for each Medicare beneficiary who enrolls in our plan ..." (Complaint, ¶ 139.B.) However, Plaintiffs do NOT allege that CMS makes any payment to Zachary Martell's health care program, PEIA PPB A; as such, there is no allegation that Zachary Martell's health care program receives any federal assistance.

Plaintiff Zachary Martell alleges that The Health Plan is liable for monetary loss and damages for frustration, despair and aggravation, arising from its denial of coverage. (e.g., Complaint ¶¶ 102-103). Plaintiff Brian McNemar, Mr. Martell's spouse, also seeks damages stemming from his spouse's denial of coverage. (Complaint, ¶¶ 102,104). Plaintiff Christopher Fain makes no allegation as to The Health Plan.

## III. STANDARD OF LAW

Rule 12(b)(6) requires dismissal of a cause of action that "fail[s] to state a claim which relief can be granted." FED. R. CIV. P. 12(b)(6).[2] To satisfy this pleading standard, the Plaintiffs must state "more than labels and conclusions" in their Complaint and, in fact, merely

---

[2] Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . [A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677-78 (2009).

3

providing "a formulaic recitation of the elements of a cause of action" is insufficient. *See Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 818 (S.D. W. Va. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, while this Court must accept as true the factual allegations contained in Plaintiffs' Complaint, this Court need not accept as true, and should not accept as true, those allegations it deems conclusory or devoid of factual enhancement. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009).

## IV.    ARGUMENT

The only cause of action against The Health Plan is Count Two, namely that The Health Plan's exclusion for gender dysphoria treatment violates the nondiscrimination provision of the Affordable Care Act ("ACA").[3] (See Complaint, Count Two.) Further, Plaintiffs Zachary Martell and his spouse Brian McNemar are the only plaintiffs who allege that The Health Plan is liable for damages. Fatal to their cause of action is that: (A) The Health Plan is not liable to Zachary Martell because his plan is NOT subject to scrutiny under the nondiscrimination provision of the ACA, and (B) The Health Plan is not liable to Brian McNemar because his claims are derivative of his spouse's claims. For these reasons alone, this Court should dismiss The Health Plan from this lawsuit.

---

[3] Plaintiffs' sole allegation against The Health Plan is found in Count Two of the Complaint, namely that The Health Plan violated the nondiscrimination provision of the ACA. Plaintiffs do not allege that The Health Plan has violated Equal Protection (Count One), Medicaid Act's Availability Requirements (Count Three), or Medicaid Act's Comparability Requirements.

> **A.** **The Health Plan is entitled to dismissal as a matter of law as to Plaintiff Zachary Martell's claims because his heath care program is not subject to the ACA's nondiscrimination provision.**
>
> 1. *Plaintiffs do not allege that Zachary Martell's health care program receives federal assistance; as such, Plaintiffs' Complaint fails to satisfy Rule 12(b) scrutiny.*

"In 2010, Congress enacted the Patient Protection and Affordable Care Act (ACA) to increase the number of Americans covered by health insurance and decrease the cost of health care." *Nat'l Fed of Indep. Business v. Sebelius, Syllabus,* 567 U. S. 519, 132 S. Ct 2566 (2012). Embedded in the ACA is a nondiscrimination provision that states that no individual shall be subjected to discrimination under "any health program or activity, any part of which is receiving financial assistance …" See 42 U.S.C.A. § 18116.[4]

In their Complaint, Plaintiffs allege that The Health Plan receives federal assistance for its Medicare Advantage program. (Complaint, ¶139B.) However, Plaintiffs do not allege that Mr. Martell's program, PEIA PPB Plan A, receives federal assistance. (See, generally, Complaint.). Given that Plaintiffs fail to allege that Mr. Martell's program receives federal assistance, Plaintiffs have failed to plead the requisite elements of the ACA's nondiscrimination provision. See 42 U.S.C.A. § 18116. Accordingly, this Court should grant Defendant The Health Plan's Motion to Dismiss.

---

[4] The entire text of the ACA Nondiscrimination provision is as follows:

"(a) In general. Except as otherwise provided for in this title (or an amendment made by this title), an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.), the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.), or section 794 of Title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, **any health program or activity, any part of which** is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments). The enforcement mechanisms provided for and available under such title VI, title IX, section 794, or such Age Discrimination Act shall apply for purposes of violations of this subsection." 42 U.S.C.A. § 18116 (West) (emphasis added)

2. *Plaintiffs cannot successfully assert that receipt of federal assistance for an unrelated Medicare Advantage Program renders The Health Plan's entire portfolio subject to the ACA's nondiscrimination provision.*

As noted above, Plaintiffs do not allege that Mr. Martell's plan receives federal assistance. Plaintiffs, however, may attempt to argue that the receipt of federal dollars for *any* program renders The Health Plan's *entire* portfolio subject to the nondiscrimination provision of the ACA. Such a position is untenable.

Recently, the U. S. Department of Health and Human Services ("the Department") addressed this very issue. On June 10, 2020, the Department issued Final Rules to "…clarify the scope of Section 1557." [5] See, *Dep't of HHS Order*, dated June 10, 2020, effective August 18, 2020; Fed Register, Vol 85, No. 119, p. 37160. Specifically, the Department clarified the "health program or activity" provision found in the ACA's nondiscrimination section, which states, in pertinent part:

> … an individual shall not …. be subjected to discrimination under, **any health program or activity,** any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance …

(42 U.S.C.A. § 18116 (West)(emphasis added). Commenters argued that if any part of an entity receives Federal financial assistance, then "the entire entity [] should be covered, not just the portion receiving funding." Id., at 37171. The Department rejected that argument, concluding:

> [I]n this final rule, the Department is aligning Section 1557's definition of "health program or activity" with the standard articulated in the CRRA in order to provide clarity and consistency. The CRRA clarified the scope of nondiscrimination prohibitions under the civil rights statutes that Section 1557 incorporates. For example, with respect to the health sector, it applied those

---

[5] Note: The ACA nondiscrimination provision is referred to as both "Section 1557" and "§18116." This is because "Section 1557" is the section within the original congressional bill where the nondiscrimination provision appears, whereas "§18116" is the section designated in the United States Code Annotated (U.S.C.A).

> prohibitions to all health programs or activities receiving Federal financial assistance, but not to all providers of health insurance: **It applied "program or activity" to cover all of the operations of an entity only when that entity is "principally engaged in the business of providing . . . health care** . . . ." This final rule clarifies that the term "health program or activity" used in Section 1557 should be understood in light of the CRRA's limitations on the term "program or activity" as applied to statutes on which Section 1557 relies.

Id. at 37171. (emphasis added.)

Given that The Health Plan is not in the business of providing health care, Section 1557 only applies to the "portion receiving funding." Id. at 37171. While it may be true that The Health Plan receives federal assistance for its Medicare Advantage plans (Complaint ¶ 139B), Zachary Martell's private commercial plan does not receive federal assistance. Accordingly, given that Mr. Martell's plan does not receive federal assistance, Mr. Martell's plan is not subject to Section 1557.

**B.     The Health Plan is entitled to dismissal as a matter of law as to Brian McNemar's claims because his claims are derivative to his spouse Zachary Martell's claims.**

In the Complaint, Plaintiff Brian McNemar argues he is entitled to damages because The Health Plan denied his spouse's claim for medical care. However, as noted above, Zachary Martell's exclusion is not subject to the nondiscrimination provision of the ACA. Therefore, Zachary Martell's claims must be dismissed, as a matter of law. Given that Brian McNemar's claims are derivative of his spouse's claims, the dismissal of Zachary Martell's claims inherently requires the dismissal of Mr. McNemar's claims. See e.g. *Beasley v. Sohio Oil Co., Gulf Prod. Div.*, 931 F.2d 54 (4th Cir. 1991). Accordingly, this Court must dismiss Brian McNemar's claims.

7

## V. CONCLUSION

Accordingly, given that Mr. Martell's plan does not receive any federal funding, the Court should conclude that Mr. Martell's plan is not subject to the ACA's nondiscrimination provision and dismiss Plaintiffs' Complaint against The Health Plan.

*/s/ Stuart A. McMillan*
Stuart A. McMillan (WVSB #6352)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com

Aaron C. Boone (WVSB #9479)
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia 26102
(304) 420-5501
Fax: (304) 420-5587
aboone@bowlesrice.com

*Counsel for Defendant The Health Plan of West Virginia, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CHRISTOPHER FAIN; ZACHARY
MARTELL; and BRIAN MCNEMAR,
individually and on behalf of all others similarly
situated,

       Plaintiffs,

v.

WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES; TED CHEATHAM, in his official
capacity as Director of the West Virginia Public
Employees Insurance Agency; and THE
HEALTH PLAN OF WEST VIRGINIA, INC.,

       Defendants.

CIVIL ACTION NO. 3:20-cv-00740
JUDGE CHAMBERS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **11th day of January, 2021**, I electronically filed a "***Memorandum in Support of Defendant The Health Plan of West Virginia's Inc.'s Motion to Dismiss***," with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Walt Auvil, Esquire<br>THE EMPLOYMENT LAW CENTER, PLLC<br>1208 Market Street<br>Parkersburg, West Virginia  26101<br>(304) 485-3058<br>Fax:  (304) 485-6344<br>auvil@theemploymentlawcenter.com<br>*Counsel for Plaintiffs* | Avatara Smith-Carrington, Visiting Attorney<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>3500 Oak Lawn Avenue, Suite 500<br>Dallas, Texas  75219<br>(214)  219-8585<br>Fax:  (214) 219-4455<br>asmithcarrington@lambdalegal.org<br>*Counsel for Plaintiffs* |

9

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4700
Minneapolis, Minnesota 55402
(612) 256-3200
Fax: 612-338-4878
aprakash@nka.com
nschladt@nka.com
*Counsel for Plaintiffs*

Sasha Buchert, Visiting Attorney LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. 1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
(202) 804-6245
Fax: (202) 429-9574
sbuchert@lambdalegal.org
*Counsel for Plaintiffs*

Lou Ann S. Cyrus, Esquire
Roberta F. Green, Esquire
Caleb B. David, Esquire
Kimberly M. Bandy, Esquire
Shuman McCuskey Slicer PLLC
Post Office Box 3953
Charleston, West Virginia 25339
(304) 345-1400
Fax: (304) 343-1826
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
*Counsel for Defendants William Crouch, Cynthia Beane and West Virginia Department of Health and Human Resources*

Tara L. Borelli, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, Georgia 30308
(470) 225-5341
Fax: (404) 897-1884
tborelli@lambdalegal.org
*Counsel for Plaintiffs*

Nora Huppert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, California 90010
(213) 382-7600
Fax: (213) 351-6050
nhuppert@lambdalegal.org
*Counsel for Plaintiffs*

Christopher K. Weed, Esquire
David E. Rich, Esquire
Eric Salyers, Esquire
Perry w. Oxley, Esquire
OXLEY RICH SAMMONS
Post Office Box 1704
Huntington, West Virginia 25718
(304) 522-1138
Fax: (304) 522-9528
cweed@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
poxley@oxleylawwv.com
*Counsel for Ted Cheatham*

*/s/ Stuart A. McMillan*
Stuart A. McMillan (WVSB #6352)