**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**CHRISTOPHER FAIN; ZACHARY MARTELL;** and **BRIAN MCNEMAR,**
Individually and on behalf of all others similarly situated,

**Plaintiffs,**

**Civil Action No. 3:20-cv-00740
Hon. Robert C. Chambers, Judge**

**v.**

**WILLIAM CROUCH,** in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; **CYNTHIA BEANE,** in her official capacity as Commissioner for the West Virginia Bureau for Medical Services; **WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES; TED CHEATHAM,** in his official Capacity as Director of the West Virginia Public Employees Insurance Agency; and **THE HEALTH PLAN OF WEST VIRGINIA, INC.**

**Defendants.**

**DEFENDANTS WILLIAM CROUCH, CYNTHIA BEANE, AND WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,
BUREAU FOR MEDICAL SERVICES'S ANSWER TO CLASS ACTION COMPLAINT**

**NOW COME** the Defendants, William Crouch, Cynthia Beane, and West Virginia Department of Health and Human Resources, Bureau for Medical Services ("these Defendants"), by counsel, Lou Ann S. Cyrus, Roberta F. Green, Caleb B. David, Kimberly M. Bandy, and Shuman McCuskey Slicer PLLC, and for their Answer to Plaintiffs' Class Action Complaint, state and aver as follows:

1

## INTRODUCTION

1.       Paragraph 1 of Plaintiffs' Class Action Complaint states legal conclusions and definitions to which no response is required. To the extent a response is deemed required, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 1 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

2.       Paragraph 2 of Plaintiffs' Class Action Complaint states legal conclusions and definitions to which no response is required. To the extent a response is deemed required, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 2 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

3.       Responding to Paragraph 3 of Plaintiffs' Class Action Complaint, these Defendants deny the allegation in the first sentence and demand strict proof thereof. The second sentence of Paragraph 3, referring to the State of West Virginia providing health care coverage for employees and their eligible dependents through the Public Employees Insurance Agency ("PEIA") does not apply to these Defendants, so no response is deemed necessary. The remaining allegations contained in Paragraph 3 of Plaintiffs' Class Action Complaint state legal conclusions and definitions to which no response is required. To the extent a response is deemed required, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 3 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

4.       Paragraph 4 of Plaintiffs' Class Action Complaint states legal conclusions and definitions to which no response is required. To the extent a response is deemed required, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 4 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These

Defendants further specifically deny that the Medicaid Plan contains "Exclusions" as described therein and demand strict proof thereof.

5.      Paragraph 5 of Plaintiffs' Class Action Complaint states legal conclusions and definitions to which no response is required. To the extent a response is deemed required, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 5 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants further specifically deny that the Medicaid Plan contains "Exclusions" as described therein and demand strict proof thereof.

6.      Paragraph 6 of Plaintiffs' Class Action Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants state, consistent with their contemporaneously filed Motion to Dismiss Class Allegations, that the Plaintiffs' Class Action Complaint does not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, must be stricken. Additionally, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 6 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants further deny that Plaintiffs are entitled to any of the relief requested against them.

7.      Paragraph 7 of Plaintiffs' Class Action Complaint states legal conclusions and definitions to which no response is required. To the extent a response is deemed required, these Defendants deny that Plaintiffs are entitled to any of the relief requested against them and demand strict proof thereof.

**PARTIES**

8.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

9.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

10.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

11.     Responding to Paragraph 11 of Plaintiffs' Class Action Complaint, these Defendants admit that William Crouch is Cabinet Secretary of the West Virginia Department of Health and Human Resources and that Defendant Crouch was acting under the color of state law at all times relevant to Plaintiffs' Class Action Complaint. The remaining allegations contained in Paragraph 11 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the remaining allegations as written and demand strict proof thereof. Further, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against William Crouch in Paragraph 11 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

12.     Responding to Paragraph 12 of Plaintiffs' Class Action Complaint, these Defendants admit that Cynthia Beane is Commissioner of the Bureau for Medical Services and that Defendant Beane was acting under the color of state law at all times relevant to Plaintiffs' Class Action Complaint. The remaining allegations contained in Paragraph 12 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response

4

is deemed required, these Defendants deny the remaining allegations as written and demand strict proof thereof. Further, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against Cynthia Beane in Paragraph 12 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

13.      Responding to Paragraph 13 of Plaintiffs' Class Action Complaint, these Defendants admit that Defendant West Virginia Department of Health and Human Resources, Bureau for Medical Services ("BMS") is a state agency that administers the Medicaid program within West Virginia. These Defendants further admit that Defendant BMS maintains the West Virginia Medicaid State Plan and files amendments to the plan with the appropriate regulatory authorities. These Defendants further admit that West Virginia Medicaid is jointly funded by the State of West Virginia and the federal government. These Defendants admit that BMS is a recipient of federal funds from the U.S. Department of Health and Human Services, including Medicaid funding. The remaining allegations contained in Paragraph 13 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the remaining allegations as written and demand strict proof thereof. Further, these Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 13 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

14.      The allegations contained in Paragraph 14 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. Further, the allegations contained in Paragraph 14 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny such allegations as written and demand strict proof thereof.

15.     The allegations contained in Paragraph 15 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. Further, the allegations contained in Paragraph 15 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny such allegations as written and demand strict proof thereof.

16.     These Defendants deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 16 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants further deny that Plaintiffs are entitled to any of the relief requested against them. These Defendants further specifically deny that the Medicaid Plan contains "Exclusions" as described therein and demand strict proof thereof.

## JURISDICTION AND VENUE

17.     The allegations contained in Paragraph 17 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

18.     The allegations contained in Paragraph 18 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

19.     The allegations contained in Paragraph 19 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

20.     The allegations contained in Paragraph 20 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

21.     The allegations contained in Paragraph 21 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants do not dispute that this Court has personal jurisdiction over these Defendants.

## FACTS

### A.     Sex, Gender Identity, and Gender Dysphoria

22.     The allegations contained in Paragraph 22 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Class Action Complaint and therefore, deny the same and demand strict proof thereof.

23.     The allegations contained in Paragraph 23 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants are without knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 23 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

24.     The allegations contained in Paragraph 24 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response

is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 24 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

25.     The allegations contained in Paragraph 25 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 25 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

26.     The allegations contained in Paragraph 26 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 26 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

27.     The allegations contained in Paragraph 27 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 27 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

28.     The allegations contained in Paragraph 28 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 28 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

29.     The allegations contained in Paragraph 29 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 29 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

30.     The allegations contained in Paragraph 30 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 30 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

31.     The allegations contained in Paragraph 31 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 of Plaintiffs'

Class Action Complaint and therefore, deny the allegations contained in Paragraph 31 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

32.     The allegations contained in Paragraph 32 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 32 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

33.     The allegations contained in Paragraph 33 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 33 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 33 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

34.     The allegations contained in Paragraph 34 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 34 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 34 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

35.     The allegations contained in Paragraph 35 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient

information or knowledge to admit or deny the allegations contained in Paragraph 35 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 35 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

36.     The allegations contained in Paragraph 36 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 36 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

37.     The allegations contained in Paragraph 37 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 37 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

38.     The allegations contained in Paragraph 38 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 38 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

39.     The allegations contained in Paragraph 39 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response

is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 39 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

40.     The allegations contained in Paragraph 40 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 40 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

41.     The allegations contained in Paragraph 41 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 41 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

42.     The allegations contained in Paragraph 42 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 42 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

43.     The allegations contained in Paragraph 43 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 43 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 43 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

44.     The allegations contained in Paragraph 44 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 44 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

45.     The allegations contained in Paragraph 45 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 45 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

46.     The allegations contained in Paragraph 46 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiffs'

Class Action Complaint and therefore, deny the allegations contained in Paragraph 46 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

47.     The allegations contained in Paragraph 47 of Plaintiffs' Class Action Complaint state generalized allegations that are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 47 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

**B.     Defendants' Targeted and Discriminatory Exclusion of Gender-Confirming Care[1]**

**1.     Medicaid health coverage**

48.     The allegations contained in Paragraph 48 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants admit that Medicaid is a joint federal-state program that provides health insurance for Medicaid-eligible individuals. These Defendants deny the remaining allegations contained in Paragraph 48 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof.

49.     The allegations contained in Paragraph 49 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants admit, upon information and belief, the allegations contained in Paragraph 49 of Plaintiffs' Class Action Complaint.

---

[1] These Defendants have included the headings from Plaintiffs' Class Action Complaint *only* for ease of reference and convenience of the Court and the parties. These Defendants neither admit nor endorse the contents of any heading. Indeed, these Defendants specifically deny that any "Targeted and Discriminatory Exclusion" exists.

50.     The allegations contained in Paragraph 50 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants admit the allegations contained in Paragraph 50 of Plaintiffs' Class Action Complaint.

51.     The allegations contained in Paragraph 51 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants admit the allegations contained in Paragraph 51 of Plaintiffs' Class Action Complaint.

52.     The allegations contained in Paragraph 52 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants state that the phrase "substantial portion of the cost of providing medical assistance" is vague, ambiguous, and capable of multiple meanings, and therefore, these Defendants are unable to admit or deny the allegations contained in Paragraph 52 of Plaintiffs' Class Action Complaint as written, and therefore, deny the same and demand strict proof thereof.

53.     The allegations contained in Paragraph 53 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof. Further, these Defendants deny that they have violated the stated provision and demand strict proof thereof.

54.     The allegations contained in Paragraph 54 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Class

15

Action Complaint as written and demand strict proof thereof. Further, these Defendants deny that they have violated the stated provision and demand strict proof thereof.

55.     The allegations contained in Paragraph 55 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof. Further, these Defendants deny that they have violated the stated provision and demand strict proof thereof.

56.     These Defendants admit the allegations contained in Paragraph 56 of Plaintiffs' Class Action Complaint.

57.     The allegations contained in Paragraph 57 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants admit the allegations contained in Paragraph 57 of Plaintiffs' Class Action Complaint.

58.     Responding to Paragraph 58 of Plaintiffs' Class Action Complaint, these Defendants admit that Defendant BMS maintains the West Virginia Medicaid State Plan and files amendments to the plan with the appropriate regulatory authorities. These Defendants deny the remaining allegations contained in Paragraph 58 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof.

59.     These Defendants admit the allegations contained in Paragraph 59 of Plaintiffs' Class Action Complaint.

60.     Responding to Paragraph 60 of Plaintiffs' Class Action Complaint, these Defendants admit that each MCO provides Medicaid participants with access to Medicaid-covered health services through their defined network of providers and hospitals. These Defendants deny

the remaining allegations contained in Paragraph 60 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof.

61.     Responding to Paragraph 61 of Plaintiffs' Class Action Complaint, these Defendants admit that the Medicaid Policy Manual provides that the Medicaid Plan does not cover, *inter alia*, transsexual surgery. These Defendants admit: that Unicare excludes coverage for, *inter alia*, "[s]ex transformation procedures and hormone therapy for sex transformation procedures;" that The Health Plan provides that "[s]ex change, hormone therapy for sex transformation, and gender transition procedures/expenses will not be paid for by The Health Plan;" These Defendants further admit that Aetna Better Health excludes coverage for, *inter alia*, "[s]ex transformation procedures and hormone therapy for sex transformation procedures." These Defendants deny the remaining allegations contained in Paragraph 61 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof.

62.     These Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

**2.      State employee health coverage**

63.     The allegations contained in Paragraph 63 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 63 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 63 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

64.     The allegations contained in Paragraph 64, including sub-sections (A) and (B) of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response

is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 64, including sub-sections (A) and (B) of Plaintiffs' Class Action Complaint and therefore, deny the same and demand strict proof thereof.

65.     The allegations contained in Paragraph 65 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 65 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 65 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

66.     The allegations contained in Paragraph 66 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 66 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 66 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

67.     The allegations contained in Paragraph 67 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 67 of Plaintiffs' Class Action Complaint and therefore, deny the allegations contained in Paragraph 67 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

**C.     The Denial of Care to Plaintiffs**

### 1.    Plaintiff Christopher Fain (Medicaid)

68.    These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 68 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

69.    These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 69 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

70.    These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 70 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

71.    These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

72.    These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 72 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

73.    These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 73 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

74.    These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 74 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

75.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 75 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

76.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 76 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

77.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 77 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

78.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

79.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 79 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

80.     These Defendants admit the allegations contained in Paragraph 80 of Plaintiffs' Class Action Complaint.

81.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 81 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

82.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 82 of Plaintiffs' Class Action Complaint and, therefore, deny

the same and demand strict proof thereof. These Defendants specifically deny any suggestion that Medicaid would not cover Mr. Fain's testosterone prescription.

83.     These Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants specifically deny that Medicaid will not cover Mr. Fain's testosterone prescription.

84.     These Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants specifically deny that the Medicaid Plan contains an "Exclusion" as described and demand strict proof thereof. These Defendants further specifically deny that Medicaid will not cover Mr. Fain's testosterone prescription.

85.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 85 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

86.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 86 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

87.     These Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

### 2.     Plaintiffs Zachary Martell and Brian McNemar (PEIA)

88.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 88 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

89.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 89 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

90.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 90 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

91.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 91 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

92.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 92 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

93.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 93 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

94.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 94 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

95.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 95 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

96.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 96 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

97.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 97 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

98.     These Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 98 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

99.     These Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

100.    The allegations contained in Paragraph 100 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 100 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

101.    The allegations contained in Paragraph 101 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 101 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

102.    The allegations contained in Paragraph 102 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response

is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 102 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof.

103.    The allegations contained in Paragraph 103 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 103 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof. To the extent Paragraph 103 of Plaintiffs' Class Action Complaint intends to allege that Plaintiffs were denied coverage because they are transgendered, these Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

104.    The allegations contained in Paragraph 104 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 104 of Plaintiffs' Class Action Complaint and, therefore, deny the same and demand strict proof thereof. To the extent Paragraph 104 of Plaintiffs' Class Action Complaint intends to allege that Plaintiffs were denied coverage because they are transgendered, these Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

105.    To the extent Paragraph 105 of Plaintiffs' Class Action Complaint intends to allege that Plaintiffs were denied coverage because they are transgendered, these Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Class Action Complaint and demand strict proof thereof. To the extent Paragraph 105 of Plaintiffs' Class Action Complaint intends to allege

that Plaintiffs were denied coverage because they are transgendered, these Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

## CLASS ACTION ALLEGATIONS

106. The allegations contained in Paragraph 106 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny that Plaintiffs meet the prerequisites for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure and demand strict proof thereof.

107. The allegations contained in Paragraph 107 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny that Plaintiffs meet the prerequisites for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure and demand strict proof thereof.

### Medicaid Class

108. Responding to Paragraph 108 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. These Defendants further deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 108 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

### State Employee Health Plan Class

109. Responding to Paragraph 109 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. These Defendants further deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 109 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

### The Health Plan Subclass

110.     Responding to Paragraph 110 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. These Defendants further deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 110 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

111.     Responding to Paragraph 111 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. Further, the allegations contained in Paragraph 111 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

112.     Responding to Paragraph 112 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. The allegations contained in Paragraph 112 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants specifically deny that a number of approximately 40 prospective plaintiffs is "so numerous that joinder of all members is impracticable," such that a class action is warranted.

113.     The allegations contained in Paragraph 113 and subparagraphs A through D thereto of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 113 and subparagraphs A through D thereto of Plaintiffs' Class Action Complaint and demand strict proof thereof.

114.     Responding to Paragraph 114 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. The allegations contained in Paragraph

26

114 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

115.   Responding to Paragraph 115 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. The allegations contained in Paragraph 115 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

116.   Responding to Paragraph 116 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. The allegations contained in Paragraph 116 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

117.   Responding to Paragraph 117 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. The allegations contained in Paragraph 117 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

## CLAIMS FOR RELIEF

### COUNT I
### Deprivation of Equal Protection
### U.S. Const. Amend. XIV

*Plaintiff Christopher Fain, on behalf of the Medicaid Class, Against Defendants Crouch and Beane for Declaratory and Injunctive Relief*

***Plaintiffs Zachary Martell and Brian McNemar, on behalf of the State Employee Health Plan Class and The Health Plan Subclass, Against Defendant Cheatham for Declaratory and Injunctive Relief***

118.    These Defendants restate and reincorporate their responses to Paragraphs 1 through 117 of Plaintiffs' Class Action Complaint as if fully set forth herein.

119.    The allegations contained in Paragraph 119 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

120.    The allegations contained in Paragraph 120 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants state that the Fourteenth Amendment to the United States Constitution speaks for itself. Further, these Defendants deny any alleged violation of same and demand strict proof thereof.

121.    These Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants specifically deny any wrongdoing or unlawful discrimination, intentional or otherwise, by Defendant Crouch, and demand strict proof thereof.

122.    These Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants specifically deny any wrongdoing or unlawful discrimination, intentional or otherwise, by Defendant Beane, and demand strict proof thereof.

123.    The allegations contained in Paragraph 123 of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response

is deemed required, these Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

124. These Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants state that there are no "Exclusions" as described as it pertains to the Medicaid Plan and demand strict proof thereof.

125. These Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants state that there are no "Exclusions" as described as it pertains to the Medicaid Plan and demand strict proof thereof.

A. **Discrimination on the Basis of Sex**

126. These Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants state that there are no "Exclusions" as described as it pertains to the Medicaid Plan and demand strict proof thereof.

127. The allegations contained in Paragraph 127 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof. These Defendants further deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 127 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

128. The allegations contained in Paragraph 128 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed

required, these Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Class Action Complaint as written and demand strict proof thereof. These Defendants further deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 128 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

129.    These Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

**B.      Discrimination on the Basis of Transgender Status**

130.    These Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants state that there are no "Exclusions" as described as it pertains to the Medicaid Plan and demand strict proof thereof.

131.    The allegations contained in Paragraph 131 and subparagraphs A through D thereto of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants further deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 131 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

132.    These Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants state that there are no "Exclusions" as described as it pertains to the Medicaid Plan and demand strict proof thereof.

133.    These Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants state that there

are no "Exclusions" as described as it pertains to the Medicaid Plan and demand strict proof thereof.

134.    These Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants state that there are no "Exclusions" as described as it pertains to the Medicaid Plan and demand strict proof thereof.

## COUNT II
### Violation of Section 1557 of the
### Patient Protection and Affordable Care Act
### 42 U.S.C. § 18116

***Plaintiff Christopher Fain, on behalf of the Medicaid Class, Against Defendant BMS, Defendant Crouch, and Defendant Beane for Declaratory and Injunctive Relief, and Individually Against Defendant BMS for Compensatory Damages***

***Plaintiffs Zachary Martell and Brian McNemar, on behalf of the State Employee Health Plan Class Against Defendant Cheatham for Declaratory and Injunctive Relief, on Behalf of The Health Plan Subclass Against Defendant The Health Plan and Defendant Cheatham for Declaratory and Injunctive Relief, and Individually Against Defendant The Health Plan for Compensatory Damages***

135.    These Defendants restate and reincorporate their responses to Paragraphs 1 through 134 of Plaintiffs' Class Action Complaint as if fully set forth herein.

136.    Responding to Paragraph 136 of Plaintiffs' Class Action Complaint, these Defendants deny that Plaintiffs can maintain a class action. Additionally, the allegations contained in Paragraph 136 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 136 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

137.    The allegations contained in Paragraph 137 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants state that the Section 1557 of the Affordable Care Act speaks for itself.

138A.  The allegations contained in Paragraph 138A of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants admit the allegations contained in Paragraph 138A of Plaintiffs' Class Action Complaint.

138B.  The allegations contained in Paragraph 138B of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants admit the allegations contained in Paragraph 138B of Plaintiffs' Class Action Complaint.

139A.  The allegations contained in Paragraph 139A of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants admit the allegations contained in Paragraph 139A of Plaintiffs' Class Action Complaint.

139B.  The allegations contained in Paragraph 139B of Plaintiffs' Class Action Complaint are not directed at these Defendants, and, as such, no response is required. To the extent a response is deemed required, these Defendants admit the allegations contained in Paragraph 139B of Plaintiffs' Class Action Complaint.

140.    These Defendants deny the allegations contained in Paragraph 140 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants further deny that the Medicaid Plan contains an "Exclusion" as described.

141.    These Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants further deny that the Medicaid Plan contains an "Exclusion" as described.

142.    The allegations contained in Paragraph 142 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

143.    The allegations contained in Paragraph 143 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 143 of Plaintiffs' Class Action Complaint and demand strict proof thereof. These Defendants further deny that the Medicaid Plan contains an "Exclusion" as described.

144.    The allegations contained in Paragraph 144 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 144 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

145.    These Defendants deny the allegations contained in Paragraph 145 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants specifically deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 145 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

146.    These Defendants deny the allegations contained in Paragraph 146 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants specifically deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph

146 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Additionally, these Defendants deny that the Medicaid Plan contains an "Exclusion" as described.

147.    These Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Further, these Defendants specifically deny any and all allegations of wrongdoing, express or implied, raised against them in Paragraph 147 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

148.    These Defendants deny the allegations contained in Paragraph 148 of Plaintiffs' Class Action Complaint and demand strict proof thereof.

**COUNT THREE**
**Violation of the Medicaid Act's Availability Requirements**
**42 U.S.C. § 1396a(a)(10)(A)**

*Plaintiff Christopher Fain, on behalf of the Medicaid Class, Against Defendant Crouch and Beane for Declaratory and Injunctive Relief*

149.    These Defendants restate and reincorporate their responses to Paragraphs 1 through 148 of Plaintiffs' Class Action Complaint as if fully set forth herein.

150.    The allegations contained in Paragraph 150 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 150 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Additionally, these Defendants deny that the Medicaid Plan contains an "Exclusion" as described.

151.    The allegations contained in Paragraph 151 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants state that 42 U.S.C. § 1396a(a)(10)(A) speaks for itself.

152.    The allegations contained in Paragraph 152 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed

required, these Defendants deny the allegations contained in Paragraph 152 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Additionally, these Defendants deny that the Medicaid Plan contains an "Exclusion" as described.

## COUNT FOUR
### Violation of the Medicaid Act's Comparability Requirements
### 42 U.S.C. § 1396a(a)(10)(B)

*Plaintiff Christopher Fain, on behalf of the Medicaid Class, Against Defendant Crouch and Beane for Declaratory and Injunctive Relief*

153. These Defendants restate and reincorporate their responses to Paragraphs 1 through 152 of Plaintiffs' Class Action Complaint as if fully set forth herein.

154. The allegations contained in Paragraph 154 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 154 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Additionally, these Defendants deny that the Medicaid Plan contains an "Exclusion" as described.

155. The allegations contained in Paragraph 155 of Plaintiffs' Class Action Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, these Defendants state that 42 U.S.C. § 1396a(a)(10)(B) speaks for itself.

156. The allegations contained in Paragraph 156 of Plaintiffs' Class Action Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, these Defendants deny the allegations contained in Paragraph 156 of Plaintiffs' Class Action Complaint and demand strict proof thereof. Additionally, these Defendants deny that the Medicaid Plan contains an "Exclusion" as described.

### PRAYER FOR RELIEF

157.     Responding to the *ad damnum* paragraph and subparagraphs A through H and all sub-subparagraphs thereto of Plaintiffs' Class Action Complaint, these Defendants deny any and all allegations of wrongdoing raised against them in Plaintiffs' Class Action Complaint and deny that Plaintiffs are entitled to any of the relief requested therein as against them.

158.     These Defendants deny any and all allegations not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Class Action Complaint is/may be barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Class Action Complaint fails to state a claim against these Defendants upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

These Defendants deny that they breached any affirmative duty or standard of care with respect to the Plaintiffs or putative class members or that any of their acts or omissions proximately caused or contributed to any injuries or damages to the Plaintiffs or putative class members.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants assert the defenses of assumption of risk, contributory negligence and/or comparative negligence, as the facts and circumstances as they are developed may indicate that these defenses are appropriate.

### FIFTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to assert such claims, counterclaims, cross-claims, third-party claims or other claims as investigation and discovery may prove applicable, and hereby reserve all of their rights associated with any such claim or potential claim.

## SIXTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to have the fault, and/or negligence of all persons determined in the manner provided by law and hereby reserve their right of contribution and/or indemnity, as the same may prove applicable.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants assert the affirmative defense of superseding and intervening cause. These Defendants assert all of its rights and privileges to introduce evidence at trial regarding the negligence of another party or a non-party as set forth in *Sydenstricker v. Mohan*, 618 S.E.2d 561 (W.Va. 2005) and/or West Virginia Code 55-7-13d.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations are inappropriate for class certification, as the purported class lacks the requisite numerosity, commonality, adequacy, superiority, and predominance requirements.

## NINTH AFFIRMATIVE DEFENSE

These Defendants deny that the Plaintiffs are entitled to recover any amount whatsoever against them. In particular, Defendants deny that the Plaintiffs are entitled to recover exemplary damages, including punitive damages, attorneys' fees, and costs, against them.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to *Pittsburgh Elevator v. W. Va. Board of Regents*, 310 S.E.2d 675 (W. Va. 1983) and *Parkulo v. West Virginia Board of Probation and Parole*, 483 S.E.2d 507 (W. Va. 1996), these Defendants assert that they have full and complete immunity from liability for all damages sought by Plaintiffs to the extent such damages may exceed or are excluded by the insurance coverage

extended to these Defendants by the State of West Virginia.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover punitive damages from these Defendants, these Defendant assert that any such damages are precluded pursuant to West Virginia Code § 55-17-4.

## TWELFTH AFFIRMATIVE DEFENSE

These Defendants are entitled to absolute immunity from this litigation by virtue of the Eleventh Amendment to the United States Constitution and Article VI, Section 35 of the West Virginia Constitution, which prohibit suits against agents of the State of West Virginia.

## THIRTEENTH AFFIRMATIVE DEFENSE

Qualified immunity shields these Defendants from liability because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person in the position of these Defendants would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies, and, therefore, their claims are barred as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

These Defendants deny that they deprived any Plaintiff of Equal Protection under the Fourteenth Amendment to the United States Constitution, deny that they violated Section 1557 of the Patient Protection and Affordable Care Act, and deny that they violated the Medicaid Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

These Defendants deny that the Plaintiffs are entitled to any compensatory, injunctive, or declaratory relief as against them.

## SEVENTEENTH AFFIRMATIVE DEFENSE

These Defendants specifically reserve the right to plead any and all affirmative defenses not specifically raised herein that may arise during discovery or otherwise.

**WHEREFORE**, having fully answered Plaintiffs' Class Action Complaint filed herein, Defendants William Crouch, Cynthia Beane, and West Virginia Department of Health and Human Resources, Bureau for Medical Services demand that Plaintiffs' Class Action Complaint against them be dismissed, with prejudice, and that they be awarded costs expended herein and such other relief as the Court deems appropriate.

**THESE DEFENDANTS REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

> **WILLIAM CROUCH,**
> **CYNTHIA BEANE, and**
> **WEST VIRGINIA DEPARTMENT OF**
> **HEALTH AND HUMAN RESOURCES,**
> **BUREAU FOR MEDICAL SERVICES,**
> **By Counsel,**

/s/ Lou Ann S. Cyrus
Lou Ann S. Cyrus, Esquire (WVSB #6558)
Roberta F. Green, Esquire (WVSB #6598)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**CHRISTOPHER FAIN; ZACHARY**
**MARTELL;** and **BRIAN MCNEMAR,**
Individually and on behalf of all others
similarly situated,

|  |  |
|---|---|
| **Plaintiffs,** | **Civil Action No. 3:20-cv-00740**<br>**Hon. Robert C. Chambers, Judge** |

**v.**

**WILLIAM CROUCH,** in his official capacity as
Cabinet Secretary of the West Virginia
Department Of Health and Human Resources;
**CYNTHIA BEANE,** in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; **WEST VIRGINIA**
**DEPARTMENT OF HEALTH AND HUMAN**
**RESOURCES, BUREAU FOR MEDICAL**
**SERVICES; TED CHEATHAM,** in his official
Capacity as Director of the West Virginia Public
Employees Insurance Agency; and **THE**
**HEALTH PLAN OF WEST VIRGINIA, INC.**

**Defendants.**

### CERTIFICATE OF SERVICE

Now come the Defendants, William Crouch, Cynthia Beane and West Virginia Department of Health and Human Resources, by counsel, and do hereby certify that on the 11th day of January, 2021, the foregoing **"DEFENDANTS WILLIAM CROUCH, CYNTHIA BEANE, AND WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES'S ANSWER TO CLASS ACTION COMPLAINT"** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to, and constitutes service on:

Walt Auvil (WVSB#190)
The Employment Law Center, PLLC

1208 Market Street
Parkersburg, WV 26101-4323
(304) 485-3058
(304) 485-6344 (fax)
auvil@theemploymentlawcenter.com

and

Avatara Smith-Carrington, Visiting Attorney
Lambda Legal
3500 Oak Lawn Avenue, Suite 500
Dallas Texas 75219-6722
(214) 219-8585
(214) 219-4455 (fax)
asmithcarrington@lambdalegal.org

_/s/ Lou Ann S. Cyrus_ _____
Lou Ann S. Cyrus, Esquire (WVSB 6588)
Roberta F. Green, Esquire (WVSB#6598)
Caleb B. David, Esquire (WVSB#12732)
Kimberly M. Bandy, Esquire (WVSB 10081)