IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**CHRISTOPHER FAIN; ZACHARY
MARTELL;** and **BRIAN MCNEMAR,**
Individually and on behalf of all others
similarly situated,

|  |  |
|---|---|
| **Plaintiffs,** | Civil Action No. 3:20-cv-00740 |
| | Hon. Robert C. Chambers, Judge |

**v.**

**WILLIAM CROUCH,** in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
**CYNTHIA BEANE,** in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; **WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES, BUREAU FOR MEDICAL
SERVICES; TED CHEATHAM,** in his official
Capacity as Director of the West Virginia Public
Employees Insurance Agency; and **THE
HEALTH PLAN OF WEST VIRGINIA, INC.**

**Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WILLIAM CROUCH,
CYNTHIA BEANE, AND WEST VIRGINIA DEPARTMENT OF HEALTH AND
HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES'S MOTION TO
DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Now come Defendants, William Crouch, Cynthia Beane, and the West Virginia

Department of Health and Human Resources, Bureau for Medical Services ("WVDHHR"), by

counsel Lou Ann S. Cyrus, Roberta F. Green, Caleb B. David, Kimberly M. Bandy, and Shuman

McCuskey Slicer PLLC, and submit this memorandum of law in support of their request that the

Plaintiffs' Class Action Complaint be dismissed against them.[1] Defendants William Crouch, Cynthia Beane, and the WVDHHR move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for dismissal of Plaintiff Christopher Fain's claims asserted in the Complaint on the bases that: 1) he has not been denied coverage, and therefore, he lacks standing to assert his claims; and 2) they are not ripe for judicial determination. To the extent Mr. Fain is proposing to represent a class of individuals, he cannot be an adequate representative because he has not suffered the injuries alleged. Additionally, these Defendants move, pursuant to Rule 12(b)(6), that Mr. Fain has failed to exhaust administrative remedies in connection with his claims asserted in Count Two, and they should be dismissed.

## FACTUAL/PROCEDURAL BACKGROUND

Plaintiffs' Class Action Complaint was filed on November 12, 2020 in the United States District Court for the Southern District of West Virginia. Plaintiff, Christopher Fain, brings suit against William Crouch, Cynthia Beane, and the WVDHHR, claiming that he has been the subject of discrimination as a Medicaid participant on the basis of his sex and his transgender status. *Compl.*, ¶¶1, 82-87.   On behalf of himself, and on behalf of a proposed class of Medicaid participants, Plaintiff Fain seeks declaratory and injunctive relief against Defendants Crouch, Beane, and the WVDHHR. *Compl.*, Counts One, Two, Three, and Four. Mr. Fain individually seeks compensatory damages from the WVDHHR for violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. §18116. *Compl.*, Count Two. Plaintiffs Zachary Martell and Brian McNemar assert discrimination claims against Defendants, Ted Cheatham and

---

[1] These Defendants previously moved for partial dismissal of Plaintiffs' Complaint. (ECF Nos. 23, 25). The arguments raised in this motion are in addition to those previously asserted, which these Defendants incorporate by reference.

The Health Plan of West Virginia, Inc., related to health insurance for State employees and their dependents. *Compl.*, Counts One and Two.  The claims of Martell and McNemar (and the related proposed state employee class or subclass) are not directed at Defendants Crouch, Beane, or the WVDHHR.

Mr. Fain alleges he was diagnosed with gender dysphoria in or around December 2018. *Compl.*, ¶75.  He alleges he receives coverage through the MCO UniCare Health Plan of West Virginia, Inc. *Compl.*, ¶80. Mr. Fain's claims against Crouch, Beane, and the WVDHHR are based upon the alleged denial of coverage by West Virginia Medicaid for hormone therapy and for a bilateral mastectomy.

First, Mr. Fain alleges he was denied coverage for hormone therapy. Mr. Fain alleges that, in or around February 2019, his mental health provider recommended he begin hormone therapy, and he began such care on or around March 2019. *Compl.*, ¶81. He alleges that, in or around June 2019, he was informed by his pharmacist that his current MCO plan would not cover hormone care to treat gender dysphoria. *Compl.*, ¶82. Mr. Fain alleges that, in or around June 2019, he began purchasing needles and related supplies out-of-pocket through an online private vendor and purchasing hormones out-of-pocket through his pharmacy and that he continues to do so. *Compl.*, ¶¶83-84.

Contrary to Mr. Fain's assertions, he has not been denied coverage for hormone therapy by Medicaid. As set forth in the Affidavit of Angela Wowczuk, Doctor of Pharmacy, BCPS, AAHIVE, the West Virginia Bureau of Medical Services ("WVBMS") contracts with The Rational Drug Therapy Program to provide prior authorization and consultative services for its Medicaid pharmaceuticals program. *Affidavit of Angela Wowczuk*, Exhibit A to the Motion to Dismiss, ¶2. The Rational Drug Therapy Program is part of West Virginia University School of Pharmacy's

Department of Pharmaceutical Systems and Policy. *Wowczuk Affidavit*, ¶2. Ms. Wowczuk currently serves as Director of the Rational Drug Therapy Program and has reviewed the Prior Authorization history for Christopher Fain. *Wowczuk Affidavit*, ¶¶1, 3. Her review reveals that Mr. Fain had an approval for testosterone from March 8, 2019 to February 20, 2020. *Wowczuk Affidavit*, ¶3.

The Rational Drug Therapy Program received a Prior Authorization request for testosterone for Mr. Fain by fax on May 12, 2020. *Wowczuk Affidavit*, ¶4. The Prior Authorization request was for a non-standard dosing regimen, so more information was needed from the provider for a decision. *Wowczuk Affidavit*, ¶4. The Rational Drug Therapy Program sent a fax back to the provider that same day, seeking clarification because the patient had been on weekly dosing, and the new request sought dosing every 5 days. *Wowczuk Affidavit*, ¶4, and see General Drug Prior Authorization Form, attached as Exhibit 1 to *Wowczuk Affidavit*. The Prior Authorizations are drug and dose specific. *Wowczuk Affidavit*, ¶4.

The Rational Drug Therapy Program did not receive information back from the provider in response to the request to clarify the change in dosing. *Wowczuk Affidavit*, ¶5. Therefore, the Prior Authorization for testosterone did not go beyond a "pending" status. *Wowczuk Affidavit*, ¶5. The Prior Authorization request for testosterone for Mr. Fain that was sent to The Rational Drug Therapy Program by fax on May 12, 2020 has not been denied. *Wowczuk Affidavit*, ¶6.  It has neither been denied nor approved because additional information requested from the provider regarding dosing was not received. *Wowczuk Affidavit*, ¶6.

Moreover, in providing prior authorization services for the West Virginia Bureau of Medical Services's Medicaid pharmaceuticals program, the Rational Drug Therapy Program does not have a policy of denying testosterone for treatment of gender dysphoria. *Wowczuk Affidavit*,

¶7. Indeed, the patient history for Christopher Fain indicates that testosterone was approved for quite some time. *Wowczuk Affidavit*, ¶7. It was only the dose change that required additional information for Prior Authorization, which was not received from the provider. *Wowczuk Affidavit*, ¶7.

Brian Thompson, M.S., PharmD, currently serves as Director of Pharmacy Services in the Office of Pharmacy Services, WVBMS. *Affidavit of Brian Thompson*, Exhibit B to the Motion to Dismiss, ¶1. As set forth in his Affidavit, Mr. Thompson has reviewed the patient history for Christopher Fain as it relates to the prior authorization request for testosterone faxed on May 12, 2020 to the Rational Drug Therapy Program. *Thompson Affidavit*, ¶2. Mr. Thompson has confirmed that neither the Rational Drug Therapy Program nor WVBMS actively denied coverage of testosterone for Mr. Fain. *Thompson Affidavit*, ¶4. The request was placed on "pending" status, and clarification was requested from the provider regarding dosing. *Thompson Affidavit*, ¶4.

Further, the Medicaid pharmaceuticals program does not have a policy of denying testosterone for treatment of gender dysphoria. *Thompson Affidavit*, ¶3. In fact, Mr. Fain could have contacted WVBMS directly at any time to determine the coverage status of his medication. *Thompson Affidavit*, ¶5. WVBMS did not receive an Appeal from Mr. Fain or from anyone on his behalf regarding testosterone to be administered every 5 days for gender dysphoria. *Thompson Affidavit*, ¶5. Because Mr. Fain has not been denied coverage for hormone therapy, his claims based upon this assertion are, therefore, not ripe for review by this Court.

Second, Mr. Fain alleges that he requires a bilateral mastectomy as medically necessary care to treat his gender dysphoria and eliminate the need for the ongoing use of a binder. *Compl.*, ¶87. He alleges that "the blanket exclusion in the Medicaid Plan bars him from receiving this medically necessary care." *Compl.*, ¶87. However, Mr. Fain does not allege that he has made any

request that such procedure be covered by Medicaid. The attached Affidavit of Unicare Health Plan of West Virginia, Inc., confirms that Unicare has not received any requests or inquiries regarding gender confirming services for Mr. Fain. *Affidavit of Unicare Health Plan of West Virginia, Inc.*, Exhibit C to the Motion to Dismiss. Necessarily, therefore, Defendants Crouch, Beane, and the WVDHHR have not denied coverage to Mr. Fain, and his claims based upon the alleged denial of coverage for a bilateral mastectomy are, therefore, not ripe for review by this Court.

## STANDARD OF REVIEW

Standing and ripeness are questions of subject matter jurisdiction. *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019), *citing Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013) (citation omitted). The court may dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3), F.R.C.P.

"On a motion to dismiss for lack of jurisdiction, the Court is not constrained to consider only the allegations of the complaint, but may consider materials outside the pleadings." *Kansas City Life Ins. Co. v. Citicorp Acceptance Co.*, 721 F. Supp. 106, 107 (S.D. W.Va. 1989), *citing Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "Such materials may be considered without converting a Rule 12(b)(1) motion to a motion for summary judgment." *Id., citing Adams v. Bain*, 697 F.2d at 1219; *citing Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975). Concerning questions of jurisdiction, the Court may weigh the evidence and determine facts. *Id.* The burden of establishing jurisdiction is on the Plaintiff. *Id.*

Additionally, these Defendants move, pursuant to Rule 12(b)(6), that Mr. Fain has failed to exhaust administrative remedies in connection with his claims asserted in Count Two, and they should be dismissed. The court may dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. While no specific form of pleading is required, the Plaintiffs must set forth sufficient factual allegations in the Complaint that, if true, would constitute a legal cause of action.  For purposes of a motion to dismiss under Rule 12(b)(6), Courts must consider the Complaint's factual allegations as true, but need not do so with respect to mere conclusory legal allegations, which need not be given such consideration. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

I.   **DEFENDANTS CROUCH, BEANE, AND THE WVDHHR ARE ENTITLED TO DISMISSAL OF PLAINTIFF CHRISTOPHER FAIN'S CLAIMS BECAUSE MR. FAIN HAS NOT BEEN DENIED COVERAGE BY MEDICAID, AND HE LACKS STANDING TO ASSERT HIS SPECULATIVE CLAIMS.**

Mr. Fain's claims against Defendants Crouch, Beane, and the WVDHHR are based upon alleged denial of coverage for hormone therapy and for a bilateral mastectomy. However, as set forth above, Medicaid has not denied coverage to Mr. Fain for these treatments, and therefore, he lacks standing to assert his claims.

Standing implicates "the Constitution's limitation on Article III courts' power to adjudicate 'cases and controversies.'" *South Carolina v. United States*, 912 F.3d 720, 726 (4th Cir. 2019), *quoting Frank Krasner Enters. v. Montgomery Cty.*, 401 F.3d 230, 234 (4th Cir. 2005) (*quoting Allen v. Wright*, 468 U.S. 737, 750-51, 104 S. Ct. 3315, 82 L. Ed. 2d 556

7

(1984), *abrogated on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014)). In order to establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*, quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000).

Plaintiff must establish a "realistic danger of sustaining a direct injury." *Id.*, *quoting Peterson v. Nat'l Telcoms. & Info. Admin.*, 478 F.3d 626, 632 (4th Cir. 2007) (additional citation omitted). Threatened injury can satisfy standing requirements, but not all threatened injuries will suffice. *Id.*, *citing Beck v. McDonald*, 848 F.3d 262, 271 (4th Cir. 2017) (additional citation omitted). To satisfy standing requirements, an injury-in-fact "must be concrete in both a qualitative and temporal sense." *Id.*, quoting *Beck v. McDonald*, 848 F.3d at 271 (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990)). Alleged injury must be "palpable and imminent," otherwise, it is too speculative. *Id., citing Beck v. McDonald*, 848 F.3d at 271 (additional citation omitted). If the alleged harm lies at the end of an "attenuated chain of possibilities," it is too speculative. *Id.*, *citing Beck*, 848 F.3d at 275 (holding that plaintiffs, who received treatment at a medical center that suffered a data breach and alleged that they were at risk of experiencing identity theft, failed to establish standing because their theory of injury rested on an "attenuated chain of possibilities"); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013) ("highly attenuated chain of possibilities" regarding surveillance of communications).

Mr. Fain has failed to show he has suffered an injury-in-fact sufficient to give rise to standing. As set forth in the Affidavit of Angela Wowczuk, Mr. Fain had an approval for testosterone from March 8, 2019 to February 20, 2020. *Wowczuk Affidavit*, ¶3. It was only when the Rational Drug Therapy Program received a prior authorization request for a non-standard dosing that more information was needed to process the request.

The Rational Drug Therapy Program received a Prior Authorization request for testosterone for Mr. Fain by fax on May 12, 2020. *Wowczuk Affidavit*, ¶4. The Prior Authorization request was for a non-standard dosing regimen, so more information was needed from the provider for a decision. *Wowczuk Affidavit*, ¶4. The Rational Drug Therapy Program sent a fax back to the provider that same day, seeking clarification because the patient had been on weekly dosing, and the new request sought dosing every 5 days. *Wowczuk Affidavit*, ¶4, and see General Drug Prior Authorization Form, attached as Exhibit 1 to *Wowczuk Affidavit*. The Rational Drug Therapy Program did not receive information back from the provider in response to the request to clarify the change in dosing. *Wowczuk Affidavit*, ¶5. Therefore, the Prior Authorization for testosterone did not go beyond a "pending" status. *Wowczuk Affidavit*, ¶5.

Mr. Fain is equating this procedural request for clarification with a denial of coverage. However, before coverage is denied, a series of hypothetical events would need to take place. Mr. Fain's provider would need to provide additional information to the Rational Drug Therapy Program, and then a decision would need to be made regarding the prior authorization request. It is entirely too speculative for Mr. Fain to conclude that a denial is "palpable and imminent," particularly where Mr. Fain's testosterone had been approved from March 8, 2019 to February 20, 2020. *Wowczuk Affidavit*, ¶3. The reasons for the change in dosing have not been provided, so it is "highly attenuated" for Mr. Fain to conclude that the request is likely to be denied. Regarding

the bilateral mastectomy, Mr. Fain has not even alleged that he has requested coverage for any such procedure, and therefore, a denial is merely hypothetical and contingent on a series of events that Mr. Fain has not yet set in motion. Mr. Fain has failed to establish an injury-in-fact sufficient to give him Article III standing, and his claims should be dismissed for lack of subject matter jurisdiction.

**II.    DEFENDANTS CROUCH, BEANE, AND THE WVDHHR ARE ENTITLED TO DISMISSAL OF PLAINTIFF CHRISTOPHER FAIN'S CLAIMS BECAUSE MR. FAIN HAS NOT BEEN DENIED COVERAGE BY MEDICAID, AND HIS SPECULATIVE CLAIMS ARE NOT RIPE FOR REVIEW.**

Similar to the standing argument, Mr. Fain's claims against Defendants Crouch, Beane, and the WVDHHR are not ripe for review and should be dismissed as a result.

Ripeness is a question of "fitness of the issues for judicial decision" and the "hardship to the parties of withholding court consideration." *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019), *quoting Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201, 103 S. Ct. 1713, 75 L. Ed. 2d 752 (1983) (citation omitted). "In the context of claims challenging agency actions . . . the purpose of the ripeness doctrine is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Id.*, *quoting Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). Controversies are fit for judicial review when they are "final and not dependent on future uncertainties or intervening agency rulings." *Id.*, *quoting Franks v. Ross*, 313 F.3d 184, 195 (4th Cir. 2002) (citation omitted). A claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.*,

*quoting Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 270 (4th Cir. 2013) (*quoting*

*Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998)).

Mr. Fain's claims are not ripe because they rely upon hypothetical agency decisions that have not been made. The theory of liability asserted by Mr. Fain is that he was denied coverage for hormone therapy and for bilateral mastectomy. However, Mr. Fain has not been denied coverage for either. Mr. Fain had an approval for testosterone from March 8, 2019 to February 20, 2020. *Wowczuk Affidavit*, ¶3. The Rational Drug Therapy Program received a Prior Authorization request for testosterone for Mr. Fain by fax on May 12, 2020. *Wowczuk Affidavit*, ¶4. The Prior Authorization request was for a non-standard dosing regimen, so more information was needed from the provider for a decision. *Wowczuk Affidavit*, ¶4. The Rational Drug Therapy Program sent a fax back to the provider that same day, seeking clarification because the patient had been on weekly dosing, and the new request sought dosing every 5 days. *Wowczuk Affidavit*, ¶4, and see General Drug Prior Authorization Form, attached as Exhibit 1 to *Wowczuk Affidavit*. The Rational Drug Therapy Program did not receive information back from the provider in response to the request to clarify the change in dosing. *Wowczuk Affidavit*, ¶5. Therefore, the Prior Authorization for testosterone did not go beyond a "pending" status. *Wowczuk Affidavit*, ¶5.

It would be premature for this court to adjudicate claims based upon speculative, hypothetical decisions. Mr. Fain cannot assert that his treatment has been denied, much less that it was denied due to his status as transgender or due to a diagnosis of gender dysphoria. Such claims are contingent on future agency actions that are uncertain and may never occur as anticipated or alleged by Mr. Fain. Because a decision has not been made by the agency, it is simply too uncertain for this court to undertake judicial review of actions that have not occurred. Thus, Mr. Fain's claims are not ripe for judicial review and should be dismissed on that basis.

11

### III. PLAINTIFF CHRISTOPHER FAIN CANNOT ADEQUATELY REPRESENT A CLASS OF INDIVIDUALS ALLEGING DENIAL OF MEDICAID COVERAGE BECAUSE MR. FAIN HAS NOT SUFFERED THE INJURY ALLEGED ON BEHALF OF THE PROPOSED CLASS.

Class action claims constitute a deviation from the general rule that litigation must be conducted by and on behalf of the individual named parties only. *Wal-Mart Stores, Inc., v. Dukes,* 564 U.S. 338, 349 (2011), *quoting Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979). That deviation is justified only to the extent the class representatives possess *inter alia* the same interests and suffer the same injury as the proposed class members. *Dukes,* 564 U.S. at 349, *quoting East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977) (*quoting Schlessinger v. Reservists Comm. To Stop the War,* 418 U.S. 208 (1974)). The Supreme Court of the United States has found that class form is appropriate only where economical to combine the claims and that the determination as to whether it is economical is a practical one – when a common injury can be addressed and resolved by a class litigation without doing damage to either, it makes sense to do so as a class action.

Plaintiffs have proposed a Medicaid class, defined as "All transgender people who are or will be enrolled in West Virginia Medicaid and who are seeking or will seek gender-confirming care barred by the Exclusions." *Compl.*, ¶108. However, Mr. Fain cannot possibly adequately represent a class of people alleging care "barred" by "Exclusions" when Mr. Fain himself has not been denied coverage for gender-confirming care. For this additional reason, Defendants Crouch, Beane, and the WVDHHR request dismissal as a matter of law of the class claims herein as necessary and proper at this time.

## IV. PLAINTIFF CHRISTOPHER FAIN HAS NOT EXHAUSTED ADMINISTRATIVE REMEDIES IN CONNECTION WITH HIS CLAIM ASSERTED IN COUNT TWO OF THE COMPLAINT FOR VIOLATION OF SECTION1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT.

The Medicaid Act includes an administrative fair hearing process for any individuals whose claims for assistance are denied or not acted upon promptly. 42 U.S.C. § 1396a(a)(3); 42 C.F.R. §§ 431.205. Plaintiff also has administrative remedies available to him under the ACA for a denied claim. Mr. Fain has not alleged that he has pursued any of these available remedies, or that the available remedies have been exhausted. "A federal district court may dismiss [Plaintiff's Affordable Care Act] complaint for failure to exhaust administrative remedies and procedural requirements." *Papa v. Diamandi*, 2020 U.S. Dist. LEXIS 25812, *6 (E.D. Pa 2020) (unpublished) (*citing Rannels v. Hargrove*, 731 F. Supp. 1214 (E.D. Pa. 1990)). Count Two of the Complaint must be dismissed as against Defendants Crouch, Beane, and the WVDHHR because Plaintiff Fain failed to allege that he exhausted his administrative remedies.

### CONCLUSION

Plaintiff Christopher Fain's claims lack standing and are not ripe for judicial review because Mr. Fain has not been denied coverage for gender-confirming care. His claims should, therefore, be dismissed for lack of subject matter jurisdiction. Additionally, Plaintiff's request for class certification should be denied because Mr. Fain cannot adequately represent the proposed class. Finally, Mr. Fain has not alleged that he has exhausted administrative remedies available to him, and therefore, his claim asserted in Count Two of the Complaint for violation of Section 1557 of the ACA should be dismissed for failure to state a claim upon which relief can be granted.

Wherefore, these Defendants request that their Motion to Dismiss Plaintiffs' Class Action Complaint be granted, and for such other and further relief as the court may direct.

**WILLIAM CROUCH,**
**CYNTHIA BEANE, and**
**WEST VIRGINIA DEPARTMENT OF**
**HEALTH AND HUMAN RESOURCES,**
**BUREAU FOR MEDICAL SERVICES,**

**By counsel**

*/s/ Lou Ann S. Cyrus*

Lou Ann S. Cyrus, Esquire (WVSB #6558)
Roberta F. Green, Esquire (WVSB #6598)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**CHRISTOPHER FAIN; ZACHARY**
**MARTELL;** and **BRIAN MCNEMAR,**
Individually and on behalf of all others
similarly situated,

               **Plaintiffs,**

                                            **Civil Action No. 3:20-cv-00740**
                                            **Hon. Robert C. Chambers, Judge**

**v.**

**WILLIAM CROUCH,** in his official capacity as
Cabinet Secretary of the West Virginia
Department Of Health and Human Resources;
**CYNTHIA BEANE,** in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; **WEST VIRGINIA**
**DEPARTMENT OF HEALTH AND HUMAN**
**RESOURCES, BUREAU FOR MEDICAL**
**SERVICES; TED CHEATHAM,** in his official
Capacity as Director of the West Virginia Public
Employees Insurance Agency; and **THE**
**HEALTH PLAN OF WEST VIRGINIA, INC.**

               **Defendants.**

## CERTIFICATE OF SERVICE

Now come Defendants, William Crouch, Cynthia Beane and West Virginia Department of

Health and Human Resources, by counsel, and do hereby certify that on the 2nd day of February,

2021, the foregoing **"MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**

**WILLIAM CROUCH, CYNTHIA BEANE, AND WEST VIRGINIA DEPARTMENT OF**

**HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES'S**

**MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT"** was electronically

filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic

Filing to, and constitutes service on:

Walt Auvil (WVSB#190)
***Counsel for Plaintiffs***
The Employment Law Center, PLLC
1208 Market Street
Parkersburg, WV 26101-4323
(304) 485-3058
(304) 485-6344 (fax)
auvil@theemploymentlawcenter.com

Avatara Smith-Carrington, Visiting Attorney
***Counsel for Plaintiffs***
Lambda Legal
3500 Oak Lawn Avenue, Suite 500
Dallas Texas 75219-6722
(214) 219-8585
(214) 219-4455 (fax)
asmithcarrington@lambdalegal.org

Perry W. Oxley (WVSB#7211)
David E. Rich (WVSB#9141)
Eric D. Salyers (WVSB#13042)
Christopher K. Weed (WVSB#13868)
Oxley Rich Sammons, PLLC
***Counsel for Ted Cheatham***
517 9th Street, P.O. Box 1704
Huntington, WV 25718-1704
(304) 522-1138
(304) 522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
cweed@oxleylawwv.com

Stuart A. McMillan (WVSB#6352)
***Counsel for The Health Plan of West Virginia, Inc.***
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV 25301
(304) 347-1110
(304) 347-1746 (fax)
smcmillan@bowlesrice.com

Aaron C. Boone (WVSB#9479)
***Counsel for The Health Plan of West Virginia, Inc.***
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, P.O. Box 49
Parkersburg, WV  26102
(304) 420-5501
(304) 420-5587 (fax)
aboone@bowlesrice.com

/s/ *Lou Ann S. Cyrus*
Lou Ann S. Cyrus, Esquire (WVSB #6558)
Roberta F. Green, Esquire (WVSB #6598)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
***Counsel for William Crouch, Cynthia Beane, and***
***West Virginia Department of Health and Human***
***Resources, Bureau for Medical Services***
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com