IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**CHRISTOPHER FAIN; ZACHARY MARTELL; and BRIAN MCNEMAR,**
individually and on behalf of all others similarly situated,

                **Plaintiffs,**

vs.

**WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; CYNTHIA BEANE, in her official capacity as Commissioner for the West Virginia Bureau for Medical Services; WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES; TED CHEATHAM, in his official capacity as Director of the West Virginia Public Employees Insurance Agency; and THE HEALTH PLAN OF WEST VIRGINIA, INC.,**

                **Defendants.**

Case No.: 3:20-cv-00740
Judge Robert C. Chambers

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT TED CHEATHAM'S MOTION TO DISMISS THE COMPLAINT**

### I.     INTRODUCTION

Defendant Ted Cheatham, in his official capacity as Director of the West Virginia Public Employees Insurance Agency ("this Defendant"), by and through counsel, Perry W. Oxley, David E. Rich, Eric D. Salyers, Christopher K. Weed, and the law firm of Oxley Rich Sammons, PLLC, hereby submits this Reply to Plaintiffs' Opposition to Defendant Ted Cheatham's Motion to Dismiss the Complaint. By Order of this Court, Count II against this Defendant was dismissed with prejudice. See ECF 41. Thus, Plaintiffs only count against this Defendant is for an alleged

violation of the Fourteenth Amendment to the U.S. Constitution. In support of his Reply, the Defendant states the following:

## II.   ARGUMENT

**A. Plaintiff improperly attempts to apply a 12(b)(6) standard to Defendant's argument regarding subject matter jurisdiction that was properly brought pursuant to 12(b)(1) of the Federal Rules of Civil Procedure.**

Defendant has challenged that the allegations in the Complaint are not true. The Fourth Circuit has noted "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint…" *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Indeed, this Court has recognized that a "factual attack" on subject matter jurisdiction follows a different "track" than a "facial attack." *Hurley v. Messer*, No. CV 3:16-9949, 2018 WL 4854082, at 2 (S.D.W. Va. Oct. 4, 2018).

When this type of challenge is asserted, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In judging this evidentiary attack, the trial court necessarily assumes a different role than in a proceeding to resolve a 12(b)(1) motion based on contentions that the complaint was jurisdictionally deficient on its face." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Importantly, under this type of factual attack, "[t]he *burden* of proving subject matter jurisdiction on a motion to dismiss is on the *plaintiff*." *Id*. (emphasis added).

Here, Plaintiffs assumed that Defendant challenged the Complaint in a facial manner. As a result, Plaintiffs assert that their required showing at the pleading stage is "relatively modest," and approach Defendant's challenge to subject matter jurisdiction from a 12(b)(6) perspective. *See*

ECF 40, pg. 5-6. However, that is not the correct standard. Under the applicable 12(b)(1) standard, the Plaintiffs "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists" with respect to subject matter jurisdiction. *Richmond*, 945 F.2d at 768. The Plaintiffs have failed to meet this standard.

Defendant cited to regulations that explicitly state that PEIA and Defendant Health Plan are *not* one and the same. The regulations dealing with PEIA make clear, "the managed care plans are non-governmental entities wholly separate and distinct from the PEIA..." *See* W. Va. Code R. 151-1 Attachment A at pg. 143. Furthermore, Defendant presented the HMO Managed Care Agreement between the PEIA and Defendant Health Plan that demonstrates explicitly that "[t]he responsibility for determining and providing appropriate health care services in a competent manner to enrollees shall remain with the HMO and the enrollees; treating physicians and other health care professionals and facilities, not PEIA." *See* ECF 22-1, pg. 5-6, ¶ 24.

Because Plaintiffs refused to rebut the jurisdictional challenge from the heightened 12(b)(1) standard and failed to "set forth specific facts beyond the pleadings…" that demonstrate they are entitled to relief, Plaintiffs' remaining claim against Defendant Cheatham should be dismissed. *Richmond*, 945 F.2d at 768.

**B. Plaintiffs alleged injuries are not fairly traceable to this Defendant.**

The Fourth Circuit has held that a "fundamental tenet" of standing is that "where a *third party* such as a private school or hospital *makes the independent decision that causes an injury*, that injury *is not* fairly traceable to the government." *Doe v. Obama*, 631 F.3d 157, 162 (4th Cir. 2011) (emphasis added). The Supreme Court of the United States has also stated that an injury that "results from the independent action of some third party…," cannot be fairly traced to a government entity. *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 42 (1976).

Defendant Health Plan determines what healthcare services are appropriate for Plaintiffs McNemar and Martell—not Defendant Cheatham. In fact, Defendant Cheatham does not act at all when a Defendant Health Plan policyholder requests coverage, as Cheatham is not an employee or agent of that entity. Defendant Cheatham may very well play an important role in the day-to-day activities of the PEIA, but he plays no role at all in the direct operations of Defendant Health Plan. Not only did Defendant Cheatham not draft the exclusion that Plaintiffs detest, he did nothing to ensure that the exclusion was enforced against the Plaintiffs. Thus, the independent acts of Defendant Health Plan, a "wholly separate" entity, are the true intervening causes of Plaintiffs' alleged injuries and cannot be traced back to Defendant Cheatham. *See* W. Va. Code R. 151-1 Attachment A at pg. 143.

Plaintiffs argue that Defendant Health Plan's policies were "secured" by Defendant Cheatham, and that the selection of those policies was a discriminatory act. However, in the Complaint, the Plaintiffs only allege that Defendant Cheatham "approved" the policies. *See* ECF 1, ¶ 64. They did not allege that he "secured" them or "selected" them in the Complaint, they only argue this in their Response. Moreover, the Plaintiffs do not allege in the Complaint that this Defendant selected Defendant Health Plan's "discriminatory policies" over other policies that included the Plaintiffs desired coverage as an option. Likewise, the Plaintiffs do not allege an alternative acceptable policy exists that Defendant Cheatham could have accepted. In sum, the Plaintiffs cannot sufficiently tie Defendant Cheatham to Defendant Health Plan's policies, and in scrambling for a workable theory, they argue that Defendant Cheatham had a choice without even alleging the same in their Complaint. As a result, the Plaintiffs cannot show that their injuries are fairly traceable to this Defendant, and this Defendant must be dismissed.

### C. **This Defendant cannot adequately redress Plaintiffs alleged injuries.**

"By the mere bringing of his suit, every plaintiff demonstrates his belief that a favorable judgment will make him happier." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). However, Plaintiffs must show that it is *likely*, rather than merely *speculative*, that a favorable decision will redress the injury at issue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co.*, 523 U.S. at 107, (1998).

Plaintiffs' own proposed remedies fail to redress their injuries. Plaintiffs attempt to argue that Defendant Cheatham can remedy their alleged harms in three separate ways. First, Plaintiffs suggest that an injunction that prohibits Defendant Cheatham from making such a contract with private plans or carriers would solve the issue. However, this would either only apply to future plans, which does not redress Plaintiffs current alleged injuries, or would apply to the current contract with The Health Plan, which would result in Plaintiffs going without any health insurance at all until they are able to enroll in another plan they are eligible for.

Secondly, Plaintiffs assert Defendant Cheatham can prohibit the exclusions from being enforced. However, this proposal also fails because the contract between the PEIA and Defendant Health Plan prohibits the PEIA from determining appropriate healthcare services on the Health Plan's behalf. *See* ECF 22-1, pg. 5-6, ¶ 24.

Finally, Plaintiffs state that affirmatively requiring Defendant Cheatham to provide gender-confirming care will redress their harms. This ignores the fact that Plaintiffs are not enrolled under an insurance plan that PEIA has affirmative control over. Even if Plaintiffs were to draft and implement the exact language they wanted into the PEIA policies, that language would not apply to the plan they pay for or receive coverage from.

As members of Defendant Health Plan, this Defendant is not even aware of the Plaintiffs' ever requesting the procedure they seek. Moreover, any determination regarding Plaintiff Martell's hormone therapy or bilateral mastectomy would be made solely by Defendant Health Plan.[1] As a result, all the proposed avenues of relief regarding enjoining Defendant Cheatham do nothing to provide the Plaintiffs with the relief they seek, and this Defendant must be dismissed.

### III. CONCLUSION

**WHEREFORE,** for the reasons stated above, Defendant Cheatham respectfully requests that all claims against him be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because the Plaintiffs have failed to meet their burden of establishing standing.

**TED CHEATHAM, in his official capacity as Director of the West Virginia Public Employees Insurance Agency,**

**BY COUNSEL**

s/ Perry W. Oxley
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB #13042)
Christopher K. Weed (WVSB #13868)
Oxley Rich Sammons, PLLC
517 9th Street, P.O. Box 1704
Huntington, WV 25718-1704
Phone: (304) 522-1138
Fax: (304) 522-9528
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
cweed@oxleylawwv.com

---

[1] While Plaintiffs have claimed that Plaintiff Martell requires a bilateral mastectomy, the language they have used thus far does not indicate that any affirmative request for that procedure has been made by Plaintiff Martell to any of the Defendants involved in the case. Defendant Cheatham cannot redress a denial that has not yet occurred.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**CHRISTOPHER FAIN; ZACHARY MARTELL; and BRIAN MCNEMAR,**
individually and on behalf of all others similarly situated,

               **Plaintiffs,**

vs.

**WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; CYNTHIA BEANE, in her official capacity as Commissioner for the West Virginia Bureau for Medical Services; WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES; TED CHEATHAM, in his official capacity as Director of the West Virginia Public Employees Insurance Agency; and THE HEALTH PLAN OF WEST VIRGINIA, INC.,**

               **Defendants.**

               **Case No.: 3:20-cv-00740
Judge Robert C. Chambers**

## CERTIFICATE OF SERVICE

     I hereby certify that, as undersigned counsel for Defendant Ted Cheatham, in his official capacity as Director of the West Virginia Public Employees Insurance Agency, electronically filed the foregoing **"Defendant's Reply To Plaintiffs' Opposition To Defendant Ted Cheatham's Motion To Dismiss The Complaint"** on this **23rd** day of **February, 2021,** with the Clerk of the Court using the CM/ECF system, which will send notification of filing, and a copy of the same, to the following CM/ECF participants:

| | |
|---|---|
| Walt Auvil, WVSB No. 190 | Avatara Smith-Carrington, Visiting Attorney |
| THE EMPLOYMENT LAW CENTER, PLLC | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. |
| 1208 Market Street | 3500 Oak Lawn Avenue, Suite 500 |
| Parkersburg, WV 26101 | Dallas, TX 75219 |
| Phone: 304-485-3058 | Phone: 214-219-8585 |
| Facsimile: 304-485-6344 | Facsimile: 214-219-4455 |
| auvil@theemploymentlawcenter.com | asmithcarrington@lambdalegal.org |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

<div style="display: flex;">

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4600
Minneapolis, MN 55402
Phone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com
nschladt@nka.com
*Counsel for Plaintiffs*

Tara L. Borelli, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308
Phone: 470-225-5341
Facsimile: 404-897-1884
tborelli@lambdalegal.org
*Counsel for Plaintiffs*

Sasha Buchert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Phone: 202-804-6245
Facsimile: 202-429-9574
sbuchert@lambdalegal.org
*Counsel for Plaintiffs*

Nora Huppert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Phone: 213-382-7600
Facsimile: 213-351-6050
nhuppert@lambdalegal.org
*Counsel for Plaintiffs*

Lou Ann S. Cyrus, Esquire
Roberta F. Green, Esquire
Caleb B. David, Esquire
Kimberly M. Bandy, Esquire
Shuman McCuskey Slicer PLLC
Post Office Box 3953
Charleston, West Virginia 25339
(304) 345-1400
Fax: (304) 343-1826
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
*Counsel for Defendants William Crouch, Cynthia Beane and West Virginia Department of Health and Human Resources*

Stuart A. McMillan
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com

Aaron C. Boone
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia 26102
(304) 420-5501
Fax: (304) 420-5587
aboone@bowlesrice.com
*Counsel for Defendant The Health Plan of West Virginia, Inc.*

s/ Perry W. Oxley
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB #13042)
Christopher K. Weed (WVSB #13868)

</div>