**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**CHRISTOPHER FAIN; ZACHARY
MARTELL;** and **BRIAN MCNEMAR,**
Individually and on behalf of all others
similarly situated,

                **Plaintiffs,**                **Civil Action No. 3:20-cv-00740
Hon. Robert C. Chambers, Judge**

**v.**

**WILLIAM CROUCH,** in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
**CYNTHIA BEANE,** in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; **WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES, BUREAU FOR MEDICAL
SERVICES; TED CHEATHAM,** in his official
Capacity as Director of the West Virginia Public
Employees Insurance Agency; and **THE
HEALTH PLAN OF WEST VIRGINIA, INC.**

                **Defendants.**

---

**REPLY IN SUPPORT OF DEFENDANTS WILLIAM CROUCH, CYNTHIA BEANE,
AND WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,
BUREAU FOR MEDICAL SERVICES' MOTIONS TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT**

       Defendants William Crouch, Cynthia Beane, and the West Virginia Department of Health

and Human Resources, Bureau for Medical Services ("WVDHHR"), by counsel, Lou Ann S.

Cyrus, Roberta F. Green, Caleb B. David, Kimberly M. Bandy, and Shuman McCuskey Slicer

PLLC, submit their combined Reply in support of their request that Plaintiffs' Class Action

Complaint be dismissed against them. On January 11, 2021, Defendants William Crouch, Cynthia

Beane, and the WVDHHR filed their Motion for Partial Dismissal [ECF 23]. The motion sought dismissal of the claim for compensatory damages against the WVDHHR based on Eleventh Amendment immunity and argued that these claims are inappropriate for class handling given that individual issues outweigh any determinants class members would have in common. On January 13, 2021, the Court entered an Order and Notice fixing February 2, 2021, as the date by which motions under Rule 12(b) must be filed [ECF 27]. On February 2, 2021, Defendants William Crouch, Cynthia Beane, and the WVDHHR filed their Motion to Dismiss Plaintiffs' Class Action Complaint [ECF 32]. The motion raised issues related to standing and ripeness of Mr. Fain's claims, raised failure to exhaust administrative remedies in connection with Mr. Fain's ACA claim asserted in Count Two of the Complaint, and argued that the standing and ripeness issues represent reasons that Mr. Fain is not an adequate class representative for the proposed Medicaid class.

Plaintiffs filed their Combined Opposition to the Motions on March 2, 2021 (Plaintiffs' Opposition) [ECF 50]. Since the filing of Plaintiffs' Opposition, additional information has been exchanged in informal discovery in an effort to streamline the case.[1] Based upon this information, on March 18, 2021, Plaintiff Fain entered into a stipulation that he would not seek relief on any of his claims based upon any denial of hormone therapy.[2] Therefore, the arguments raised in the Motions to Dismiss need only be evaluated in terms of Plaintiff Fain's alleged denial of surgical care, as the allegations related to denial of hormone therapy have been abandoned by Mr. Fain. Defendants submit their combined Reply in the framework of the streamlined scope of claims.

---

[1] *See* Joint Motion for Extension of Deadline to File a Reply Brief, as to Stipulated Scope of Class, and for Permission to File a Surreply, ECF 53, ¶¶5-9.

[2] *See* Joint Motion for Extension of Deadline to File a Reply Brief, as to Stipulated Scope of Class, and for Permission to File a Surreply, ECF 53, ¶10.

## ANALYSIS

**I.    DEFENDANTS CROUCH, BEANE, AND THE WVDHHR ARE ENTITLED TO DISMISSAL OF PLAINTIFF CHRISTOPHER FAIN'S CLAIMS BECAUSE MR. FAIN HAS NOT BEEN DENIED COVERAGE BY MEDICAID, HE LACKS STANDING TO ASSERT HIS SPECULATIVE CLAIMS, AND HIS SPECULATIVE CLAIMS ARE NOT RIPE FOR REVIEW.**

Plaintiffs' Class Action Complaint alleges that Christopher Fain has been the subject of discrimination as a Medicaid participant on the basis of his sex and his transgender status. *Compl.*, ¶¶1, 82-87.  On behalf of himself, and on behalf of a proposed class of Medicaid participants, Plaintiff Fain seeks declaratory and injunctive relief against Defendants Crouch, Beane, and the WVDHHR. Mr. Fain individually seeks compensatory damages from the WVDHHR for violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. §18116.

In their Motion to Dismiss, Defendants Crouch, Beane, and the WVDHHR argue pursuant to Rule 12(b)(1) that Mr. Fain lacks standing and his claims lack ripeness, which are questions of subject matter jurisdiction. In Plaintiffs' Opposition, Plaintiffs criticize the moving defendants for raising this argument in a second, separate Rule 12(b) motion. As an initial matter, the Motion to Dismiss was timely filed on February 2, 2021, pursuant to the Court's Order and Notice, which expressly contemplated the possibility of further 12(b) motions being filed and fixed a date for such filing. Additionally, lack of jurisdiction of the subject matter is never waived. If lack of jurisdiction appears at any time in the case, the court must dismiss the action. *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D.W.Va. 1973). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3), F.R.C.P.

Mr. Fain alleges that he requires a bilateral mastectomy as medically necessary care to treat his gender dysphoria and eliminate the need for the ongoing use of a binder.  *Compl.*, ¶87. He alleges that "the blanket exclusion in the Medicaid Plan bars him from receiving this medically

necessary care." *Compl.*, ¶87. However, Mr. Fain does not allege that he has made any request that such procedure be covered by Medicaid. Notably, in Plaintiffs' Opposition, Mr. Fain does not dispute the information contained in the Affidavit from UniCare Health Plan of West Virginia, Inc., which demonstrates that Mr. Fain did not request any treatment related to a bilateral mastectomy. [ECF 32-3].

Plaintiffs suggest that the Affidavit from UniCare is "improper," without further explanation. However, such materials are permitted to demonstrate lack of jurisdiction. "On a motion to dismiss for lack of jurisdiction, the Court is not constrained to consider only the allegations of the complaint, but may consider materials outside the pleadings." *Kansas City Life Ins. Co. v. Citicorp Acceptance Co.*, 721 F. Supp. 106, 107 (S.D.W.Va. 1989), *citing Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The burden of establishing jurisdiction is on the Plaintiff. *Id.* Importantly, Plaintiff Fain does not dispute that he has not submitted any request to UniCare for gender-confirming care. Instead, he argues that such a request is not necessary. Thus, Mr. Fain admits that he is seeking relief based upon an alleged denial of coverage for care that he has not sought. The concept of standing obligates Plaintiff to take the reasonable step of requesting coverage before hauling Defendants into court regarding an alleged, hypothetical denial of coverage for care that has not been requested.

Plaintiff argues that he should not be required to request surgery because such request would be futile due to being subject to a blanket exclusion. However, the brief history of this case illustrates the flaw in Plaintiff's argument. Plaintiff's Complaint also alleged that hormone therapy was subject to a blanket exclusion, but presumed futility did not prevent Mr. Fain from requesting coverage for hormone therapy.[3] As it turns out, it was not futile for him to do so, because hormone

_____

[3] *See Cmplt.*, ¶82, indicating that Mr. Fain sought coverage through his MCO plan for hormone care to treat gender dysphoria.

4

therapy is not subject to a blanket exclusion. [ECF 32-1, ¶7; ECF 32-2, ¶3]. This revelation has resulted in Mr. Fain entering into a stipulation that he will not seek relief on any of his claims based on any denial of hormone therapy. (ECF 53, ¶10). This example illustrates the wisdom in requiring Plaintiffs to experience actual harm before filing suit, instead of an assumed harm.

The Supreme Court of the United States "has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126-27, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014). A basis for standing related to alleged discriminatory policies is accorded "only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct." *Id.,* at 755. In *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972), the Supreme Court held that "the plaintiff had no standing to challenge a club's racially discriminatory membership policies because he had never applied for membership." *Id.* This commonsense approach ensures that the Court is not delving into hypothetical controversies that have not materialized in any concrete way.

In order to have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *South Carolina v. United States*, 912 F.3d 720, 726 (4th Cir. 2019), *quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). Mr. Fain has failed to show he has suffered an injury-in-fact sufficient to give rise to standing because he has not requested coverage for a bilateral mastectomy.

Similar to the standing argument, Mr. Fain's claims against Defendants Crouch, Beane, and the WVDHHR are not ripe for review and should be dismissed as a result. Controversies are fit for judicial review when they are "final and not dependent on future uncertainties or intervening agency rulings." *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019), *quoting Franks v. Ross*, 313 F.3d 184, 195 (4th Cir. 2002) (citation omitted). A claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.*, *quoting Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 270 (4th Cir. 2013) (*quoting Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998)).

Mr. Fain's claims similarly are not ripe because they rely upon a hypothetical future request for coverage for a bilateral mastectomy, and upon hypothetical agency decisions that have not been made. Thus, Mr. Fain's claims are not ripe for judicial review and should be dismissed.

## II.   DEFENDANTS RENEW THEIR MOTION TO DISMISS PLAINTIFFS' INDIVIDUALIZED, FACT-INTENSIVE CLASS ALLEGATIONS BECAUSE THEY REQUIRE PARTICULAR PROOF OF INDIVIDUALIZED HARM TO EACH ALLEGED CLASS MEMBER.

To clarify preliminarily, Plaintiffs' Opposition fails to address key portions of Defendants' Motion, stops far short of identifying legal authority that would preclude dismissal of class claims at this time, and fails to acknowledge, distinguish or adequately address the complexities of Plaintiff Fain's case (let alone any 'class' issues), which complexities demonstrate precisely why it is evident even now that class certification is inappropriate. For all the reasons in Defendants' Motion for Partial Dismissal and Motion to Dismiss, and those in Plaintiffs' Opposition, the class claims should be resolved now as a matter of law.

Plaintiffs' Opposition spends considerable energy on their position that "[t]he proper time to make determinations about the proposed classes is upon a motion for class certification."[4]

---

[4] Plaintiffs' Opposition at 14ff.

Despite the issues identified with Plaintiff Fain's individual claim and the oddities of the particularized (voluminous, individualized) pleading that continues even now, Plaintiffs' admonitions to the Court that class allegations should not be addressed at the pleading stage ring hollow. While more usually class deficiencies may be addressed at certification, delaying the determination does not guarantee that certification will occur. Indeed, Plaintiffs rely upon the District Court's decision in *Post v. AmerisourceBergen Corp.,* No. 1:19-CV-73, 2020 WL 8385621, at *5 (N.D.W.Va. Oct. 30, 2020), without providing more of the history of that claim. The *Amerisource* decisions arise from and expressly cite the pre-civil-suit indictment and conviction of a healthcare provider in Morgantown, WV, on *inter alia* 21 counts of distributing controlled substances outside the bounds of professional medical practice for extensively and allegedly improperly prescribing intravenous immunoglobin (IVIG) treatments. In the civil suit that followed, the plaintiffs went through 12(b)(6) motions practice, two amended complaints and, finally, court-ordered meetings – all where the factual predicates had been predetermined through the criminal process.[5]

Further, it is within this Court's 'broad discretion' whether to proceed now on the class issue or to delay until certification. *Miller v. Baltimore Gas & Elec. Co.,* 202 F.R.D. 195, 198 (2001). Indeed, in *Letart v. Union Carbide Corp.* (cited by Plaintiffs[6]), and its companion *Sommerville v. Union Carbide*, Civil Action No. 2:19-cv-878, 2020 U.S. Dist. LEXIS 97546 (S.D.W.Va. June 3, 2020), the District Court, Honorable Joseph Goodwin, Judge, found that

> "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S.

---

[5] *Post v. AmerisourceBergen Corp.*, Civil Action No. 1:19-cv-73, 2020 U.S. Dist. LEXIS 202492 (N.D.W.Va. Oct. 30, 2020); *Post v. AmerisourceBergen Corp.*, Civil Action No. 1:19-cv-73, 2020 U.S. Dist. LEXIS 203649 (N.D.W.Va. Nov. 2, 2020).

[6] Plaintiffs' Opposition at 15.

at 160. Accordingly, a motion to strike a complaint's class allegations should be granted when "it is clear from the face of the complaint that the plaintiff cannot and could not meet [Fed. R. Civ. P.] 23's requirements for certification because the plaintiff has failed to properly allege facts sufficient to make out a class or could establish no facts to make out a class." *Williams v. Potomac Family Dining Grp. Operating Co.*, No. GJH-19-1780, 2019 U.S. Dist. LEXIS 181604, 2019 WL 5309628, at *5 (D. Md. Oct. 21, 2019) (internal citations and quotation marks omitted) (emphasis added).[7]

Further, Plaintiffs join Defendants in relying upon *Rhodes v. E.I. DuPont de Nemours & Co.* but fail to disclose that *Rhodes* ended in class certification being denied because the "the plaintiffs … failed to show that the class is ascertainable or that the class itself is cohesive. Instead, [the Court found] that the plaintiffs' claims require too much of an individualized inquiry to qualify for class-wide treatment."[8]

Plaintiffs have not refuted Defendants' assertion that class action claims constitute a deviation from the general rule that litigation must be conducted by and on behalf of the individual named parties only.[9] That deviation is justified only to the extent the class representatives possess *inter alia* the same interests and suffer the same injury as the proposed class members.[10] Once again, the Supreme Court of the United States has found that class form is appropriate only where economical to combine the claims and that the determination as to whether it is economical is a practical one—when  a common injury can be addressed and resolved by a class litigation without doing damage to either, it makes sense to do so as a class action. Here, however, the economies of

---

[7] *Letart*, Civil Action No. 2:19-cv-877, 2020 U.S. Dist. LEXIS 97542, *6 (S.D.W.Va. June 3, 2020); *Sommerville v. Union Carbide*, Civil Action No. 2:19-cv-878, 2020 U.S. Dist. LEXIS 97546, *6 (S.D.W.Va. June 3, 2020).

[8] 253 F.R.D. 365, 381 (2008). *See also Ball v. Union Carbide,* 385 F.3d 713 (6th Cir. 2004), converting a 12(b)(6) motion into a Rule 56 motion and denying class certification on the basis that the claims do not raise a common medical component.

[9] *Wal-Mart Stores, Inc., v. Dukes,* 564 U.S. 338, 349 (2011)(quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979)).

[10] *Dukes,* 564 U.S. at 349 (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977) (quoting *Schlessinger v. Reservists Comm. To Stop the War,* 418 U.S. 208 (1974))).

the class form are unavailable, as it is even more evident now that particularized discovery would be necessary in order to determine the individualized facts relative to Defendants' duty to each class member, the underlying facts of the breach of that duty as experienced by each class member, and any causation between that breach and each particular class member's alleged damages, such that the class structure would be counterproductive, uneconomical, and contraindicated, as follows.[11]

Since filing their challenge to the class claims, Defendants have adduced information that demonstrates precisely the impropriety of allowing Plaintiffs to proceed on this path. Plaintiff Fain does not dispute nor deny that he has never sought surgical intervention and that, as a result, his claim challenges alleged categorical denials that he has never received for a service he never sought.[12] And Plaintiff does not address or refute that the Complaint dedicates nearly one-quarter of its content to nothing more than Plaintiffs' particularized claims: twenty paragraphs to particularizing *inter alia* Plaintiff Fain's medical need, presenting history, status of gender transition, and relationships with friends/family. Compl. at ¶¶ 68-87. The Complaint also dedicates eighteen paragraphs to particularizing *inter alia* Plaintiffs Martell's and McNemar's allegations of domestic situation, employment benefits, medical need, and claim denial history. Compl. at ¶¶ 88-105.  Indeed, Plaintiff's Opposition dedicates an additional three pages to particularizing yet anew the personal, emotional and medical background of Plaintiff Fain's claims, further isolating his claim from any putative class and yet again distancing the likelihood of meaningful class litigation.[13] Emblematic in this deep and developing personalization of the claims to Plaintiff Fain's history is that, as Defendants argued previously, a class action to determine the scope of

---

[11] *Cyrus ex rel. McSweeney v. Walker,* 233 F.R.D. 467, 470 (S.D.W.Va. 2005), relying upon *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n.13 (1982).
[12] Plaintiffs' Opposition at 26.
[13] Plaintiffs' Opposition at 3ff.

Medicaid regulations in any number of specific factual health situations and claims histories undercuts any economies inherent in the Rule 23 process and is substantively improper for class treatment. Plaintiff Fain was selected as the Named Plaintiff based presumptively on the expected commonality of his claim and presumably after extensive and careful vetting of his history and status. Yet through the 12(b) process alone, Mr. Fain has faced extensive challenge to his understanding and representation of events. It is naïve to believe that any self-selected class of putative plaintiffs will require any less rigorous review and assessment of their presentations, diagnoses, prescriptive and other histories. In a nutshell, where Defendants' affirmative defenses rely upon "facts peculiar to each plaintiff's case, class certification is erroneous." [14]

> "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate…. Moreover, when individual rather than common issues predominate, the economy and efficiency of class action treatment are lost and the need for judicial supervision and the risk of confusion are magnified."[15]

"A class action is maintainable under Rule 23(b)(2) when 'the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.'" *Barnes v. American Tobacco,* 161 F.3d 127, 142 (3d Cir. 1998).  Yet here, where surgeries may or may not be indicated for a variety of reasons, it is simplistic to allege that Defendants acted in each instance or refused to act in each instance on grounds generally applicable to the class.

---

[14] *Broussard v. Meineke Disc. Muffler Shops,* 155 F.3d 331, 333 (4tth Cir. 1998) (quoting *In re Northern Dist. Of Cal. Dalkon Shield IUD Prods. Liab. Litig.,* 693 F.2d 847, 853 (9th Cir. 1982)).

[15] *See also Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1189 (2001) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1778 at 535-39 (2d ed. 1986)) (footnotes omitted), also providing that "The most obvious alternative to a class action is to remit the class members to the institution of individual actions. The 1966 amendments to the civil rules, which expanded their already liberal joinder policy and significantly enlarged the right to intervene under Rule 24 have made this a more realistic possibility than it once was.") (Footnotes omitted in original).

Indeed, even if this Court were to consider denying this motion and allowing this matter to proceed to certification, that determination alone would not necessarily resolve the problems that Plaintiffs would brush away now, citing Mr. Fain's claim as merely 'adequate.'[16] That is, in *Barnes v. American Tobacco Co.,* 161 F.3d 127, 142 (3d Cir. 1998), a previously certified class (reached after two amendments of the complaint) was decertified on the basis *inter alia* that individualized medical histories created singular circumstances, inappropriate for class treatment. *Id.* (citing *Georgine v. Amchem Products, Inc.,* 83 F.3d 610 (3d Cir. 1996)).  As demonstrated by the evidence adduced relative to Plaintiff Fain, now, in the pre-discovery phase of this claim, particularized discovery would be necessary to determine the individualized facts relative to Defendants' duty to each putative class member, the underlying facts of the breach of that duty as experienced by each class member, and any causation between that breach and each particular class member's alleged damages, such that, once again, the economies of the class form are unavailable and the class structure would be counterproductive, uneconomical, and contraindicated. *See also Waters v. Electrolux Home Prods.*, Civil Action No. 5:13-cv-151, 2016 U.S. Dist. LEXIS 92862 (N.D.W.Va. Jul. 18, 2016) (finding individualized factual determinations mitigate against class certification).

To reiterate, to the extent these Plaintiffs have particularized their claims to their precise diagnosis, their precise medical needs, and their precise claims histories, then Rule 23 offers no economies to what must become multiple separate litigations, joined only in the broadest sense. The process becomes ever more cumbersome with the putative plaintiffs, without the initial vetting of the two named plaintiffs.  Even taking Plaintiffs' claims in the light most favorable to them, the class is 'common' only in the very broadest sense, in that, allegedly, each of the Plaintiffs would like to ensure that coverage would not be denied to them on the basis that they are transgender,

---

[16] Plaintiff's Opposition at 14.

suggesting that the best remedy might be legislative or administrative in nature. *See* Complaint, generally. Repeatedly Plaintiff cites a 'categorial denial' of surgery – yet admits he never requested surgery.  Plaintiff Fain's claims are complex, troubled, not ripe, and clearly a poor foundation for a class undertaking. Whereas Plaintiffs allege courts have certified blanket denials of coverage,[17] it is unclear here from their claims that the blanket denials exist or could or would exist. It is concerning to Defendants that Plaintiffs would proceed without a named plaintiff who has experienced the precise denials they allege.

Plaintiffs urge this Court to use the alleged 'categorical denials' that they cannot demonstrate as a springboard to class certification or its process. They suggest that 'categorical denials' can defeat *Wal-Mart Stores, Inc., v. Dukes.* However, per *Dukes,* it is insufficient to achieve commonality by having a would-be class of plaintiffs allege commonality based on nothing more than violations of the same statute or law. The fact that the *Dukes* plaintiffs alleged violations of Title VII was insufficient alone to make plaintiffs' claims 'common' pursuant to Federal Rules of Civil Procedure Rule 23 (a)(2), which reads that "there are questions of law or fact common to the class." Rather, the class claims must be particularized to a common contention, which the Supreme Court in *Dukes,* an employment discrimination action, suggested could be discriminatory bias on the part of the same supervisor. Yet, the *Dukes* Court declined to extend evidence of one plaintiff's experience to the other class members, absent particularized allegations and proof.[18]  Therefore, once again, citing alleged violations of the Affordable Care Act, absent more, citing 'categorical denials,' absent more, will not constitute commonality. Relying upon the named Plaintiffs' health and claims histories, absent more, will not constitute commonality with

---

[17] Plaintiffs' Opposition at 19.
[18] *Dukes,* 564 U.S. at 356, finding that "[o]ne named plaintiff's experience of discrimination is insufficient to infer that discriminatory treatment is typical of an employer's employment practices."

the putative plaintiffs – even assuming that Plaintiff Fain's complexities resolve. As demonstrated repeatedly by the case law cited above, to the extent Plaintiffs were to particularize the experiences of each putative plaintiff, then the economies of class are lost.  Relative to the instant suit, class claims add nothing to the challenge and complicate any 'class' handling of allegations that are too broad or proof patterns that are too narrow. While Plaintiffs recount Defendants' analysis per *Dukes,*[19] they advance little past the 'categorical denials' they have yet to experience or demonstrate:

> "Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion [or higher pay] on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims."

*Dukes,* 431 U.S. at 353 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-58 (1982)).  Here, accepting Plaintiffs' claims as true for the purposes of this motion, Plaintiffs have been denied insurance coverage on discriminatory grounds.  However, there is a wide gap between that allegation and the assertion that there exists a class of persons who have suffered the same injury, that they all share common issues of law or fact, and that the Plaintiffs' claims will be typical of that class. Whereas the *Falcon* Court suggests two workarounds, neither will work for the instant claims.  That is, a diverse group of plaintiffs could find commonality in a biased testing procedure (not applicable here) or a general policy of discrimination that applied to all class members. Here, once again, Plaintiffs assert a 'categorical denial' that they have not experienced or demonstrated to date.

---

[19] Plaintiffs' Opposition at 21.

13

To reiterate, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) as construed,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific" inquiry, drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80 (quoting *Twombly*, 550 U.S. at 570). When performing this inquiry, the Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court need not, however, accept unsupported legal conclusions, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).[20]

While Plaintiffs must be prepared to defend the suitability of maintaining this suit as a class action at the class certification stage, the class claims can be challenged on 12(b)(6) motion to ensure that, pursuant to *Dukes,* Plaintiffs' claims sounding in coverage determinations and employment benefits are capable of classwide resolution. That is, the Court need not allow discovery on the propriety of any class claims but can determine on a 12(b)(6) motion that the claims are unsuitable for class determination.[21]  Here, whereby their very nature, the class claims cannot and will not achieve the requisite commonality, dismissal of the class claims alone will allow the named Plaintiffs' claims to proceed. While Defendants maintain that global relief is better achieved through administrative or legislative change, nonetheless, the class of putative plaintiffs have no role in an insurance coverage determination.

---

[20] *Williams v. Potomac Family Dining Group Oper. Co., LLC*, Case No. GJH-10-1780, 2019 U.S. Dist. LEXIS 181604, *18 (D. Md. Oct. 21, 2019).

[21] *Bessette v. Avco Fin. Serv.,* 279 B.R. 442 (D.R.I. June 7, 2002).

14

Defendants maintain their position that Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the sufficiency of a plaintiff's complaint, and that challenge should be granted where plaintiff has failed to 'state a plausible claim for relief.'[22] The Fourth Circuit has joined the Supreme Court in finding that plaintiffs are required in their complaints to provide a "'showing' rather than a blanket assertion of entitlement to relief."[23] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face," that is, that "contain[s] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[24] The *Fain* Complaint by its express terms demonstrates the impropriety of the class form for this claim. Rather than await class certification only to determine that the class form will not work with medical complaints and coverage determinations, Defendants move this Court to dismiss the class claims at this time. Whereas Plaintiffs' individual claims would remain as would other avenues more appropriate for systemic challenges,[25] the parties could avoid the investment of time and resources inherent in proving further that, per *Dukes,* the actual, not presumed, conformance with Rule 23(a), including in particular commonality, is a mandate that is undercut by these putative class members' medical complaints and claims-handling experiences. Defendants renew their dispositive motion, seeking an early determination that any class claims constitute medical claims, such that they finally are not 'cohesive enough' to gain any economies through class action.[26]

---

[22] *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012).

[23] *Johnson v. Prosperity Mortgage Corp.*, Civil Action No. 11-cv-02532-AW, 2011 U.S. Dist. LEXIS 127328, *4-5 (D. Md. Nov. 3, 2011).

[24] *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)); *see also Bell Atlantic Corp. v. Twombly,* 350 U.S. 544 (2007).

[25] *N.B.*, however, these Defendants attest and assert, and in no manner waive, the additional grounds for dismissal set forth herein.

[26] *Rhodes v. E.I. DuPont de Nemours & Co.,* 253 F.R.D. 365, 367, 370 (S.D.W.Va. 2008).

**III.**    **THE WVDHHR IS ENTITLED TO DISMISSAL OF PLAINTIFF CHRISTOPHER FAIN'S CLAIM FOR COMPENSATORY DAMAGES PURSUANT TO THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE IT IS A STATE AGENCY.**

Mr. Fain's claim against the WVDHHR for compensatory damages is a claim against the State of West Virginia and is barred by the Eleventh Amendment to the United States Constitution. Sovereign immunity constitutes "an important constitutional limitation on the power of the federal courts."[27] It is possible for Eleventh Amendment immunity to be waived, however, in order for waiver to be valid, a high level of clarity is required in two respects. First, clarity of intention. Such waiver must be "'unequivocally expressed' *in the text of the relevant statute*."[28] Second, there must be clarity in terms of communicating to the receiving State that the receipt of federal funds is conditioned on a waiver of sovereign immunity.[29] The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one."[30]

Plaintiff Fain seeks compensatory damages for violation of § 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. §18116, which states:

> [e]xcept as otherwise provided for in this title (or an amendment made by this title), an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.), the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.), or section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance,

---

[27] *Sossamon v. Texas*, 563 U.S. 277, 284, 131 S. Ct. 1651, 1657, 179 L. Ed. 2d 700, 708 (2011), citing *Pennhurst State School and Hospital v. Halderman*, 465 US.89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

[28] *Id.,* 563 U.S. at 284, 131 S. Ct. at 1658, 179 L. Ed. 2d at 708, quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. at 99, 104 S. Ct. 900, 79 L. Ed. 2d 67 (additional citation omitted) (emphasis added).

[29] *Arlington Cent. Sch. Dist. Bd. Of Educ. v. Murphy*, 548 U.S. 291, 296, 126 S. Ct. 2455, 2459, 165 L. Ed. 2d 526, 533-534 (2006), citing *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17, 101 S. Ct. 1531, 67 L. Ed. 2d 694 (1981).

[30] *Sossamon v. Texas*, 563 U.S. at 284, 131 S. Ct. at 1658, 179 L. Ed. 2d at 708, quoting *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 675, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999) (internal quotation marks omitted).

or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments). The enforcement mechanisms provided for and available under such title VI, title IX, section 504, or such Age Discrimination Act shall apply for purposes of violations of this subsection.[31]

On its face, Section 1557, the relevant statute, does not specify an unequivocal expression of waiver of sovereign immunity in exchange for the receipt of federal funds under the ACA. In fact, Section 1557 does not mention suits against States or sovereign immunity. Therefore, it does not meet the strict requirements for waiver as outlined by the Supreme Court of the United States in *Sossaman v. Texas*, 563 U.S. 277 (2011).

Instead of relying upon the relevant statute, Section 1557, or even the ACA, Plaintiffs argue that immunity is waived based upon the existence of an entirely separate statute enacted over thirty years ago. Plaintiffs urge this court to deviate from the Supreme Court's stringent test of examining "the text of the relevant statute," and to look elsewhere in order to infer a waiver. Specifically, Plaintiffs argue that the waiver of sovereign immunity is provided by the Civil Rights Remedies Equalization Act ("CRREA"), 42 U.S.C. §2000d-7(a)(1), which was enacted in 1986. The flaw in Plaintiffs' position is immediately evident. Plaintiffs argue that Section 1557 effectuates a waiver of sovereign immunity only "when read in conjunction with CRREA." Plaintiffs' Opposition, ECF 50, p. 14.  If the argument for waiver relies upon Section 1557 being read "in conjunction with" another statute, then waiver is not "'unequivocally expressed' in the text of the relevant statute." *Sossamon,* 563 U.S. at 284, 131 S. Ct. at 1658, 179 L. Ed. 2d at 708, quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. at 99, 104 S. Ct. 900, 79 L. Ed. 2d 67 (additional citation omitted).

---

[31] 42 U.S.C. §18116(a).

As the United States Court of Appeals for the Tenth Circuit has eloquently expressed regarding waiver in connection with the Americans with Disabilities Act, "[w]aiver cannot be hidden in another statute and only apply through implication. For a waiver of sovereign immunity to be 'knowing and voluntary,' it cannot be hidden in another statute and only applied to the ADA through implication." *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1170 (10th Cir. 2015). The Tenth Circuit joined the Supreme Court in stating that "Congress 'does not . . . hide elephants in mouseholes.'" *Id.*, *quoting Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468, 121 S. Ct. 903, 149 L. Ed. 2d 1 (2001).

Plaintiffs cite to four district court cases in which the courts have found waiver of sovereign immunity in the context of the ACA, none of which are binding on this Court. To the extent that these cases rely upon the CRREA for waiver, *Kadel v. Folwell*, 446 F. Supp. 3d 1 (M.D.N.C. 2020) and the remaining cases cited on pp. 11-12 of Plaintiffs' Opposition disregard the Supreme Court's requirement that the waiver be "unequivocally expressed" in the text of the relevant statute itself.

The United States Court of Appeals for the Fourth Circuit has not recognized a waiver of sovereign immunity in connection with the ACA based on the CRREA, nor has any other Court of Appeals.[32] As acknowledged in Plaintiffs' Opposition, one of the district court cases that found waiver in this context is currently on appeal before the Fourth Circuit in *Maxwell Kadel v. N.C. State Health Plan*, Case No. 20-1409. Oral Argument was held on March 11, 2021.

In considering the issue of waiver, it is not for the Court to make inferences regarding intentions that have not been expressed in Section 1557. The test for determining whether sovereign immunity has been effectively waived is a straightforward one: it must be unequivocally

_____

[32] Plaintiffs' Opposition cites *Litman v. George Mason Univ.*, 186 F.3d 544 (4th Cir. 1999) and *Lane v. Pena*, 518 U.S. 187 (1996), neither of which considered waiver of sovereign immunity in the context of the ACA. *Litman* considered waiver of immunity in the context of Title IX of the Education Amendments Act of 1972. *Lane* considered waiver of immunity in the context of the Rehabilitation Act §504(a).

expressed in the text of the relevant statute. Enactment of the CRREA in 1986 and making no mention of it in Section 1557 or the ACA in 2010 does not meet this test. The question is not whether the language of the CRREA is clear. The question is whether the language of Section 1557 expresses a waiver of sovereign immunity "unequivocally."  Upon reading the statute, the answer to that question is a resounding "no." Therefore, Mr. Fain's claim against the WVDHHR for compensatory damages is barred by the Eleventh Amendment to the United States Constitution.

**IV.    DEFENDANTS WITHDRAW THEIR ARGUMENT THAT PLAINTIFF CHRISTOPHER FAIN HAS NOT EXHAUSTED ADMINISTRATIVE REMEDIES IN CONNECTION WITH HIS CLAIM ASSERTED IN COUNT TWO OF THE COMPLAINT FOR VIOLATION OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT.**

In their Motion to Dismiss, [ECF 32], Defendants argue that Mr. Fain's claim asserted in Count Two of the Complaint for violation of Section 1557 of the ACA should be dismissed because Mr. Fain has not exhausted administrative remedies. Plaintiffs argue that this argument was not timely raised. However, Plaintiffs provide no support for this position. The case cited in Plaintiffs' Opposition, *McKenzie-El v. Am. Sugar Refinery, Inc.*, No. CV RDB-20-0917, 2020 WL 7489021 (D. Md. Dec. 21, 2020), suggests that arguments based on exhaustion may be waived if not raised in a "timely fashion." *Id.*, at *9. Nothing in *McKenzie-El* suggests that a 12(b) motion, timely filed per the timeframe established by the Court, and filed prior to conducting formal discovery, should not be considered timely.

However, upon review of Plaintiffs' Opposition, and particularly upon further review of the reasoning underlying the court's opinion in *Papa v. Diamandi*, 2020 U.S. Dist. LEXIS 25812, *6 (E.D. Pa 2020) (unpublished), Defendants Couch, Beane, and the WVDHHR withdraw their argument pursuant to Rule 12(b)(6) that Count Two of the Complaint should be dismissed for failure to exhaust administrative remedies.

**V.   PLAINTIFFS' REQUEST FOR LEAVE TO AMEND CANNOT BE EVALUATED, BECAUSE PLAINTIFFS DO NOT OFFER ANY PROPOSED AMENDED COMPLAINT, OR ANY DESCRIPTION OF ANY PROPOSED AMENDMENTS.**

As an afterthought at the conclusion of Plaintiffs' Opposition, Plaintiffs request leave to amend "[i]f the Court is inclined to grant any part of Defendants' motions to dismiss," citing *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118 (4th Cir. 2013). However, unlike the plaintiffs in *Scott*, the instant Plaintiffs have not provided any proposed Amended Complaint for consideration. Likewise, Plaintiffs have made no representation of any proposed amendments that would be included in an amended pleading. Therefore, there is no basis upon which to evaluate Plaintiffs' request in terms of, for example, whether the amendment would be futile. As such, Plaintiffs' vague request for leave to amend should be denied.

<u>**CONCLUSION**</u>

For these reasons, Defendants Crouch, Beane, and the WVDHHR request that Plaintiff's Complaint be dismissed as against them, and for such further relief as the court may direct.

> **WILLIAM CROUCH, CYNTHIA BEANE, and WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,  BUREAU FOR MEDICAL SERVICES,**
>
> **By Counsel**

*/s/ Kimberly M. Bandy*
Lou Ann S. Cyrus, Esquire (WVSB #6558)
Roberta F. Green, Esquire (WVSB #6598)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**CHRISTOPHER FAIN; ZACHARY
MARTELL;** and **BRIAN MCNEMAR,**
Individually and on behalf of all others
similarly situated,

          **Plaintiffs,**                  **Civil Action No. 3:20-cv-00740**
                                               **Hon. Robert C. Chambers, Judge**

**v.**

**WILLIAM CROUCH,** in his official capacity as
Cabinet Secretary of the West Virginia
Department Of Health and Human Resources;
**CYNTHIA BEANE,** in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; **WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES, BUREAU FOR MEDICAL
SERVICES; TED CHEATHAM,** in his official
Capacity as Director of the West Virginia Public
Employees Insurance Agency; and **THE
HEALTH PLAN OF WEST VIRGINIA, INC.**

          **Defendants.**

## CERTIFICATE OF SERVICE

      Defendants William Crouch, Cynthia Beane and West Virginia Department of Health and

Human Resources, by counsel, hereby certify that on the 26th day of March, 2021, the foregoing

**"REPLY IN SUPPORT OF DEFENDANTS WILLIAM CROUCH, CYNTHIA BEANE,

AND WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,

BUREAU FOR MEDICAL SERVICES' MOTIONS TO DISMISS PLAINTIFFS' CLASS

ACTION COMPLAINT"** was electronically filed with the Clerk of the Court using the CM/ECF

system, which will send a Notice of Electronic Filing to, and constitutes service on:

Walt Auvil (WVSB#190)
Counsel for Plaintiffs
The Employment Law Center, PLLC
1208 Market Street
Parkersburg, WV 26101-4323
(304) 485-3058
(304) 485-6344 (fax)
auvil@theemploymentlawcenter.com

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
Counsel for Plaintiffs
Nichols Kaster, PLLP
IDS Center, 80 South 8th Street
Suite 4600
Minneapolis, MN  55402
(612) 256-3200
(612) 338-4878 (fax)
aprakash@nka.com
nschladt@nka.com

Sasha Buchert, Visiting Attorney
Counsel for Plaintiffs
Lambda Legal Defense and Education Fund,
Inc.
1776 K Street, N.W., 8th Floor
Washington, DC  20006-2304
(202) 804-6245
(202) 429-9574 (fax)
sbuchert@lambdalegal.org

Avatara Smith-Carrington, Visiting Attorney
Counsel for Plaintiffs
Lambda Legal Defense and Education Fund,
Inc.
3500 Oak Lawn Avenue, Suite 500
Dallas Texas 75219-6722
(214) 219-8585
(214) 219-4455 (fax)
asmithcarrington@lambdalegal.org

Nora Huppert, Visiting Attorney
Counsel for Plaintiffs
Lambda Legal Defense and Education Fund,
Inc.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA  90010
(213) 382-7600
(213) 351-6050
nhuppert@lambdalegal.org

Tara L. Borelli, Visiting Attorney
Carl. S. Charles, Visiting Attorney
Counsel for Plaintiffs
Lambda Legal Defense and Education Fund,
Inc.
730 Peachtree Street NE, Suite 640
Atlanta, GA  30308
(470) 225-5341
(404) 897-1884 (fax)
tborelli@lambdalegal.org
ccharles@lamdalegal.org

Perry W. Oxley (WVSB#7211)
David E. Rich (WVSB#9141)
Eric D. Salyers (WVSB#13042)
Christopher K. Weed (WVSB#13868)
Oxley Rich Sammons, PLLC
Counsel for Ted Cheatham
517 9th Street, P.O. Box 1704
Huntington, WV  25718-1704
(304) 522-1138
(304) 522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
cweed@oxleylawwv.com

Stuart A. McMillan (WVSB#6352)
Counsel for The Health Plan of West
Virginia, Inc.
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV  25301
(304) 347-1110
(304) 347-1746 (fax)
smcmillan@bowlesrice.com

Aaron C. Boone (WVSB#9479)
Counsel for The Health Plan of West
Virginia, Inc.
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, P.O. Box 49
Parkersburg, WV  26102
(304) 420-5501
(304) 420-5587 (fax)
aboone@bowlesrice.com

 /s/ Kimberly M. Bandy
Lou Ann S. Cyrus, Esquire (WVSB #6558)
Roberta F. Green, Esquire (WVSB #6598)
Caleb B. David, Esquire (WVSB #12732)
Kimberly M. Bandy, Esquire (WVSB #10081)
**_Counsel for William Crouch, Cynthia Beane, and_**
**_West Virginia Department of Health and Human_**
**_Resources, Bureau for Medical Services_**
SHUMAN MCCUSKEY SLICER PLLC
P.O. Box 3953
Charleston, WV  25339
(304) 345-1400; (304) 343-1826 (fax)
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com