**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

CHRISTOPHER FAIN; ZACHARY
MARTELL; and BRIAN MCNEMAR,
individually and on behalf of all others similarly
situated,

                    **Plaintiffs,**

vs.
                                      **Case No.:  3:20-cv-00740**
                                      **Judge Robert C. Chambers**

WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES, BUREAU FOR MEDICAL
SERVICES; TED CHEATHAM, in his official
capacity as Director of the West Virginia Public
Employees Insurance Agency; and THE
HEALTH PLAN OF WEST VIRGINIA, INC.,

                    **Defendants.**

## DEFENDANT TED CHEATHAM'S ANSWER TO THE COMPLAINT

Defendant Ted Cheatham, in his official capacity as Director of the West Virginia Public

Employees Insurance Agency ("this Defendant"), by and through counsel, Perry W. Oxley, David

E. Rich, Eric D. Salyers, Christopher K. Weed, and the law firm of Oxley Rich Sammons, PLLC,

hereby submits his Answer to the Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim or cause of action against this Defendant

upon which relief may be granted.

## SECOND DEFENSE

In response to the separate paragraphs of Plaintiffs' Complaint, this Defendant states as follows:

## INTRODUCTION

1.    Answering Paragraph 1 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

2.    Answering Paragraph 2 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

3.    Answering Paragraph 3 of the Complaint, this Defendant admits that the State of West Virginia provides health care coverage for employees and their eligible dependents through the Public Employees Insurance Agency ("PEIA"). As to the remaining allegations contained in Paragraph 3 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

4.    Answering Paragraph 4 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

5.    Answering Paragraph 5 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

6.    Answering Paragraph 6 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

7.    Answering Paragraph 7 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

**PARTIES**

8.  Answering Paragraph 8 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

9.  Answering Paragraph 9 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

10.  Answering Paragraph 10 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

11.  Answering Paragraph 11 of the Complaint, this Defendant admits that William Crouch is the Cabinet Secretary of the West Virginia Department of Health and Human Resources. As to any remaining allegations contained in Paragraph 11 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

12.  Answering Paragraph 12 of the Complaint, this Defendant admits that Cynthia Beane is the Commissioner for the Bureau for Medical Services. Additionally, this Defendant asserts that the allegation that Defendant Beane is a "person" within the meaning of 42 U.S.C.§ 1983 is a legal conclusion to which no response is required. To the extent a response is required to that specific allegation, this Defendant denies the same and demands strict proof thereof. As to the remaining allegations contained in Paragraph 12 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

13.     Answering Paragraph 13 of the Complaint, this Defendant states that the allegations concerning W.Va. Code §§9-1-2(n), 9-2-13(a)(3), and Section 1557 of ACA are legal conclusions to which no response is required. To the extent a response is required to those specific allegations, this Defendant denies the same and demands strict proof thereof. As to the remaining allegations contained in Paragraph 13 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

14.     Answering Paragraph 14 of the Complaint, this Defendant admits he is the Director of the PEIA. However, this Defendant states that the allegations concerning W. Va. Code § 5-16-3(c) and/or 42 U.S.C. § 1983 are legal conclusions to which no response is required. To the extent a response is required to those specific allegations, this Defendant denies the same and demands strict proof thereof. As to the remaining allegations contained in Paragraph 14 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

15.     Answering Paragraph 15 of the Complaint, this Defendant admits that The Health Plan was established as an entity, separate and apart from the PEIA, under 42 U.S.C. §300e, et seq., and is a 501(c)(4) not-for-profit HMO. This Defendant also admits that The Health Plan is available to PEIA members that are qualifying state employees.  As to the remaining allegations in Paragraph 15 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

16.     Answering Paragraph 16 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

## JURISDICTION AND VENUE

17.     Answering Paragraph 17 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a Response is required, this Defendant denies the same and demands strict proof thereof.

18.     Answering Paragraph 18 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a Response is required, this Defendant denies the same and demands strict proof thereof.

19.     Answering Paragraph 19 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a Response is required, this Defendant denies the same and demands strict proof thereof.

20.     Answering Paragraph 20 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a Response is required, this Defendant denies the same and demands strict proof thereof.

21.     Answering Paragraph 21 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a Response is required, this Defendant denies the same and demands strict proof thereof.

## FACTS

**A.      Sex, Gender Identity, and Gender-Dysphoria**

22.     Answering Paragraph 22 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

23.     Answering Paragraph 23 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

24.     Answering Paragraph 24 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

25.     Answering Paragraph 25 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

26.     Answering Paragraph 26 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

27.     Answering Paragraph 27 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

28.     Answering Paragraph 28 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

29.     Answering Paragraph 29 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

30.     Answering Paragraph 30 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

31.     Answering Paragraph 31 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

32.     Answering Paragraph 32 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

33.     Answering Paragraph 33 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

34.     Answering Paragraph 34 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

35.     Answering Paragraph 35 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

36.     Answering Paragraph 36 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

37.     Answering Paragraph 37 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

38.     Answering Paragraph 38 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

39.     Answering Paragraph 39 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

40.     Answering Paragraph 40 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

41.     Answering Paragraph 41 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

42.     Answering Paragraph 42 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

43.     Answering Paragraph 43 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

44. Answering Paragraph 44 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

45. Answering Paragraph 45 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

46. Answering Paragraph 46 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

47. Answering Paragraph 47 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

**B.    Defendants' Targeted and Discriminatory Exclusion of Gender-Confirming Care**

**1.    Medicaid health coverage**

48. Answering Paragraph 48 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

49. Answering Paragraph 49 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

50. Answering Paragraph 50 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

51.     Answering Paragraph 51 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

52.     Answering Paragraph 52 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

53.     Answering Paragraph 53 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

54.     Answering Paragraph 54 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

55.     Answering Paragraph 55 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

56.     Answering Paragraph 56 of the Complaint, the Defendant states that this allegation is directed at a party other than him and as such no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

57.     Answering Paragraph 57 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

10

58.     Answering Paragraph 58 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

59.     Answering Paragraph 59 of the Complaint, the Defendant states that this allegation is directed at a party other than him and as such no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

60.     Answering Paragraph 60 of the Complaint, the Defendant states that this allegation is directed at a party other than him and as such no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

61.     Answering Paragraph 61 of the Complaint, the Defendant states that this allegation is directed at a party other than him and as such no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

62.     Answering Paragraph 62 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

## 2.      State employee health coverage

63.      Answering Paragraph 63 of the Complaint, this Defendant admits that qualifying state employees and their eligible dependents can choose from multiple health plan options and that, generally, the plans cover medical treatments and procedures that meet the definition of medically necessary that is included in each respective plan. This Defendant also admits that the plans are distinguished primarily by the factors listed in sentence three of this Paragraph, and that the plans referenced in this Paragraph do have some features in common. As to the remaining allegations in Paragraph 63 of the Complaint, this Defendant denies the allegations and demands strict proof thereof.

64.      Answering Paragraph 64 of the Complaint, this Defendant admits that state employees have healthcare insurance options that include four plans developed by the PEIA and this Defendant, Director Cheatham. This Defendant admits that state employees have access to healthcare insurance options that include three HMO and point of service plans developed by Defendant Health Plan. However, this Defendant specifically denies that state employees can only choose from among the seven health insurance plans referenced in this Paragraph and also denies that the three HMO and point of service plans developed by Defendant Health Plan are either controlled or provided by this Defendant or the PEIA.

A.      Answering Sub-Paragraph A of Paragraph 64 of the Complaint, this Defendant admits that state employees can enroll for health coverage through the four PEIA insurance plans listed therein. With respect to the remaining allegations therein, the Defendant states that the handbooks speak for themselves.

B.      Answering Sub-Paragraph B of Paragraph 64 of the Complaint, this Defendant admits that state employees can choose any of the three insurance plans offered by The Health

Plan that are listed therein. However, to the extent the allegations contained therein suggest that Defendant Cheatham has any control over what is included in The Health Plan's policy, this Defendant denies those allegations and demands strict proof thereof. Additionally, this Defendant denies that The Health Plan insurance policies or that the PEIA insurance policies include "blanket exclusions" for gender-confirming care. As to any remaining allegations included therein, this Defendant denies the same and demands strict proof thereof.

65.     Answering Paragraph 65 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

66.     Answering Paragraph 66 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

67.     Answering Paragraph 67 of the Complaint, this Defendant denies the allegations contained therein and demands strict proof thereof.

**C.     The Denial of Care to Plaintiffs**

**1.     Plaintiff Christopher Fain (Medicaid)**

68.     Answering Paragraph 68 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

69.     Answering Paragraph 69 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief

as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

70.     Answering Paragraph 70 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

71.     Answering Paragraph 71 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

72.     Answering Paragraph 72 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

73.     Answering Paragraph 73 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

74. Answering Paragraph 74 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

75. Answering Paragraph 75 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

76. Answering Paragraph 76 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

77. Answering Paragraph 77 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

78. Answering Paragraph 78 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief

as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

79.     Answering Paragraph 79 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

80.     Answering Paragraph 80 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

81.     Answering Paragraph 81 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

82.     Answering Paragraph 82 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

83.     Answering Paragraph 83 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

84.     Answering Paragraph 84 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

85.     Answering Paragraph 85 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

86.     Answering Paragraph 86 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

87.     Answering Paragraph 87 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief

as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

### 2.     Plaintiffs Zachary Martell and Brian McNemar (PEIA)

88.     Answering Paragraph 88 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

89.     Answering Paragraph 89 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

90.     Answering Paragraph 90 of the Complaint, this Defendant admits that Plaintiffs McNemar and Martell are enrolled under the HMO Plan A that is offered by Defendant Health Plan. With respect to the remaining allegations contained therein, the Defendant denies the same and demands strict proof thereof.

91.     Answering Paragraph 91 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

92.     Answering Paragraph 92 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

93.     Answering Paragraph 93 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

94.     Answering Paragraph 94 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

95.     Answering Paragraph 95 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

96.     Answering Paragraph 96 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

97.     Answering Paragraph 97 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

98.     Answering Paragraph 98 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

99.     Answering Paragraph 99 of the Complaint, this Defendant denies the same and demands strict proof thereof.

100.    Answering Paragraph 100 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

101.    Answering Paragraph 101 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

102.     Answering Paragraph 102 of the Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

103.     Answering Paragraph 103 of the Complaint, this Defendant denies the same and demands strict proof thereof.

104.     Answering Paragraph 104 of the Complaint, this Defendant denies the same and demands strict proof thereof.

105.     Answering Paragraph 105 of the Complaint, this Defendant denies the same and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

106.     Answering Paragraph 106 of the Complaint, this Defendant denies that Plaintiffs meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

107.     Answering Paragraph 107 of the Complaint, this Defendant denies that Plaintiffs meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

108.     Answering Paragraph 108 of the Complaint, this Defendant denies that Plaintiffs meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

109.     Answering Paragraph 109 of the Complaint, this Defendant denies that Plaintiffs meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

110.    Answering Paragraph 110 of the Complaint, this Defendant denies that Plaintiffs meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

111.    Answering Paragraph 111 of the Complaint, this Defendant denies the same and demands strict proof thereof.

112.    Answering Paragraph 112 of the Complaint, this Defendant this Defendant denies the same and demands strict proof thereof.

113.    Answering Paragraph 113 of the Complaint, including subparagraphs A through D, this Defendant this Defendant denies the same and demands strict proof thereof.

114.    Answering Paragraph 114 of the Complaint, this Defendant denies the same and demands strict proof thereof.

115.    Answering Paragraph 115 of the Complaint, this Defendant denies the same and demands strict proof thereof.

116.    Answering Paragraph 116 of the Complaint, this Defendant denies the same and demands strict proof thereof.

117.    Answering Paragraph 117 of the Complaint, this Defendant denies the same and demands strict proof thereof.

### CLAIMS FOR RELIEF

### COUNT I
### Deprivation of Equal Protection
### U.S. Const. Amend. XIV

*Plaintiff Christopher Fain, on behalf of the Medicaid Class, Against Defendants Crouch and Beane for Declaratory and Injunctive Relief Case*

*Plaintiffs Zachary Martell and Brian McNemar, on behalf of the State Employee Health Plan Class and The Health Plan Subclass, Against Defendant Cheatham for Declaratory and Injunctive Relief*

118.    Answering Paragraph 118 of the Complaint, this Defendant re-alleges and incorporates by reference, as if fully set forth herein, his Answers to Paragraphs 1 through 117 of the Plaintiffs' Complaint.

119.    Answering Paragraph 119 of the Complaint, this Defendant denies the same and demands strict proof thereof.

120.    Answering Paragraph 120 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

121.    Answering Paragraph 121 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. Furthermore, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

122.    Answering Paragraph 122 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. Furthermore, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

123.    Answering Paragraph 123 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

124.    Answering Paragraph 124 of the Complaint, this Defendant denies the same and demands strict proof thereof.

125.    Answering Paragraph 125 of the Complaint, this Defendant denies the same and demands strict proof thereof.

**A.    Discrimination on the Basis of Sex**

126.    Answering Paragraph 126 of the Complaint, this Defendant denies the same and demands strict proof thereof.

127.    Answering Paragraph 127 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

128.    Answering Paragraph 128 of the Complaint, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

129.    Answering Paragraph 129 of the Complaint, this Defendant denies the same and demands strict proof thereof.

**B.    Discrimination on the Basis of Transgender Status**

130.    Answering Paragraph 130 of the Complaint, this Defendant denies the same and demands strict proof thereof.

131.    Answering Paragraph 131 of the Complaint, including subparagraphs A through D, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant denies the same and demands strict proof thereof.

132.    Answering Paragraph 132 of the Complaint, this Defendant denies the same and demands strict proof thereof.

133.     Answering Paragraph 133 of the Complaint, this Defendant denies the same and demands strict proof thereof.

134.     Answering Paragraph 134 of the Complaint this Defendant denies the same and demands strict proof thereof.

## COUNT II
### Violation of Section 1557 of the
### Patient Protection and Affordable Care Act
### 42 U.S.C. § 18116

***Plaintiff Christopher Fain, on behalf of the Medicaid Class, Against Defendant BMS, Defendant Crouch, and Defendant Beane for Declaratory and Injunctive Relief, and Individually Against Defendant BMS for Compensatory Damages***

***Plaintiffs Zachary Martell and Brian McNemar, on behalf of the State Employee Health Plan Class Against Defendant Cheatham for Declaratory and Injunctive Relief, on Behalf of The Health Plan Subclass Against Defendant The Health Plan and Defendant Cheatham for Declaratory and Injunctive Relief, and Individually Against Defendant The Health Plan for Compensatory Damages***

135.     Answering Paragraph 135 of the Complaint, this Defendant re-alleges and incorporates by reference, as if fully set forth herein, his Answers to Paragraphs 1 through 134 of the Plaintiffs' Complaint.

136.     Answering Paragraph 136 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

137.     Answering Paragraph 137 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the

Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

138.    Answering Paragraph 138 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

138A.   Answering Paragraph 138A of the Complaint this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

138B.   Answering Paragraph 138B of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

139.    Answering Paragraph 139 of the Complaint this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

139A.  Answering Paragraph 139A of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

139B.  Answering Paragraph 139B of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

140.    Answering Paragraph 140 of the Complaint this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

141.    Answering Paragraph 141 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

142.    Answering Paragraph 142 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the

Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

143.    Answering Paragraph 143 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

144.    Answering Paragraph 144 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

145.    Answering Paragraph 145 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

146.    Answering Paragraph 146 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

147.    Answering Paragraph 147 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

148.    Answering Paragraph 148 of the Complaint, this Defendant states that, pursuant to the Order granting the Joint Motion to Dismiss Affordable Care Act Claim Against Defendant Ted Cheatham, the allegations contained therein are now moot and no response is required as the Plaintiffs have withdrawn their §1557 ACA claim against this Defendant with prejudice. *See* ECF 41.

**COUNT THREE**
**Violation of the Medicaid Act's Availability Requirements**
**42 U.S.C. § 1396a(a)(10)(A)**

*Plaintiff Christopher Fain, on Behalf of the Medicaid Class, Against Defendants Crouch and Beane for Declaratory and Injunctive Relief*

149.    Answering Paragraph 149 of the Complaint, this Defendant re-alleges and incorporates by reference, as if fully set forth herein, his Answers to Paragraphs 1 through 148 of the Plaintiffs' Complaint.

150.    Answering Paragraph 150 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

151.    Answering Paragraph 151 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required.

Furthermore, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant states that the Medicaid Act's Availability Requirements, 42 U.S.C. § 1396a(a)(10)(A), speak for themselves.

152.    Answering Paragraph 152 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. Furthermore, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

### COUNT FOUR
### Violation of the Medicaid Act's Comparability Requirements
### 42 U.S.C. § 1396a(a)(10)(B)

*Plaintiff Christopher Fain, on Behalf of the Medicaid Class, Against Defendants Crouch and Beane for Declaratory and Injunctive Relief*

153.    Answering Paragraph 153 of the Complaint, this Defendant re-alleges and incorporates by reference, as if fully set forth herein, his Answers to Paragraphs 1 through 152 of the Plaintiffs' Complaint.

154.    Answering Paragraph 154 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

155.    Answering Paragraph 155 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. Furthermore, this Defendant states that the allegations contained therein are legal conclusions to

which no response is required. To the extent a response is required, this Defendant states that the Medicaid Act's Comparability Requirements, 42 U.S.C. § 1396a(a)(10)(B), speak for themselves.

156.    Answering Paragraph 156 of the Complaint, this Defendant states that the allegations contained therein are not directed at him, and, as such, no response is required. Furthermore, this Defendant states that the allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same and demands strict proof thereof.

## PRAYER FOR RELIEF

157.    To the extent an answer is required to the WHEREFORE clause of the Complaint, including subparagraphs A-H, this Defendant denies any and all allegations contained therein and demands strict proof thereof.  Moreover, this Defendant specifically denies that Plaintiffs are entitled to any relief whatsoever from him and denies that Plaintiff's can maintain a class action and demands strict proof thereof.

158.    Unless expressly admitted herein, this Defendant denies any and all allegations in the Complaint and demands strict proof thereof.

## THIRD DEFENSE

This Defendant specifically denies that it he is in any way liable to the Plaintiffs or caused any harm to the Plaintiffs.

## FOURTH DEFENSE

This Defendant asserts any and all defenses related to statutory immunity, municipal immunity, absolute immunity, qualified immunity, sovereign immunity, common law immunity, any other type of immunity, and all other immunity defenses available to it under the U.S.

Constitution, U.S. Code, Federal law, the West Virginia State Constitution, the West Virginia Code, and West Virginia common law as they may be applicable to this case pending further investigation and discovery.

## FIFTH DEFENSE

This Defendant asserts that the Plaintiffs' Complaint fails to demonstrate that the Plaintiffs have exhausted the Administrative Remedies available to them. As a result, Plaintiffs' Complaint should be dismissed.

## SIXTH DEFENSE

This Defendant asserts as a government official for the state of West Virginia, no compensatory damages may be awarded to the Plaintiffs for any actions or omissions identified in the Complaint.

## SEVENTH DEFENSE

This Defendant asserts that Plaintiffs lack subject-matter jurisdiction to bring their claims, and the Complaint should be dismissed as a result.

## EIGHTH DEFENSE

To the extent shown to be applicable by discovery, the alleged injuries and damages of the Plaintiff, if any, were caused by the actions or omissions of another person or entity and not any actions or omissions of this Defendant. Further, this Defendant reserves the right to seek indemnification and/or contribution from any other liable party to the extent warranted.

## NINTH DEFENSE

To the extent shown to be applicable by discovery, Plaintiff has failed to join necessary and proper parties such that the Complaint must be dismissed.

## TENTH DEFENSE

No custom or policy of this Defendant, either facially or as applied, discriminates on the basis of sex or transgender status.

## ELEVENTH DEFENSE

This Defendant asserts that the government policy at issue meets the "heightened scrutiny standard" and is substantially related to sufficiently important governmental interests.

## TWELFTH DEFENSE

This Defendant sets forth and pleads all affirmative defenses available to him under the Federal Rules of Civil Procedure as if fully set forth herein in their entirety, which include, but are not limited to, the statute of limitations, lack of jurisdiction, improper venue, insufficient service of process, accord and satisfaction, arbitration and award, assumption of risk, sudden emergency, last clear chance, comparative negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, waiver, and any other matter constituting an avoidance or affirmative defense.

## THIRTEENTH DEFENSE

The Plaintiffs have failed to mitigate their damages, if any.

## FOURTEENTH DEFENSE

This Defendant asserts any and all defenses available to him under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the U.S. Constitution, U.S. Code, Federal law, the West Virginia State Constitution, the West Virginia Code, and West Virginia common law, and any and all other administrative rules, laws, or regulations that may be applicable under the facts of this case.

**FIFTEENTH DEFENSE**

The medical procedures and/or treatments that Plaintiffs sought to be approved were not "medically necessary" pursuant to the definition of "medically necessary" included in the Insurance policy or policies at issue.

**SIXTEENTH DEFENSE**

This Defendant did not deny coverage to the Plaintiffs for the medical procedures or treatments at issue in this case.

**SEVENTEENTH DEFENSE**

This Defendant asserts that Plaintiff Martell never requested that this Defendant provide coverage for a "bilateral mastectomy" and was never denied coverage for a "bilateral mastectomy" by this Defendant.

**EIGHTEENTH DEFENSE**

This Defendant reserves the right to amend this Answer and raise any additional defenses which may prove applicable at a later date as disclosed through the discovery process or otherwise. Additionally, this Defendant reserves the right to amend, withdraw, or supplement any and all Affirmative Defenses set forth herein.

**NINETEENTH DEFENSE**

Plaintiffs lack standing to assert any claim, individual or class, against this Defendant because they have suffered no injury in fact and no judicial redress can exist.

**TWENTIETH DEFENSE**

Subject to verification of the date of the alleged injury or injuries, the Plaintiffs are barred by the applicable statute of limitations for not having instituted this action within the time permitted by the statute following the accrual of the alleged claims.

## TWENTY-FIRST DEFENSE

The actions of this Defendant were not the proximate cause of Plaintiffs' alleged injuries, if any.

## TWENTY-SECOND DEFENSE

This Defendant affirmatively states that the Plaintiffs and the members of the alleged putative class are not entitled to punitive damages against this Defendant, and therefore, any claim for punitive damages should not be entertained.

## TWENTY-THIRD DEFENSE

This Defendant notes and preserves each and every defense to class certification that is recognized by the Federal Rules of Civil Procedure, common law, judicial opinions, statutes, constitutions, or in equity, as may be supported by the facts of the case as they develop.

## TWENTY-FOURTH DEFENSE

With respect to the Plaintiffs' class allegations in the Complaint, the purported claims made by the Plaintiffs on their behalf and on the behalf of the alleged putative class are precluded because the alleged conduct would have affected, if any, a limited number of persons that does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH DEFENSE

The purported class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure because the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

## TWENTY-SIXTH DEFENSE

This Defendant affirmatively asserts that the Plaintiffs cannot adequately represent the alleged putative class members, and therefore, the Plaintiffs' request for class certification should be denied and the class allegations in the Complaint should be dismissed.

## TWENTY-SEVENTH DEFENSE

This Defendant affirmatively asserts that there are not sufficient common questions of law and fact to satisfy the "commonality" requirement of Rule 23(a) of the Federal Rules of Civil Procedure with respect to the certification of the alleged class. Therefore, the class allegations in the Complaint should be dismissed with prejudice.

## TWENTY-EIGTH DEFENSE

This Defendant affirmatively asserts that the alleged members of the putative class are not so numerous as to make it impracticable to bring them all before this Court. Therefore, the Plaintiff cannot satisfy the "numerosity" requirement of Rule 23(a) of the Federal Rules of Civil Procedure. Therefore, the class allegations in the Complaint should be dismissed.

## TWENTY-NINTH DEFENSE

This Defendant affirmatively asserts that the theories of relief for the members of the purported putative class are not identical as members of alleged putative class sought treatment for gender dysphoria for various medical reasons.  Additionally, the medical issues and the relief sought by each member of the alleged putative class will not be the same. Therefore, the Plaintiff cannot satisfy the "typicality" requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the class allegations in the Complaint should be dismissed.

## THIRTIETH DEFENSE

This Defendant affirmatively asserts that the Plaintiff cannot satisfy the "adequacy" requirement of Rule 23(a) of the Federal Rules of Civil Procedure, and, therefore, the class allegations in the Complaint should be dismissed with prejudice.

## THIRTY-FIRST DEFENSE

This Defendant asserts that the Plaintiffs are precluded from attempting to certify the class of alleged putative class members in this matter because no class discovery has taken place. Furthermore, even after the conclusion of pre-certification discovery, the Plaintiffs will be unable to meet the requirements for class certification under the Federal Rules of Civil Procedure, and, therefore, the class allegations in the Complaint should be dismissed with prejudice.

**WHEREFORE**, this Defendant respectfully requests that Plaintiffs recover nothing from him, that he be dismissed from this action with prejudice, that he recover all costs and expenses, including reasonable attorneys' fees, incurred in connection with the defense of this action, and that this Court grant this Defendant any such other relief deemed just and appropriate.

**THIS DEFENDANT DEMANDS A TRIAL BY JURY.**

**TED CHEATHAM, in his official capacity as Director of the West Virginia Public Employees Insurance Agency,**

**BY COUNSEL**

s/Perry W. Oxley
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB #13042)
Christopher K. Weed (WVSB #13868)
Oxley Rich Sammons, PLLC
517 9th Street, P.O. Box 1704
Huntington, WV 25718-1704

Phone: (304) 522-1138
Fax: (304) 522-9528
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
cweed@oxleylawwv.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**CHRISTOPHER FAIN; ZACHARY
MARTELL; and BRIAN MCNEMAR,
individually and on behalf of all others similarly
situated,**

**Plaintiffs,**

**vs.**                                                                 **Case No.:  3:20-cv-00740
Judge Robert C. Chambers**

**WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES, BUREAU FOR MEDICAL
SERVICES; TED CHEATHAM, in his official
capacity as Director of the West Virginia Public
Employees Insurance Agency; and THE
HEALTH PLAN OF WEST VIRGINIA, INC.,**

**Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **"Defendant Ted Cheatham's
Answer To The Complaint"** on this **17th** day of **June, 2021,** with the Clerk of the Court using the
CM/ECF system, which will send notification of filing, and a copy of the same, to the following
CM/ECF participants:

| | |
|---|---|
| Walt Auvil, WVSB No. 190 | Avatara Smith-Carrington, Visiting Attorney |
| THE EMPLOYMENT LAW CENTER, PLLC | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. |
| 1208 Market Street | 3500 Oak Lawn Avenue, Suite 500 |
| Parkersburg, WV 26101 | Dallas, TX 75219 |
| Phone: 304-485-3058 | Phone: 214-219-8585 |
| Facsimile: 304-485-6344 | Facsimile: 214-219-4455 |
| auvil@theemploymentlawcenter.com | asmithcarrington@lambdalegal.org |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |
| Anna P. Prakash, Visiting Attorney | Tara L. Borelli, Visiting Attorney |

Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4600
Minneapolis, MN 55402
Phone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com
nschladt@nka.com
*Counsel for Plaintiffs*

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308
Phone: 470-225-5341
Facsimile: 404-897-1884
tborelli@lambdalegal.org
*Counsel for Plaintiffs*

Sasha Buchert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Phone: 202-804-6245
Facsimile: 202-429-9574
sbuchert@lambdalegal.org
*Counsel for Plaintiffs*

Nora Huppert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Phone: 213-382-7600
Facsimile: 213-351-6050
nhuppert@lambdalegal.org
*Counsel for Plaintiffs*

Lou Ann S. Cyrus, Esquire
Roberta F. Green, Esquire
Caleb B. David, Esquire
Kimberly M. Bandy, Esquire
Shuman McCuskey Slicer PLLC
Post Office Box 3953
Charleston, West Virginia 25339
(304) 345-1400
Fax: (304) 343-1826
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
*Counsel for Defendants William Crouch,
Cynthia Beane and West Virginia Department
of Health and Human Resources*

Stuart A. McMillan
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com

Aaron C. Boone
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia 26102
(304) 420-5501
Fax: (304) 420-5587
aboone@bowlesrice.com
*Counsel for Defendant The Health Plan of
West Virginia, Inc.*

s/Perry W. Oxley
Perry W. Oxley (WVSB #7211)
David E. Rich (WV Bar #9141)
Eric D. Salyers (WVSB #13042)
Christopher K. Weed (WVSB #13868)