IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| CHRISTOPHER FAIN; ZACHARY MARTELL; and BRIAN MCNEMAR, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; CYNTHIA BEANE, in her official capacity as Commissioner for the West Virginia Bureau for Medical Services; WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES; TED CHEATHAM, in his official Capacity as Director of the West Virginia Public Employees Insurance Agency; and THE HEALTH PLAN OF WEST VIRGINIA, INC.<br><br>*Defendants.* | CIVIL ACTION NO. 3:20-cv-00740<br>HON. ROBERT C. CHAMBERS |

REPORT OF PARTIES' PLANNING MEETING[1]

1.   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on June 21, 2021. Those participating were:

   Anna Prakash for Plaintiffs

   Nicole Schladt for Plaintiffs

---

[1] By agreement of the parties, counsel for the Health Plan of West Virginia, Inc. attended but did not participate in this meeting. Now that its Motion to Dismiss has been denied, The Health Plan of West Virginia, Inc. joins this report.

    Avatara Smith-Carrington for Plaintiffs

    Tara Borelli for Plaintiffs

    Lou Ann Cyrus for Defendants William Crouch, Cynthia Bean, and West Virginia Department of Health and Human Services, Bureau for Medical Services

    Eric Salyers for Defendant Ted Cheatham

2.     Pre-Discovery Initial Disclosures. The parties have already exchanged the information required by Fed. R. Civ. P. 26(a)(1).

3.     Plaintiffs should be allowed until September 15, 2021 to join additional parties and until September 15, 2021 to amend the pleadings. Defendant(s) should be allowed until October 8, 2021 to join additional parties and October 8, 2021 to amend the pleadings.

4.     Discovery Plan. The parties jointly propose to the court the following discovery plan [Use separate paragraphs or subparagraphs as necessary if the parties disagree.]:

    a.     Discovery will be needed on the following subjects: Policies, procedures, manuals, and training documents relating to Defendants' coverage of gender-confirming care for transgender Medicaid participants and state health plan enrollees; all documents, ESI, and communications relating to health plan coverage for gender-confirming care; committee or meeting minutes, agendas, presentations, and notes relating to transgender patients and/or gender-confirming care; emails or communications with Medicaid participants, state health plan enrollees, strategic partners, healthcare providers, and/or media relating to the allegations in the complaint; and any other discovery related to class certification and/or the class representatives.

    b.     The parties have reviewed Local Rule 26.5 and have discussed how the preservation, discovery, and disclosures of electronically stored information ("ESI") should be handled, including the following:

        i.     It is likely that one or more parties will seek discovery of electronically stored information such as emails, files, or documents stored on a server or computer, or other electronic documents.

        X Yes         No

    The parties have generally agreed upon a format of production of ESI, as follows:

    The parties need to consult with their various ESI liaisons and will file an agreed upon or positions on a format of production of ESI by August 13, 2021.

  ii.  The parties believe it is possible that metadata may be relevant in this case, such as the date stamp when an electronic document was created or modified.

    X Yes   No

The parties have generally agreed upon a format for production of such metadata, as follows:

The parties need to consult with their various ESI liaisons and will file an agreed upon or positions on a format of production of such metadata by August 13, 2021.

  iii.  At this time, the parties have agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B).

    Yes   X No

If no, identify the nature of any dispute: The parties do not have a dispute, but need to consult with their various ESI liaisons and will file an agreed upon or positions on an ESI protocol by August 13, 2021.

  iv.  Have the parties agreed on any search protocol for review of electronic data including methods to filter the data?

    Yes   X No

If yes, please describe:

If no, please identify what issues remain outstanding: The parties agree to meet and confer and file an agreed upon or separate positions on an ESI protocol for search processes by August 13, 2021.

  v.  Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe: At this time, the parties are unaware of any unresolved issues pertaining to the preservation of ESI.

  vi.  Other. Identify all other outstanding issues or disputes concerning ESI: See above.

c. The parties agree to file a joint motion for the entry of a protective order and to complete and submit with the motion the court's preferred Agreed Protective Order found online at www.wvsd.uscourts.gov.

  Yes   X No

If no, please explain: The parties agree to submit an Agreed Protective Order by August 13, 2021. In light of the sensitive medical and other personal information involved in this case, they may elect to add additional provisions to the district's form order.

d. The parties agree to file a joint motion for the entry of an Order Governing the Inadvertent Disclosure of Documents or Other Material and to complete and submit with the motion the court's preferred Agreed Order Governing the Inadvertent Disclosure of Documents or Other Material found online at www.wvsd.uscourts.gov.

   Yes X        No

   If no, please explain:

e. The parties agree to file a joint motion for the entry of an Agreed Order Setting Deposition Protocol and to complete and submit with the motion the court's optional Order Setting Disposition Protocol available online at online at www.wvsd.uscourts.gov.

   Yes X        No

f. The last day to serve discovery requests is October 18, 2021. The last date on which to take a discovery deposition is 45 days after the last date to serve discovery requests. The last date on which to take a discovery deposition is known as the "discovery completion date." [Fact discovery to be completed by December 1, 2021.]

g. The parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure.

   Yes X        No

h. The parties believe that this case requires additional judicial oversight such as special case management procedures or regularly held conferences.

   Yes          No X

   If yes, please describe why the case requires additional judicial oversight and the type of oversight requested.

i. Reports from retained experts under Rule 26(a)(2) due:

   By the party bearing the burden of proof on the issue: January 14, 2022

   By the party not bearing the burden of proof on the issue: February 15, 2022

   Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party: March 15, 2022

   Expert discovery deadline: April 29, 2022

5.  Magistrate judges will resolve all discovery disputes. The parties DO NOT CONSENT to have a United States Magistrate Judge conduct any further proceedings in this case, including trial, and order the entry of a final judgment.

6.  Mediation shall take place on or before December 15, 2021.

7.  Potential Dispositive motions and/or Plaintiffs' motion for class certification shall be filed by June 1, 2022. With response and replies filed according to the Local Rules.

8.  The parties request a pretrial conference 90 days after a ruling on all dispositive motions.

    The Plaintiff(s) shall submit a proposed pretrial order to Defendant(s) on or before 30 days prior to the pretrial conference.

    The Defendant(s) shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer on or before 15 days prior to the pretrial conference.

9.  Where applicable, proposed jury instructions shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before 15 days prior to the pretrial conference.

10. Where applicable, findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before N/A.

11. A final settlement conference will take place 5 days before trial.

12. The case shall be ready for trial by 120 days following a ruling on all dispositive motions, and at this time is expected to take approximately 5 days.

The parties DO NOT REQUEST a conference with the court before the entry of the scheduling order.

Dated: July 28, 2021                               Respectfully submitted,


/s/ Walt Auvil                                     /s/ Lou Ann S. Cyrus
Walt Auvil, WVSB No. 190                           Lou Ann S. Cyrus, Esquire (WVSB #6558)
THE EMPLOYMENT LAW CENTER, PLLC                    Roberta F. Green, Esquire (WVSB #6598)
1208 Market Street                                 Caleb B. David, Esquire (WVSB #12732)
Parkersburg, WV 26101                              Kimberly M. Bandy, Esquire (WVSB #10081)
Phone: 304-485-3058                                SHUMAN MCCUSKEY SLICER PLLC
Facsimile: 304-485-6344                            P.O. Box 3953
auvil@theemploymentlawcenter.com                   Charleston, WV 25339
                                                   (304) 345-1400; (304) 343-1826 (fax)
Avatara Smith-Carrington, Visiting Attorney        lcyrus@shumanlaw.com
                                                   rgreen@shumanlaw.com

LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Phone: 214-219-8585
Facsimile: 214-219-4455
asmithcarrington@lambdalegal.org

Tara L. Borelli, Visiting Attorney
Carl Charles, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: 470-225-5341
Facsimile: 404-506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Nora Huppert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Phone: 213-382-7600
Facsimile: 213-351-6050
nhuppert@lambdalegal.org

Sasha Buchert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Phone: 202-804-6245
Facsimile: 202-429-9574
sbuchert@lambdalegal.org

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4700
Minneapolis, MN 55402
Phone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com

cdavid@shumanlaw.com
kbandy@shumanlaw.com

*Counsel for Defendants William Crouch, Cynthia Beane, and West Virginia Department of Health and Human Resources, Bureau for Medical Services*

/s/ Eric D. Salyers
Perry W. Oxley (WVSB#7211)
David E. Rich (WVSB#9141)
Eric D. Salyers (WVSB#13042)
Christopher K. Weed (WVSB#13868)
OXLEY RICH SAMMONS, PLLC
517 9th Street, P.O. Box 1704
Huntington, WV 25718-1704
(304) 522-1138
(304) 522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
cweed@oxleylawwv.com

*Counsel for Defendant Ted Cheatham*

/s/ Aaron C. Boone
Aaron C. Boone (WVSB #9479)
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia 26102
(304) 420-5501
Fax: (304) 420-5587
aboone@bowlesrice.com

Stuart A. McMillan (WVSB #6352)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com

*Counsel for Defendant The Health Plan of West Virginia, Inc.*

nschladt@nka.com

***Attorneys for Plaintiffs***