IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CHRISTOPHER FAIN; ZACHARY
MARTELL; and BRIAN MCNEMAR,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

v.

WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES; TED CHEATHAM, in his official
capacity as Director of the West Virginia Public
Employees Insurance Agency; and THE
HEALTH PLAN OF WEST VIRGINIA, INC.,

        Defendants.

CIVIL ACTION NO. 3:20-cv-00740
JUDGE CHAMBERS

**ANSWER OF DEFENDANT THE HEALTH PLAN OF WEST VIRGINIA, INC. TO
CLASS ACTION COMPLAINT**

        Defendant The Health Plan of West Virginia, Inc. (hereinafter referred to as

"Defendant"), by counsel, for its Answer to the Class Action Complaint of the Plaintiffs hereby

denies each and every allegation contained therein, except as hereinafter set forth:

**INTRODUCTION**

        1.     Defendant denies the allegations contained in Paragraph No. 1 of the

Complaint.

2.     Defendant denies the allegations contained in Paragraph No. 2 of the Complaint.

3.     Regarding the allegations in Paragraph No. 3 of the Complaint, Defendant admits that the State of West Virginia provides health care coverage for employees and their eligible dependents through PEIA.  Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

4.     Defendant denies the allegations contained in Paragraph No. 4 of the Complaint.

5.     Defendant denies the allegations contained in Paragraph No. 5 of the Complaint.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Complaint and, therefore, denies same and demands strict proof thereof.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the Complaint and, therefore, denies same and demands strict proof thereof.

**PARTIES**

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Complaint and, therefore, denies same and demands strict proof thereof.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 of the Complaint and, therefore, denies same and demands strict proof thereof.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the Complaint and, therefore, denies same and demands strict proof thereof.

11.     Regarding the allegations contained in Paragraph No. 11 of the Complaint, Defendant admits that William Crouch is the Cabinet Secretary of the West Virginia Department of Health and Human Resources.  The remaining allegations of said paragraph calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations and demands strict proof thereof.

12.     Regarding the allegations contained in Paragraph No. 12 of the Complaint, Defendant admits that Cynthia Beane is the Commissioner for the Bureau of Medical Services. Additionally, Defendant asserts that the allegation that Defendant Beane is a "person" within the meaning of 42 U.S.C. § 1983 is a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegation and demands strict proof thereof.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and, therefore, denies same and demands strict proof thereof.

13.     Regarding the allegations contained in Paragraph No. 13 of the Complaint, those concerning W.Va. Code §§9-1-2(n), 9-12-13(a)(3), and Section 1557 of ACA are legal conclusions to which no response is required.  However, to the extent a response is required by the

Court, Defendant denies such allegations and demands strict proof thereof.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and, therefore, denies same and demands strict proof thereof.

14.     Regarding the allegations contained in Paragraph No. 14 of the Complaint, Defendant admits that Ted Cheatham is the Director of PEIA.  Further, Defendant states that the allegations concerning W. Va. Code § 5-16-3(c) and/or 42 U.S.C. § 1983 are legal conclusions to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations and demands strict proof thereof.  Defendant denies the remaining allegations contained in said paragraph and demands strict proof thereof.

15.     Regarding the allegations contained in Paragraph No. 15 of the Complaint, Defendant admits that, in 1979, it received a Certificate of Authority under the HMO Act; that it holds its Certificate of Authority in the State of West Virginia as a 501(c)(4) not for profit HMO; and that it is in all fifty five (55) counties in West Virginia.  Defendant affirms that many of its members are enrolled through PEIA, which provides coverage options to employees of state agencies and political subdivisions; that some of its (non-commercially insured) members are enrolled through Medicare and Medicaid; and that more than 15,000 of its members are employees of state and political subdivisions.  Defendant denies that any of its commercial products receive any financial assistance.  Further, Defendant denies all remaining allegations contained in said paragraph.

16.     Defendant denies the allegations contained in Paragraph No. 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Paragraph No. 17 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

18.     Paragraph No. 18 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

19.     Paragraph No. 19 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

20.     Paragraph No. 20 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

21.     Paragraph No. 21 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

## FACTS

### A.     Sex, Gender Identity, and Gender Dysphoria

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22 of the Complaint and, therefore, denies same and demands strict proof thereof.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23 of the Complaint and, therefore, denies same and demands strict proof thereof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24 of the Complaint and, therefore, denies same and demands strict proof thereof.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 25 of the Complaint and, therefore, denies same and demands strict proof thereof.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 26 of the Complaint and, therefore, denies same and demands strict proof thereof.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 27 of the Complaint and, therefore, denies same and demands strict proof thereof.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 28 of the Complaint and, therefore, denies same and demands strict proof thereof.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 29 of the Complaint and, therefore, denies same and demands strict proof thereof.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 30 of the Complaint and, therefore, denies same and demands strict proof thereof.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 31 of the Complaint and, therefore, denies same and demands strict proof thereof.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 32 of the Complaint and, therefore, denies same and demands strict proof thereof.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 33 of the Complaint and, therefore, denies same and demands strict proof thereof.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 34 of the Complaint and, therefore, denies same and demands strict proof thereof.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 35 of the Complaint and, therefore, denies same and demands strict proof thereof.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 36 of the Complaint and, therefore, denies same and demands strict proof thereof.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37 of the Complaint and, therefore, denies same and demands strict proof thereof.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 38 of the Complaint and, therefore, denies same and demands strict proof thereof.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 39 of the Complaint and, therefore, denies same and demands strict proof thereof.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 40 of the Complaint and, therefore, denies same and demands strict proof thereof.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 41 of the Complaint and, therefore, denies same and demands strict proof thereof.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 42 of the Complaint and, therefore, denies same and demands strict proof thereof.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 43 of the Complaint and, therefore, denies same and demands strict proof thereof.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44 of the Complaint and, therefore, denies same and demands strict proof thereof.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45 of the Complaint and, therefore, denies same and demands strict proof thereof.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46 of the Complaint and, therefore, denies same and demands strict proof thereof.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47 of the Complaint and, therefore, denies same and demands strict proof thereof.

**B.     Defendants' Targeted and Discriminatory Exclusion of Gender-Confirming Care**

**1.     Medicaid health coverage**

48.     Paragraph No. 48 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

49.     Paragraph No. 49 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

50.      Paragraph No. 50 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

51.      Paragraph No. 51 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

52.      Paragraph No. 52 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

53.      Paragraph No. 53 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

54.      Paragraph No. 54 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

55.      Paragraph No. 55 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

56.      The allegation contained in Paragraph No. 56 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is

required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

57.     Paragraph No. 57 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

58.     Paragraph No. 58 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

59.     The allegation contained in Paragraph No. 59 of the Complaint is directed at a party other than Defendant and as such no response is required.

60.     The allegation contained in Paragraph No. 60 of the Complaint is directed at a party other than Defendant and as such no response is required.

61.     The allegation contained in Paragraph No. 61 of the Complaint is directed at a party other than Defendant and as such no response is required.

62.     The allegation contained in Paragraph No. 62 of the Complaint is directed at a party other than Defendant and as such no response is required.

**2.      State employee health coverage**

63.     Regarding the allegations contained in Paragraph No. 63 of the Complaint as they relate to Defendant, Defendant admits that qualifying state employees and their eligible dependents can choose from multiple options.  Defendant admits that, while services vary from

plan to plan, plans offered to state employees generally include coverage for medically necessary treatment.  Defendant admits that plans are distinguished by coverage ratios, deductible amount, other factors, and general costs to the insured member.  The phrase "one feature in common" is nonsensical, and therefore, Defendant denies same.  The last sentence of said paragraph states a conclusion of law to which no response is required.  Defendant denies all remaining allegations contained in said paragraph.

64.     Regarding the allegations contained in Paragraph No. 64 of the Complaint, Defendant admits that state employees can choose from 7 health benefit plans.  Those options are: 4 preferred provider benefit plan options provided by PEIA, 2 HMO plans offered by Defendant, and 1 Point of Service plan offered by Defendant.  Subpart A is directed to another party; as such, no response is required by Defendant.  Regarding subpart B, Defendant affirms there are 2 HMO and 1 point of service "benefit plan" (rather than *insurance* plan).  Defendant admits subparagraph B identifies the correct titles of the three plans.  Defendant further states that the plans speak for themselves.  Defendant denies all remaining allegations contained in said paragraph and subparagraphs.

65.     Regarding the allegations contained in Paragraph No. 65 of the Complaint, Defendant admits there are 7 health benefit plan options.  Defendant further states that the plans speak for themselves.

66.     Paragraph No. 66 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

67.    Defendant denies the allegations contained in Paragraph No. 67 of the Complaint.

**C.    The Denial of Care to Plaintiffs**

**1.    Plaintiff Christopher Fain (Medicaid)**

68.    The allegation contained in Paragraph No. 68 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

69.    The allegation contained in Paragraph No. 69 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

70.    The allegation contained in Paragraph No. 70 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

71.    The allegation contained in Paragraph No. 71 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

72.     The allegation contained in Paragraph No. 72 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

73.     The allegation contained in Paragraph No. 73 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

74.     The allegation contained in Paragraph No. 74 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

75.     The allegation contained in Paragraph No. 75 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

76.     The allegation contained in Paragraph No. 76 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

77.     The allegation contained in Paragraph No. 77 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

78.     The allegation contained in Paragraph No. 78 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

79.     The allegation contained in Paragraph No. 79 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

80.     The allegation contained in Paragraph No. 80 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

81.     The allegation contained in Paragraph No. 81 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

82.     The allegation contained in Paragraph No. 82 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

83.     The allegation contained in Paragraph No. 83 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

84.     The allegation contained in Paragraph No. 84 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

85.     The allegation contained in Paragraph No. 85 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

86.     The allegation contained in Paragraph No. 86 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

87.     The allegation contained in Paragraph No. 87 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

## 2.     Plaintiffs Zachary Martell and Brian McNemar (PEIA)

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 88 of the Complaint and, therefore, denies same and demands strict proof thereof.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 89 of the Complaint and, therefore, denies same and demands strict proof thereof.

90.     Plaintiffs McNemar and Martell were enrolled in a health plan through The Health Plan during times relevant to this litigation.  The remaining allegations contained in Paragraph No. 90 are either not directed to The Health Plan, or address the mental impressions of Plaintiffs McNemar and Martell; The Health Plan is without sufficient information to form a belief as to the truth of the mental impressions of Plaintiffs McNemar and Martell and therefore denies same and demands strict proof thereof.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 91 of the Complaint and, therefore, denies same and demands strict proof thereof.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 92 of the Complaint and, therefore, denies same and demands strict proof thereof.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 93 of the Complaint and, therefore, denies same and demands strict proof thereof.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 94 of the Complaint and, therefore, denies same and demands strict proof thereof.

95.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 95 of the Complaint and, therefore, denies same and demands strict proof thereof.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 96 of the Complaint and, therefore, denies same and demands strict proof thereof.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 97 of the Complaint and, therefore, denies same and demands strict proof thereof.

98.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 98 of the Complaint and, therefore, denies same and demands strict proof thereof.

99.     Defendant denies the allegations contained in Paragraph No. 99 of the Complaint.

100.    As it relates to when Mr. Martell began counseling, the purpose of the counseling, and any assessments from this counseling, The Health Plan is without sufficient information to admit or deny and therefore denies same and demands strict proof thereof. Defendant denies the remaining allegations in Paragraph No. 100.

101.    While the February 13, 2019, Notice speaks for itself, a September 10, 2019, letter from The Health Plan to Zachary Martell stated that Mr. Martell's request for endocrinologist was denied because the endocrinologist did not participate in The Health Plan network.  Further, this September 20, 2019, letter further advised Mr. Martell of his appeal rights; however, on information and belief, Mr. Martell did not exercise his appeal rights.  Defendant denies the remaining allegations in Paragraph No. 101.

102.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 102 of the Complaint and, therefore, denies same and demands strict proof thereof.

103.    Defendant denies the allegations contained in Paragraph No. 103 of the Complaint and demands strict proof thereof.

104.    Defendant denies the allegations contained in Paragraph No. 104 of the Complaint and demands strict proof thereof.

105.    Defendant denies the allegations contained in Paragraph No. 105 of the Complaint and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

106.    Regarding Paragraph No. 106 of the Complaint, Defendant denies that Plaintiffs have meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

107.    Regarding Paragraph No. 107 of the Complaint, Defendant denies that Plaintiffs have meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

### Medicaid Class

108.    Regarding Paragraph No. 108 of the Complaint, Defendant denies that Plaintiffs have meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

### State Employee Health Plan Class

109.    Regarding Paragraph No. 109 of the Complaint, Defendant denies that Plaintiffs have meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

### The Health Plan Subclass

110.    Regarding Paragraph No. 110 of the Complaint, Defendant denies that Plaintiffs have meet the prerequisites to bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and demands strict proof thereof.

111.    Defendant denies the allegations contained in Paragraph No. 111 of the Complaint and demands strict proof thereof.

112.    Defendant denies the allegations contained in Paragraph No. 112 of the Complaint and demands strict proof thereof.

113.    Defendant denies the allegations contained in Paragraph No. 113 of the Complaint, including subparagraphs A through D, and demands strict proof thereof.

114.    Defendant denies the allegations contained in Paragraph No. 114 of the Complaint and demands strict proof thereof.

115.    Defendant denies the allegations contained in Paragraph No. 115 of the Complaint and demands strict proof thereof.

116.    Defendant denies the allegations contained in Paragraph No. 116 of the Complaint and demands strict proof thereof.

117.    Defendant denies the allegations contained in Paragraph No. 117 of the Complaint and demands strict proof thereof.

## CLAIMS FOR RELIEF

### COUNT I
### Deprivation of Equal Protection
### U.S. Const. Amend. XIV

*Plaintiff Christopher Fain, on Behalf of the Medicaid Class, Against Defendants Crouch and Beane for Declaratory and Injunctive Relief*

*Plaintiffs Zachary Martell and Brian McNemar, on Behalf of the State Employee Health Plan Class and The Health Plan Subclass, Against Defendant Cheatham for Declaratory and Injunctive Relief*

118.    Defendant restates and realleges all of its answers, denials and other responses to the preceding paragraphs of the Complaint as if the same were set forth verbatim herein.

119.    The allegation contained in Paragraph No. 119 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

120.    Paragraph No. 120 of the Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations.

121.    The allegation contained in Paragraph No. 121 of the Complaint is directed at a party other than Defendant and as such no response is required.  Furthermore, Defendant states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

122.    The allegation contained in Paragraph No. 122 of the Complaint is directed at a party other than Defendant and as such no response is required.  Furthermore, Defendant states

that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

123.    The allegation contained in Paragraph No. 123 of the Complaint is directed at a party other than Defendant and as such no response is required.  Furthermore, Defendant states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

124.    Defendant denies the allegations contained in Paragraph No. 124 of the Complaint and demands strict proof thereof.

125.    Defendant denies the allegations contained in Paragraph No. 125 of the Complaint and demands strict proof thereof.

### A.      Discrimination on the Basis of Sex

126.    The allegation contained in Paragraph No. 126 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

127.    Paragraph No. 127 of Plaintiff's Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations and demands strict proof thereof.

128.    Paragraph No. 128 of Plaintiff's Complaint calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations and demands strict proof thereof.

129.    The allegation contained in Paragraph No. 129 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

### B.    Discrimination on the Basis of Transgender Status

130.    The allegation contained in Paragraph No. 130 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

131.    Paragraph No. 131 of Plaintiff's Complaint, including subparagraphs A through D, calls for a legal conclusion to which no response is required.  However, to the extent a response is required by the Court, Defendant denies such allegations and demands strict proof thereof.

132.    The allegation contained in Paragraph No. 132 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

133.    Defendant denies the allegations contained in Paragraph No. 133 of the Complaint and demands strict proof thereof.

134.    Defendant denies the allegations contained in Paragraph No. 134 of the Complaint and demands strict proof thereof.

**COUNT TWO**
**Violation of Section 1557 of the**
**Patient Protection and Affordable Care Act**
**42 U.S.C. § 18116**

*Plaintiff Christopher Fain, on Behalf of the Medicaid Class, Against Defendant BMS, Defendant Crouch, and Defendant Beane for Declaratory and Injunctive Relief, and Individually Against Defendant BMS for Compensatory Damages*

*Plaintiffs Zachary Martell and Brian McNemar, on Behalf of the State Employee Health Plan Class Against Defendant Cheatham for Declaratory and Injunctive Relief, on Behalf of The Health Plan Subclass against Defendant The Health Plan and Defendant Cheatham for Declaratory and Injunctive Relief, and Individually Against Defendant The Health Plan for Compensatory Damages*

135.    Defendant restates and realleges all of its answers, denials and other responses to the preceding paragraphs of the Complaint as if the same were set forth verbatim herein.

136.    The allegation contained in Paragraph No. 136 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

137.    The allegation contained in Paragraph No. 137 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

138.    The allegation contained in Paragraph No. 138 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

139.    The allegation contained in Paragraph No. 139 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

140.    The allegation contained in Paragraph No. 140 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof

141.    The allegation contained in Paragraph No. 141 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

142.    The allegation contained in Paragraph No. 142 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

143.    The allegation contained in Paragraph No. 143 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

144.    The allegation contained in Paragraph No. 144 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

145.    The allegation contained in Paragraph No. 145 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

146.    The allegation contained in Paragraph No. 146 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

147.    The allegation contained in Paragraph No. 147 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

148.    The allegation contained in Paragraph No. 148 of the Complaint calls for a legal conclusion, as such no response is required.  To the extent a response is required, Defendant denies the same and demands strict proof thereof.

**COUNT THREE**
**Violation of the Medicaid Act's Availability Requirements**
**42 U.S.C. § 1396a(a)(10)(A)**

*Plaintiff Christopher Fain, on Behalf of the Medicaid Class, Against Defendants Crouch and Beane for Declaratory and Injunctive Relief*

149.    Defendant restates and realleges all of its answers, denials and other responses to the preceding paragraphs of the Complaint as if the same were set forth verbatim herein.

150.    The allegation contained in Paragraph No. 150 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

151.    The allegation contained in Paragraph No. 151 of the Complaint is directed at a party other than Defendant and as such no response is required.  Furthermore, Defendant states

that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the Medicaid Act's Availability Requirements, 42 U.S.C. § 1396a(a)(10)(A) speak for themselves.

152.    The allegation contained in Paragraph No. 152 of the Complaint is directed at a party other than Defendant and as such no response is required.  Furthermore, Defendant states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

## COUNT FOUR
### Violation of the Medicaid Act's Comparability Requirements
### 42 U.S.C. § 1396a(a)(10)(B)

*Plaintiff Christopher Fain, on Behalf of the Medicaid Class, Against Defendants Crouch and Beane for Declaratory and Injunctive Relief*

153.    Defendant restates and realleges all of its answers, denials and other responses to the preceding paragraphs of the Complaint as if the same were set forth verbatim herein.

154.    The allegation contained in Paragraph No. 154 of the Complaint is directed at a party other than Defendant and as such no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

155.    The allegation contained in Paragraph No. 155 of the Complaint is directed at a party other than Defendant and as such no response is required.  Furthermore, Defendant states

that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the Medicaid Act's Comparability Requirements, 42 U.S.C. § 1396a(a)(10)(B) speak for themselves.

156.    The allegation contained in Paragraph No. 156 of the Complaint is directed at a party other than Defendant and as such no response is required.  Furthermore, Defendant states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof.

## PRAYER FOR RELIEF

157.    To the extent an answer is required the WHEREFORE clause, including subparagraphs A-H, Defendant denies any and all allegations contained therein and demands strict proof thereof.  Moreover, Defendant specifically denies that Plaintiffs are entitled to any form of relief from it and denies that Plaintiffs can maintain a class action and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to proceed with their claims against Defendant because the subject plans do not receive federal funding and therefore the nondiscrimination provision of section 1557 would not apply.

### THIRD AFFIRMATIVE DEFENSE

In the event the evidence indicates, there may be other insurance plans or programs that would have provided the coverage Plaintiffs seek.

### FOURTH AFFIRMATIVE DEFENSE

In the event the evidence indicates, Plaintiffs failed to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

In the event the evidence indicates, Plaintiff Martell's course of treatment at the time of his request for coverage would not have warranted coverage even if there were no exclusion for gender conforming treatment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff Martell failed to exhaust all administrative remedies and is therefore barred from pursuing a civil action until those remedies are exhausted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Martell failed to select an in-network provider as required under his policy of insurance.

### EIGHTH AFFIRMATIVE DEFENSEf

In the event the evidence indicates, class action certification is not warranted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to damages because Defendant's actions were consistent with the state of law at the time.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the insurance policies at issue were approved by appropriate state authorities.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that it is determined that Defendant's actions or omissions proximately caused or contributed to the alleged injuries and damages of the Plaintiffs, if any, which actions or omissions is determined to be concurrent with the actions or omissions of other third persons or entities who may or may not be a party to this action, the said conduct of Defendant (which is hereby expressly denied) was passive, secondary and derivative to the active, actual and primary conduct of other third persons or entities who may or may not be a party to this action.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and the members of the alleged putative class are not entitled to recover punitive damages from Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs lack subject-matter jurisdiction to bring their claims and the Complaint should be dismissed as a result.

### FOURTEENTH AFFIRMATIVE DEFENSE

In the event the evidence indicates, Plaintiffs have failed to join necessary and proper parties such that the Complaint must be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

No custom or policy of Defendant, either facially or as applied, discriminates on the basis of sex or transgender status.

## SIXTEENTH AFFIRMATIVE DEFENSE

In the event the evidence indicates, the medical procedures and/or treatments that Plaintiffs sought to be approved were not "medically necessary" pursuant to the definition of "medically necessary" included in the policies at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff Martell never requested that Defendant provide coverage for a "bilateral mastectomy" and was never denied coverage for a "bilateral mastectomy" by Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert any claim, individual or class, against Defendant because they have suffered no injury in fact and no judicia redress can exist.

## NINETEENTH AFFIRMATIVE DEFENSE

In the event the evidence indicates, Plaintiffs are barred by the applicable statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

With respect to the Plaintiffs' class allegations in the Complaint, the purported claims made by the Plaintiffs on their behalf and on behalf of the alleged putative class are precluded because the alleged conduct would have affected, if any, a limited number of persons that does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The purported class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure because the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiffs cannot adequately represent the alleged putative class members, and therefore, Plaintiffs' request for class certification should be denied and the class allegations in the Complaint should be dismissed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that there are not sufficient common questions of law and fact to satisfy the "commonality" requirement of Rule 23(a) of the Federal Rules of Civil Procedure with respect to the certification of the alleged class.  Therefore, the class allegations in the Complaint should be dismissed with prejudice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that the alleged members of the putative class are not so numerous as to make it impracticable to bring them all before this Court.  Therefore, the Plaintiff cannot satisfy the "numerosity" requirement of Rule 23(a) of the Federal Rules of Civil Procedure.  Therefore, the class allegations in the Complaint should be dismissed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that the theories of relief for the members of the purported putative class are not identical as members of the alleged putative class sought treatment for gender dysphoria for various medical reasons.  Additionally, the medical issues and the relief

sought by each member of the alleged putative class will not be the same.  Therefore, the Plaintiffs cannot satisfy the "typicality" requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the class allegations in the Complaint should be dismissed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that the Plaintiffs cannot satisfy the "adequacy" requirement of Rule 23(a) of the Federal Rules of Civil Procedure, and, therefore, the class allegations in the Complaint should be dismissed with prejudice.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiffs are precluded from attempting to certify the class of alleged putative class members in this matter because no class discovery has taken place. Furthermore, even after the conclusion of pre-certification discovery, the Plaintiffs will be unable to meet the requirements for class certification under the Federal Rules of Civil Procedure, and, therefore, the class allegations in the Complaint should be dismissed with prejudice.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to plead or assert defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure, or any other matter constituting an avoidance or affirmative defense, if the same be warranted as a result of the discovery in this case or the evidence adduced at trial.

WHEREFORE, Defendant demands that this action be dismissed and that it have judgment against the Plaintiffs for costs on its behalf expended.

## JURY DEMAND

Defendant hereby demands a trial by jury.


*/s/ Aaron C. Boone*
Stuart A. McMillan (WVSB #6352)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia  25301
(304) 347-1110
Fax:  (304) 347-1746
smcmillan@bowlesrice.com

Aaron C. Boone (WVSB #9479)
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia  26102
(304) 420-5501
Fax:  (304) 420-5587
aboone@bowlesrice.com

*Counsel for Defendant The Health Plan of
West Virginia, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CHRISTOPHER FAIN; ZACHARY
MARTELL; and BRIAN MCNEMAR,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

v.

WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES; TED CHEATHAM, in his official
capacity as Director of the West Virginia Public
Employees Insurance Agency; and THE
HEALTH PLAN OF WEST VIRGINIA, INC.,

        Defendants.

CIVIL ACTION NO. 3:20-cv-00740
JUDGE CHAMBERS

**CERTIFICATE OF SERVICE**

        I hereby certify that on July 30, 2021, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following CM/ECF participants:

        Walt Auvil, Esquire
        Anna P. Prakash, Esquire
        Nicole J. Schladt, Esquire
        Sasha Buchert, Esquire
        Avatara Smith-Carrington, Esquire
        Tara L. Borelli, Esquire
        Carl S. Charles, Esquire
        Nora Huppert, Esquire

Lou Ann S. Cyrus, Esquire
Roberta F. Green, Esquire
Caleb B. David, Esquire
Kimberly M. Bandy, Esquire
Perry W. Oxley, Esquire
David E. Rich, Esquire
Eric D. Salyers, Esquire
Christopher K. Weed, Esquire

*/s/ Aaron C. Boone*
Stuart A. McMillan
Aaron C. Boone

12938521.1