L R Civ P 26.4 Form (06/08/2017)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST
## VIRGINIA
## AT HUNTINGTON

CHRISTOPHER FAIN,
individually and on behalf of all others
similarly situated, *et al.*,

                    Plaintiffs,

v.                                     **CIVIL ACTION: 3:20-0740**

WILLIAM CROUCH, *et al.*,

                    Defendants.

### **PROTECTIVE ORDER**

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I. DISCOVERY PHASE**

    A. If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "**CONFIDENTIAL.**" The individual or entity designating the document or materials as "**CONFIDENTIAL**" must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly

1

unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as "**CONFIDENTIAL**," the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked "**CONFIDENTIAL**".

B. If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

C. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D. Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any deposition taken in this action.

E. If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the

disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;
2. Inform the person to whom disclosure is made that they are bound by this Protective Order;
3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
4. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and
5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person.

## II. POST-DISCOVERY PHASE

A. If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, they must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g.*, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986); *Virginia Dep't. of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

B. Within thirty days after the conclusion of the action, each party shall gather the

"**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "**CONFIDENTIAL**," so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be "**CONFIDENTIAL**" and shall be subject to this protective order. The attorney may use their work product in other litigation provided that the attorney does not use or disclose the confidential documents. However, regarding documents containing "Confidential" information in the possession of the parties' insurance carrier(s), if laws or regulations require such insurance carrier(s) to maintain files for specific periods of time, those insurance carrier(s) shall maintain the documents containing "Confidential" information protected by this Order as part of the files in question for the periods of time required by such laws or regulations. Upon the expiration of the longest such required retention period to which a specific insurance carrier is subject, that insurance carrier shall then comply with the provisions of this paragraph. The parties' insurance carrier(s) shall continue to honor the confidentiality of the documents containing "Confidential" information protected by this Order during the pendency of such record

retention as required by laws or regulations.[1] Additionally, counsel may also retain information produced as "**CONFIDENTIAL**" to comply with any requirements for maintaining their malpractice insurance.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

ENTERED: August 30, 2021

Cheryl A. Eifert
United States Magistrate Judge

Parties and Counsel:

| | |
|---|---|
| Dated: August 27, 2021 | Respectfully submitted, |
| /s/ Walt Auvil | /s/ Lou Ann S. Cyrus |
| Walt Auvil, WVSB No. 190 | Lou Ann S. Cyrus, Esquire (WVSB #6558) |
| THE EMPLOYMENT LAW CENTER, PLLC | Roberta F. Green, Esquire (WVSB #6598) |
| 1208 Market Street | Caleb B. David, Esquire (WVSB #12732) |
| Parkersburg, WV 26101 | Kimberly M. Bandy, Esquire (WVSB #10081) |
| Phone: 304-485-3058 | SHUMAN MCCUSKEY SLICER PLLC |
| Facsimile: 304-485-6344 | P.O. Box 3953 |
| auvil@theemploymentlawcenter.com | Charleston, WV 25339 |
| | (304) 345-1400; (304) 343-1826 (fax) |
| Avatara Smith-Carrington, Visiting Attorney | lcyrus@shumanlaw.com |
| LAMBDA LEGAL DEFENSE AND EDUCATION | rgreen@shumanlaw.com |
| FUND, INC. | cdavid@shumanlaw.com |
| 3500 Oak Lawn Avenue, Suite 500 | kbandy@shumanlaw.com |
| Dallas, TX 75219 | |
| Phone: 214-219-8585 | ***Counsel for Defendants William Crouch,*** |
| Facsimile: 214-219-4455 | ***Cynthia Beane, and West Virginia*** |
| asmithcarrington@lambdalegal.org | |

---

1 The Court recognizes that, under West Virginia law, W. Va. C.S.R. § 114-15-4.2(b) defines the required period of claim file retention for an insurance company. However, the Court also recognizes that the insurance company for Defendants the West Virginia Department of Health and Human Resources, Bureau for Medical Services, William Crouch, Cynthia Beane, Ted Cheatham and The Health Plan of West Virginia, Inc. are National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), which was organized under the laws of the State of Pennsylvania. According to 41 Pa.B 5849, insurance companies are required to maintain each claim file for seven (7) years after that claim file is closed. Therefore, as to National Union, the applicable claim file retention period in this matter will be seven (7) years after the conclusion of this lawsuit.

Tara L. Borelli, Visiting Attorney
Carl Charles, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: 470-225-5341
Facsimile: 404-506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Nora Huppert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Phone: 213-382-7600
Facsimile: 213-351-6050
nhuppert@lambdalegal.org

Sasha Buchert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Phone: 202-804-6245
Facsimile: 202-429-9574
sbuchert@lambdalegal.org

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4700
Minneapolis, MN 55402
Phone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com
nschladt@nka.com

*Attorneys for Plaintiffs*

*Department of Health and Human Resources, Bureau for Medical Services*

/s/ Eric D. Salyers
Perry W. Oxley (WVSB#7211)
David E. Rich (WVSB#9141)
Eric D. Salyers (WVSB#13042)
Christopher K. Weed (WVSB#13868)
OXLEY RICH SAMMONS, PLLC
517 9th Street, P.O. Box 1704
Huntington, WV 25718-1704
(304) 522-1138
(304) 522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
cweed@oxleylawwv.com

*Counsel for Defendant Ted Cheatham*

/s/ Aaron C. Boone
Aaron C. Boone (WVSB #9479)
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia 26102
(304) 420-5501
Fax: (304) 420-5587
aboone@bowlesrice.com

Stuart A. McMillan (WVSB #6352)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com

*Counsel for Defendant The Health Plan of West Virginia, Inc.*

6