IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| CHRISTOPHER FAIN, individually and on behalf of all others similarly situated, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> WILLIAM CROUCH, *et al.*, <br><br> *Defendants.* | CIVIL ACTION NO. 3:20-cv-00740 <br> HON. ROBERT C. CHAMBERS <br> MAG. JUDGE CHERYL A. EIFERT |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF A PARTIAL ESI PROTOCOL, PROTECTIVE ORDER, DEPOSITION PROTOCOL ORDER, 502(D) CLAWBACK ORDER, AND ORDER REGARDING VIRTUAL DEPOSITIONS**

In their Responses to Plaintiffs' August 20, 2021, Motion, (ECF No. 77), Defendants Ted Cheatham and The Health Plan, Inc. join Defendants William Crouch, Cynthia Beane, and West Virginia Department of Health and Human Resources, Bureau for Medical Services in arguing that ESI will not play a significant role in this case. (ECF Nos. 95, 96.)[1] For all of the reasons stated in Plaintiffs' earlier Reply (ECF No. 85), Plaintiffs respectfully request that the Court enter a Partial ESI Protocol and set a deadline for the Parties to file an agreed-upon ESI Protocol, or competing versions for the Court's consideration if they cannot agree. *See Inventiv Health Consulting, Inc. v. French*, No. 5:18-CV-295-D, 2020 WL 728148, at *9 (E.D.N.C. Feb. 12, 2020) (adopting

---

[1] Defendants Cheatham and The Health Plan, Inc. additionally object to Plaintiffs' proposed Deposition Protocol Order to the extent it limits the number of depositions to five per party group. (*See* ECF No. 77-5 at 1.) At this juncture, and in the spirit of compromise, Plaintiffs agree to Defendant Cheatham's proposal of a 10-deposition limit, absent good cause shown. As such, the only outstanding issue between the Parties with respect to Plaintiffs' August 20 Motion relates to Plaintiffs' proposed ESI protocol and format of production.

plaintiff's proposed ESI protocol for examination of defendants' devices in a case where plaintiff and defendant could not agree on a protocol).

Plaintiffs ask for nothing extraordinary in seeking the relief requested in their Motion, and instead simply seek clear guidelines to help the Parties resolve ESI disputes and minimize the need for future involvement of the Court. *Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228, 245 (D. Md. 2005) is instructive here:

> [A]s this case graphically demonstrates, it is no longer acceptable for the parties to defer good faith discussion of how to approach discovery of electronic records until they have complied with the briefing schedule in Local Rule 104.8. Rather, as the proposed changes to Rule 16(f) make clear, counsel have a duty to take the initiative in meeting and conferring to plan for appropriate discovery of electronically stored information at the commencement of any case in which electronic records will be sought.

Like the plaintiffs in *Hopson*, Plaintiffs in this case have served detailed discovery requests that clearly identify their interest in discovering ESI. "The Defendants' immediate response should have been to invite the Plaintiffs to meet to discuss a reasonable discovery plan." *Id.* at 246.

This Court similarly encourages cooperation and expects the Parties to discuss ESI preservation, collection, and production at the Rule 26(f) Conference:

> The 2006 amendments to Fed. R. Civ. P. 26(f) encourage cooperation and transparency early in the discovery process by requiring the parties to discuss at their initial conference "any issues about preserving discoverable information" and "any issues about disclosure or discovery of electronically stored information." Fed. R. Civ. P. 26(f)(1) and 26(f)(3). The Rule anticipates a sharing of facts and, if necessary, discovery about the sources to be searched for ESI. Fed. R. Civ. P. 26(f) advisory committee notes (2006) (stating that the "identification of, and early discovery from, individuals with knowledge of a party's computer systems may be helpful."). For some time now, federal courts have insisted on a collaborative approach to discovery, recognizing that this attitude best achieves the "spirit and purposes" of the federal discovery rules. *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 357–58 (D.Md. 2008) ("It cannot seriously be disputed that compliance with the 'spirit and purposes' of these discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation. Counsel cannot "behave

> responsively" during discovery unless they do both, which requires cooperation rather than contrariety, communication rather than confrontation."). Parties and attorneys that refuse to work collaboratively with their adversaries are at odds with the federal system and have been routinely sanctioned. *Id.* at 361 n. 3. The obligation on the parties to meet and confer early in the case includes a "discussion that can and should include cooperative planning, rather than unilateral decision-making, about matters such as 'the sources of information to be preserved and searched; number and identities of custodians whose data will be preserved or collected ...; topics for discovery; [and] search terms and methodologies to be employed to identify responsive data ...' " *Ruiz–Bueno v. Scott,* 2013 WL 6055402, at *3 (S.D.Ohio Nov. 15, 2013) (quoting Millberg LLP and Hausfeld LLP, "*E–Discovery Today: The Fault Lies not in Our Rules ...,*" 4 *Fed. Cts. L.Rev.* 131, 163 (2011). When two-way planning does not occur upfront, and questions about the adequacy of the document production subsequently arise, common sense dictates that the party conducting the search must share information regarding the universe of potentially relevant documents being preserved, and those that no longer exist, as well as the search terms used in collecting relevant documents and the identities of the custodians from whom the documents were retrieved. After all, the party responsible for the search and production has the duty to demonstrate its reasonableness. *See Smith v. Life Investors Ins. Co. of America,* No. 2:07–cv–681, 2009 WL 2045197, at *7 (W.D.Pa. July 9, 2009) (citing *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 250 F.R.D. 251, 262 (D.Md.2008)).

*Burnett v. Ford Motor Co.*, No. 3:13-CV-14207, 2015 WL 4137847, at *8 (S.D. W.Va. July 8, 2015) (Eifert, J.). Plaintiffs want to avoid the conflict and expense that accompany failing to discuss ESI, as described in *Hopson* and *Burnett*.

As to the partial ESI protocol, it governs the form of production, and one set of Defendants had essentially already agreed to it before filing a response to the instant motion. (*See* ECF No. 85.) In Plaintiffs' counsel's experience, the format prescribed is routine. And, if there are portions that a Defendant cannot agree to, they should set forth reasons for the Court's consideration. No Defendant has done so in a meaningful way. (*See generally* ECF Nos. 85, 95, 96.)

As to the balance of the ESI issues, Plaintiffs are simply requesting a meet and confer to decide upon search methodology, custodians (if applicable under the search methodology), and any necessary testing or terms for an iterative process that allows for cooperation and flexibility. Plaintiffs moved for the deadline to meet and confer be set at August 27, 2021, and now

3

respectfully request that this deadline be set for one week following the Court's decision on this issue.

In sum, the Parties have an obligation to meet and confer regarding ESI. At a bare minimum, Plaintiffs are entitled to engage in a full conversation with Defendants where all Parties have conducted their respective research on what ESI exists and where. Accordingly, Plaintiffs request the Court grant their motion in full.

Dated: September 9, 2021

Respectfully submitted,

/s/ Walt Auvil
Walt Auvil, WVSB No. 190
THE EMPLOYMENT LAW CENTER, PLLC
1208 Market Street
Parkersburg, WV 26101
Phone: 304-485-3058
Facsimile: 304-485-6344
auvil@theemploymentlawcenter.com

Avatara Smith-Carrington, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX  75219
Phone: 214-219-8585
Facsimile: 214-219-4455
asmithcarrington@lambdalegal.org

Tara L. Borelli, Visiting Attorney
Carl Charles, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
158 West Ponce De Leon Ave., Ste. 105
Decatur, GA 30030
Phone: 470-225-5341
Facsimile: 404-506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Nora Huppert, Visiting Attorney

LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Phone: 213-382-7600
Facsimile: 213-351-6050
nhuppert@lambdalegal.org

Sasha Buchert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Phone: 202-804-6245
Facsimile: 202-429-9574
sbuchert@lambdalegal.org

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4700
Minneapolis, MN 55402
Phone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com
nschladt@nka.com

*Attorneys for Plaintiffs*