IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**CHRISTOPHER FAIN; ZACHARY MARTELL; and BRIAN MCNEMAR,**
individually and on behalf of all others similarly situated,

                **Plaintiffs,**

vs.                                                   Case No.: 3:20-cv-00740
                                                         Judge Robert C. Chambers

**WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; CYNTHIA BEANE, in her official capacity as Commissioner for the West Virginia Bureau for Medical Services; WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES; TED CHEATHAM, in his official capacity as Director of the West Virginia Public Employees Insurance Agency; and THE HEALTH PLAN OF WEST VIRGINIA, INC.,**

                **Defendants.**

## DEFENDANT TED CHEATHAM'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendant Ted Cheatham, in his official capacity as Director of the West Virginia Public Employees Insurance Agency ("this Defendant"), by and through counsel, Perry W. Oxley, David E. Rich, Eric D. Salyers, Christopher K. Weed, and the law firm of Oxley Rich Sammons, PLLC, hereby submits his Response to Plaintiffs' Motion for Leave to File First Amended Complaint. *See* ECF 106-109. In support of his Response, the Defendant states the following:

1

## I. PROCEDURAL FACTS

On September 23, 2021, the Plaintiffs' filed a Motion for Leave to File First Amended Complaint. *See* ECF 106-108. They later supplemented this Motion with a similar Motion that included the proposed amended complaint. *See* ECF 109.

The "Plaintiffs" seek to add two new plaintiffs to the suit. *See* ECF 106-109. The current "Plaintiffs" are not seeking to amend their claims, but rather, two additional parties are seeking to join the lawsuit via an amendment to the Complaint. *See* ECF 106-109. Specifically, the two newly proposed plaintiffs are Shauntae Anderson, a Medicaid participant, and Leanne James, a PEIA member. *See* ECF 106-109.

## II. LEGAL STANDARD

Rule 15 of the *Federal Rules of Civil Procedure* governs the amendment of a pleading. While leave to amend a pleading is generally given, such leave should be denied when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *U.S. v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Indeed, the general and oft-cited rule is that leave sought should be freely given, "in the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc..." *Forman*, 371 U.S. at 182. Prejudice results where the proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party. *Johnson*, supra.

Further, a court may properly deny a motion for leave to amend where such amendment would be futile, for example where, even with the amendments, the complaint fails to state a claim upon which relief may be granted. See *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008) (affirming district court's denial of motion to amend on grounds of futility where proposed amended complaint failed to state a claim); *In re PEC Solutions, Inc. Securities Litigation*, 418 F.3d 379, 391 (4th Cir. 2005).

### III.     ARGUMENT

**A.     The newly added proposed plaintiffs are non-parties, and thus have no right to amend a complaint in this action.**

Rule 15 of the *Federal Rules of Civil Procedure* only allows current parties to amend a pleading, and it does not provide the mechanism to add new plaintiffs to the litigation. *See* Fed.R.Civ.P. 15(a). Non-parties have no authority to seek an amendment. *See United States ex rel. Little v. Triumph Gear Systems, Inc.*, 870 F.3d 1242 (10th Cir. 2017) ("[T]he right to amend lies solely with "[a] party."); *see also Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) ("Rule 15 allows liberal amendment by parties, not nonparties....").

The Plaintiffs proposed amended complaint is not seeking to amend their own claims, but to add two new plaintiffs to the cause of action. Thus, in reality, it is the two newly proposed plaintiffs seeking an amendment of the Complaint, and not the currently named Plaintiffs. As a result, this is improper procedurally, because the new proposed plaintiffs as non-parties have no right to seek amendment of the Complaint. Therefore, the Motion for Leave to file an Amended Complaint must be denied.

**B.    The correct procedural mechanism to add new plaintiffs is a motion to intervene under Rule 24.**

Ordinarily a would-be plaintiff seeking to join a case must timely move to intervene in accordance with Rule 24. Fed.R.Civ.P. 24 (a & b) ("Upon timely application anyone [1] shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action ... [or 2] may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common."). If a motion to intervene is untimely, it "must be denied." *See NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). This seems only fair because, if permitted, intervention may expose a defendant to additional liability. *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001).

Here, the newly proposed plaintiffs have not sought to intervene in this matter, nor have the attempted to file a new complaint and then seek consolidation of the matters. Rather, they have improperly sought an amendment of the Complaint, which they have no right to do. As a result, the Motion must be denied.

**C.    The proposed amended complaint is prejudicial to the Defendant.**

The proposed amended complaint seeks to add Leanne James, a PEIA member, as a party plaintiff. The inclusion of Ms. James adds new legal theories to the case that alters the discovery that must take place, the amount of discovery necessary, and the defenses that must be raised by this Defendant. Without Ms. James in the lawsuit, Defendant Cheatham's only role in the case was related to his relationship with The Health Plan and their policies, as there was no PEIA member as a plaintiff. By including Ms. James as a party plaintiff, she would alter the class allegations against this Defendant as a direct member of PEIA. Moreover, Ms. James seeks to bring a Title VII claim, a claim that no other plaintiff has in this action, which would clearly alter the legal

theories and defenses in this case. *See* ECF 106-109. As indicated by Ms. James, she has a pending complaint with the United States Equal Employment Opportunity Commission, and at least at this time, seeking to plead a Title VII claim against Defendant Cheatham would be futile and prejudicial to this Defendant.[1] Moreover, the Defendant would have to defend the pending complaint with the United States Equal Employment Opportunity Commission while simultaneously defending the same set of facts in a federal lawsuit, which is clearly prejudicial. As a result, the Motion for Leave should be denied.

## IV. CONCLUSION

Based upon the foregoing, the Motion seeking leave to once again amend the Complaint to add new party plaintiffs must be denied.

**TED CHEATHAM, in his official capacity as Director of the West Virginia Public Employees Insurance Agency,**

**BY COUNSEL**

s/Perry W. Oxley
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Eric D. Salyers (WVSB #13042)
Christopher K. Weed (WVSB #13868)
Oxley Rich Sammons, PLLC
517 9th Street, P.O. Box 1704
Huntington, WV 25718-1704
Phone: (304) 522-1138
Fax: (304) 522-9528
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com
cweed@oxleylawwv.com

---

[1] The Defendant believes there are other arguments regarding the claims of Ms. James and expressly reserves the right to defend those claims by way of a 12(b)(6) motion or any other method available to the Defendant moving forward.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**CHRISTOPHER FAIN; ZACHARY MARTELL; and BRIAN MCNEMAR,** individually and on behalf of all others similarly situated,

      **Plaintiffs,**

vs.                 Case No.: 3:20-cv-00740
                     Judge Robert C. Chambers

**WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; CYNTHIA BEANE, in her official capacity as Commissioner for the West Virginia Bureau for Medical Services; WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES; TED CHEATHAM, in his official capacity as Director of the West Virginia Public Employees Insurance Agency; and THE HEALTH PLAN OF WEST VIRGINIA, INC.,**

      **Defendants.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing **"Defendant Ted Cheatham's Response to Plaintiffs' Motion for Leave to File First Amended Complaint"** on this **8th** day of **October, 2021,** with the Clerk of the Court using the CM/ECF system, which will send notification of filing, and a copy of the same, to the following CM/ECF participants:

| Walt Auvil, WVSB No. 190 | Avatara Smith-Carrington, Visiting Attorney |
|---|---|
| THE EMPLOYMENT LAW CENTER, PLLC | LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. |
| 1208 Market Street | 3500 Oak Lawn Avenue, Suite 500 |
| Parkersburg, WV 26101 | Dallas, TX 75219 |
| Phone: 304-485-3058 | Phone: 214-219-8585 |
| Facsimile: 304-485-6344 | Facsimile: 214-219-4455 |
| auvil@theemploymentlawcenter.com | asmithcarrington@lambdalegal.org |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

<div style="display: flex;">

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4600
Minneapolis, MN 55402
Phone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com
nschladt@nka.com
*Counsel for Plaintiffs*

Tara L. Borelli, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308
Phone: 470-225-5341
Facsimile: 404-897-1884
tborelli@lambdalegal.org
*Counsel for Plaintiffs*

Sasha Buchert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Phone: 202-804-6245
Facsimile: 202-429-9574
sbuchert@lambdalegal.org
*Counsel for Plaintiffs*

Nora Huppert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Phone: 213-382-7600
Facsimile: 213-351-6050
nhuppert@lambdalegal.org
*Counsel for Plaintiffs*

Lou Ann S. Cyrus, Esquire
Roberta F. Green, Esquire
Caleb B. David, Esquire
Kimberly M. Bandy, Esquire
Shuman McCuskey Slicer PLLC
Post Office Box 3953
Charleston, West Virginia 25339
(304) 345-1400
Fax: (304) 343-1826
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
*Counsel for Defendants William Crouch,
Cynthia Beane and West Virginia Department
of Health and Human Resources*

Stuart A. McMillan
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com

Aaron C. Boone
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia 26102
(304) 420-5501
Fax: (304) 420-5587
aboone@bowlesrice.com
*Counsel for Defendant The Health Plan of
West Virginia, Inc.*

s/Perry W. Oxley
Perry W. Oxley (WVSB #7211)
David E. Rich (WV Bar #9141)
Eric D. Salyers (WVSB #13042)
Christopher K. Weed (WVSB #13868)

</div>