# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CHRISTOPHER FAIN;
ZACHARY MARTELL; and
BRIAN MCNEMAR,
individually and on behalf of all others similarly situated,

                Plaintiffs,

v.                                                CIVIL ACTION NO.   3:20-0740

WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services;
WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES, BUREAU FOR
MEDICAL SERVICES;
TED CHEATHAM, in his official capacity as
Director of the West Virginia Public Employees
Insurance Agency; and
THE HEALTH PLAN OF WEST VIRGINIA, INC.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint and Amended Motion for Leave to File First Amended Complaint. ECF Nos. 106, 109. In their amendment, Plaintiffs seek to add two plaintiffs to this action who, like Plaintiffs, seek to challenge the state's exclusion of coverage for gender-confirming care. Defendant Ted Cheatham's late response opposed this Motion. ECF No. 114. For the following reasons, the Court **GRANTS** this Motion.

## DISCUSSION

Courts have generally permitted the use of Rule 15 of the Federal Rules of Procedure to add plaintiffs to a party. *See e.g., Hinson v. Nw. Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (upholding the district court's decision to permit plaintiffs to add additional plaintiffs to the lawsuit through Rule 15); *Johnson v. Ford Motor Co.*, Nos. 3:13-6529, 2015 WL 5443550 (S.D.W. Va. Sept. 15, 2015) (recognizing that plaintiffs may join additional plaintiffs under Rule 15). A court must consider both the "principles of amendment in Rule 15(a) and also the more specific joinder provisions of Rule 20(a)" when considering whether to permit an amendment to a complaint to add plaintiffs. *Hinson*, 239 F.3d at 618.

Rule 15(a)(2) permits the court to give leave to a party to amend its pleading. Fed. R. Civ. P. 15(a). This leave should be freely given "when justice so requires." *Id.* Despite the encouraged leniency in granting leave to amend, courts may deny such requests when an amendment would be prejudicial to the opposing party, when the amendment was made in bad faith, or if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (stating "a request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile'" (citation omitted)).

Rule 20 allows a person to join in an action as a plaintiff if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P 20(a)(1)(A)–(B). "'Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of

law or fact.'" *Johnson*, 2015 WL 5443550, at *2 (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001)). This Rule gives courts wide discretion to allow the permissive joinder of parties and should be construed to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (citation omitted).

Plaintiffs here seek to add two plaintiffs to this action. One putative plaintiff, Ms. Shauntae Anderson, is a Medicaid participant, and the other, Ms. Leanne James, is a public employee and a Public Employees Insurance Agency (PEIA) member. *Pls.'s Am. Mot. for Leave to File First Am. Compl. Ex. A.*, ECF No. 109-1 ¶¶ 9–10. Plaintiffs' class action Complaint alleges that the exclusion of coverage for gender-confirming healthcare in West Virginia state health plans violates the Equal Protection Clause, the Patient Protection and Affordable Care Act, and the Medicaid Act. ECF No. 109, at 1. Ms. Anderson's claims relate only to the Defendants involved in the West Virginia Medicaid program, which does not apply to Defendant Cheatham. Ms. James intends to challenge the exclusions for gender-confirming care contained in a PEIA Preferred Provider Benefits (PPB) Plan. ECF No. 109-1 ¶ 108.

This Court finds that it is in the interest of justice to allow Plaintiffs to amend their Complaint to add Ms. Anderson and Ms. James as Plaintiffs. These claims involve similar facts and will raise questions of law and fact common to already named Plaintiffs. Ms. Anderson's claims relate to her Medicaid Plan coverage and its exclusion of coverage for gender-confirming surgery, just like Plaintiff Christopher Fain's claims. ECF No. 109-1 ¶¶ 85–86, 103–05. Ms. James' claims relate to the exclusion of gender-confirming coverage in a PEIA PPB Plan, similar to Plaintiff Zachary Martell's claims relating to his HMO Plan provided by The Health Plan. ECF No. 109-1 ¶¶ 122–126, 142, 144. Additionally, Ms. James' health plan and its exclusion for

gender-confirming treatments were described in the original complaint. *Pls.'s Compl.*, ECF No. 1 ¶ 64(A). Further, the original Compliant includes a putative "State Employee Health Plan Class" which explicitly includes all persons enrolled in a State Employee Health Plan who are transgender or seek gender-confirming care; the class is not limited only to those enrolled in The Health Plan. ECF No. 1 ¶ 109. Ms. James was already a member of this class. The putative plaintiffs' claims are essentially identical to claims already represented in this action.

Defendant Cheatham opposes the amendment. He first argues that Rule 15 does not provide a mechanism to allow the court to add new plaintiffs to the litigation. This assertion is untrue. The Fourth Circuit has explicitly ruled that plaintiffs may utilize Rule 15 to request leave to amend their complaint to add plaintiffs. *See Hinson*, 239 F.3d at 618. Relying on this misconception, Defendant argues that the current Plaintiffs are not the parties seeking to amend the complaint, but that the putative plaintiffs, as non-parties, are the real persons seeking the amendment. To support this position, Defendant relies on *Intown Properties Management, Inc. v. Wheaton Van Lines, Inc.*, where Intown filed a motion to amend a complaint to add itself as a party to an action filed by its insurer. 271 F.3d 164, 166–67 (4th Cir. 2001). In that case, it was clear that Intown was not a party to the action between its insurer and the defendant, and thus could not seek to amend the complaint in that action. *Id.* at 169, 171. But here, no external party sought to amend the Complaint; the current Plaintiffs filed the motion. ECF No. 109, at 1. For similar reasons, Defendant's reliance on *United States ex rel. Little v. Triumph Gear System, Inc.* is also misplaced, as that case is distinguishable from the matter before this Court. 870 F.3d 1242, 1245, 1248 (10th Cir. 2017) (finding that people not named as plaintiffs in the original complaint, as non-parties, could not file a motion to amend a complaint to add themselves as parties).

Defendant Cheatham also argues that the correct procedural mechanism to add new plaintiffs is a motion to intervene under Rule 24. But, as already noted, this Circuit has held that plaintiffs may use Rule 15 to add new plaintiffs to an action.

Next, Defendant Cheatham alleges that adding these plaintiffs will prejudice him, claiming that their addition will add new legal theories to the case, will alter the scope of discovery, and will alter the defenses raised by Defendant. An amendment to a complaint can be prejudicial when such amendment "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party… where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). That is not the case here. Further, the Court noted above, the putative Plaintiffs add no new claims of which Defendant Cheatham would not be aware of. Their claims involve no new legal theories, as they are nearly identical to claims already represented by existing Plaintiffs.

Defendant Cheatham also claims that Ms. James intends to bring a Title VII claim to the action, which no other plaintiff in the action currently asserts. Ms. James' Title VII claim is pending before the Equal Employment Opportunity Commission (EEOC), and the amended Complaint explicitly states that Ms. James is not pursuing a Title VII claim in this action while the claim is pending before the EEOC. ECF No. 109-1 ¶ 124–25.

Because this Court finds that the addition of these Plaintiffs will not prejudice Defendant Cheatham, and that it is in the interest of justice to allow the amendment, the Court grants Plaintiffs leave to amend the Complaint.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiffs' Motion. ECF No. 109.

Plaintiffs' first Motion for Leave to File First Amended Complaint is **DISMISSED** as moot. ECF No. 106.

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER: October 28, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE