IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

CHRISTOPHER FAIN; ZACHARY
MARTELL; BRIAN MCNEMAR; SHAWN
ANDERSON a/k/a SHAUNTAE ANDERSON.
And LEANNE JAMES, individually and on
behalf of all others similarly situated,

      **Plaintiffs,**

vs.                   Case No.: 3:20-cv-00740
                       Judge Robert C. Chambers

**WILLIAM CROUCH, in his official capacity as
Cabinet Secretary of the West Virginia
Department of Health and Human Resources;
CYNTHIA BEANE, in her official capacity as
Commissioner for the West Virginia Bureau for
Medical Services; WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN
RESOURCES, BUREAU FOR MEDICAL
SERVICES; JASON HAUGHT, in his official
capacity as Director of the West Virginia Public
Employees Insurance Agency; and THE
HEALTH PLAN OF WEST VIRGINIA, INC.,**

      **Defendants.**

### REPLY TO PLAINTIFFS' OPPOSITION TO
### DEFENDANT JASON HAUGHT'S MOTION FOR ABSTENTION

#### I. Introduction

Defendant Jason Haught, in his official capacity as Director of the West Virginia Public Employees Insurance Agency ("Defendant"), by and through counsel, Perry W. Oxley, David E. Rich, Eric D. Salyers, Christopher K. Weed, and the law firm of Oxley Rich Sammons, PLLC, hereby submits Defendant Jason Haught's Reply to Plaintiffs' Opposition to Defendant's Motion for Abstention.

1

## II.     Argument

**A. Equal Employment Opportunity Commission ("EEOC") actions can be considered an administrative proceeding warranting abstention under the *Colorado River* doctrine.**

While Plaintiff James is correct that the *Colorado River* doctrine normally only applies to federal actions with parallel state proceedings, the underlying policy rational that forms the cornerstone of the *Colorado River* doctrine dictates that abstention or a stay of proceedings is necessary. Specifically, the principal that the *Colorado River* doctrine embodies is "wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976). Despite Plaintiff James's claims to the contrary, this fundamental principle *does* extend to administrative proceedings that are adjudicative in nature. *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005) (Citing *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994). While Plaintiffs may assert this point of law only applies to the *Younger* doctrine, the Fourth Circuit has unequivocally held state administrative proceedings are subject to the *Colorado River* doctrine, citing the case that Plaintiff believes is "inapposite." *Id*. As a result, there is no doubt that state administrative proceedings can cause a federal court to abstain from hearing a parallel suit filed in federal court.

The Defendant requests that the same legal theory be applied here to federal administrative proceedings that are required by law *to begin as state administrative proceedings*. An investigation initiated by an EEOC complaint is a unique species of administrative proceedings. Specifically, in a state that has a "[s]tate or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice," then no charge may be filed with the EEOC "before the expiration of sixty days after proceedings have been commenced under the State or local law."42 U.S.C.A. § 2000e-5(c). In other words,

EEOC complaints must first be filed with *the state agency* that is, essentially, the state equivalent to the EEOC. In West Virginia, this entity is the West Virginia Human Rights Commission ("WVHRC") created by the West Virginia Human Rights Act. West Virginia Code §5-11-1, et seq. Only after the administrative complaint is filed with the WVHRC and is handled by the state agency for 60 days, may a litigant avail itself to the EEOC. 42 U.S.C.A. § 2000e-5(c).

Plaintiff James's EEOC charge was filed with the WVHRC, and the Plaintiff explicitly availed itself to a state administrative proceeding, regardless of whether that proceeding eventually led to the involvement of a federal agency. Thus, an EEOC complaint filed pursuant to a Title VII claim cannot be adequately described and discarded by the phrase "federal administrative proceeding." Instead, it is a *hybrid agency proceeding* that mandates the involvement of a state agency and state proceedings. Because a state agency's presence and involvement in an EEOC complaint is mandated by law, it necessarily follows that such proceedings fall under the umbrella of the *Colorado River* doctrine regardless of whether a federal agency ends up handling the matter. As such, it is appropriate to apply the *Colorado River* doctrine to any administrative proceedings under Title VII because the actions of state and federal agencies are so closely intertwined therein.

Moreover, Plaintiff James asserts that the EEOC can only "encourage the parties to conciliate and mediate, provide a finding of probable cause, and eventually issue a right to sue letter." *See* ECF 171 at p. 6. Unfortunately, Plaintiff James mischaracterizes the power of the EEOC or WVHRC when dealing with a complaint against a governmental agency. When handling complaints regarding a governmental agency, which the Public Employee Insurance Agency ("PEIA") undoubtedly is, the EEOC "shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court" if attempts at conciliation or mediation fail. 42 U.S.C.A. § 2000e-5 (f)(1). If the Attorney General files such a

suit, the complainant "shall have the right to intervene *in a civil action brought by the Commission or the Attorney General*." (*Id*.) (Emphasis added). By the black letter law, if the Attorney General institutes its own suit, then Plaintiff cannot even amend the Complaint in federal court to include a Title VII claim—the Plaintiff only has the right to intervene in the action brought by the Attorney General. *Id*. [1] Only after an EEOC complaint is dismissed, or 180 days passes after the filing of the complaint and the Attorney General has not filed a civil action, that the aggrieved may be given a right to sue notice. *Id*.

Considering the relief described above, it is inaccurate to assert that *nothing* in the "process described [by the Plaintiff] affords Ms. James the ability to secure a binding judgement within the EEOC administrative scheme." *See* ECF 171 at p. 6. First, Title VII uses the EEOC to encourage the parties to mediate and settle any controversies. Thus, the potential for settlement through the EEOC remains a viable option.

Second, even if no settlement occurs, the Attorney General can file suit, and the Plaintiff can join in that litigation against this Defendant to seek a binding judgment against this Defendant. In other words, Plaintiff James's EEOC Complaint may very well resolve every issue Plaintiff has asserted in the current federal action if given enough time. Thus, as a result, the Defendant that this Court abstain from or stay the currently pending claim in federal court until it is clear that; 1) no settlement between the parties will be reached as a result of EEOC mediation efforts, and 2) the Attorney General will not institute his/her own civil action that will further prejudice this Defendant.

---

[1] This is yet another reason this Defendant believes it is appropriate to, at least, stay the current action in federal court, as it is not clear what procedural implications such a suit by the Attorney General may have on the case at hand. This potential avenue of relief can potentially prevent any addition of a Title VII claim to the First Amended Complaint in this action and counsels in favor of a stay from this Court.

4

Either option will allow this Defendant to ensure no unnecessary or duplicative discovery is completed and no needless litigation costs are expended, while simultaneously promoting the "wise judicial administration" contemplated by the *Colorado River* doctrine. Otherwise, Plaintiff James will be able to attack this Defendant on both the EEOC front and in Equal Protection action filed in federal court even though both claims state almost identical claims based on the same facts and seek the same relief— i.e., for this Defendant to stop enforcing the allegedly discriminatory exclusion.

### B. The nature of the EEOC action and the instant civil action create a set of parallel suits.

In the Opposition to Defendant's Motion for Abstention, Plaintiff James asserts that the suits are not "parallel" because the "parties are different" and the claims at issue are different. *See* ECF 171 at p. 6. However, no case, statute, or other legal authority was cited for this proposition by the Plaintiff.

This mischaracterizes the black letter law and ignores that "[s]uits are parallel if *substantially* the same parties litigate *substantially* the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (Emphasis added). To put it another way, the parties do not have to be the exact same. *Id*. Additionally, while *New Beckley* did not find the suits discussed therein to be parallel actions, it suggested that had the issues raised and remedies sought been more similar, the suits would have been parallel. *Id*.

Here, the parties are substantially the same.[2] Specifically, this Defendant is the Director of PEIA and the Defendant in the EEOC Complaint is PEIA. Trying to thread the needle by

---

[2] Even though Plaintiff has included the Kanawha County Board of Education ("KCBOE") as a Defendant in the EEOC action, according to Plaintiff James's own allegations in the EEOC complaint, the KCBOE

suggesting this Defendant is not, by extension, a literal arm of the state agency he controls, is incorrect. If this Defendant is enjoined from enforcing the alleged exclusions at issue, then the PEIA is enjoined from enforcing any exclusions. Additionally, both complaints contemplate the same plaintiffs and are phrased in identical terms of a class action on behalf of all similarly situated transgender individuals.

Here, unlike in *New Beckley*, the issues raised and remedies sought in both proceedings are basically the same. It is true that Plaintiff James's Complaint before this Court asserts an Equal Protection claim, and the EEOC complaint only alleges statutory discrimination under Title VII. However, because Plaintiff James's alleged employer is the same government entity that allegedly violated the Fourteenth Amendment, a unique scenario is created whereby the issues and remedies sought *are the exact same*.

To illustrate, in the federal court action Plaintiff James claims that this Defendant has violated the Fourteenth Amendment by denying transgender individuals "equal protection of the laws" by enforcing an alleged exclusion in this Defendant's health insurance policies. At the same time, in the EEOC action Plaintiff claims that the PEIA acted in a discriminatory fashion with respect to his "terms and conditions of employment" by enforcing the alleged exclusion in the PEIA health insurance plans. As a result, the apparent failure to provide equal protection of the laws, is the exact reason Plaintiff James believes the terms of employment at issue are discriminatory. This creates a situation where the claims are "virtually identical." *Id*. at 1074.

Similarly, if Plaintiff James was to receive the injunction she seeks in federal court pursuant to the Equal Protection claim, then the remedy sought in the EEOC action, i.e. non-discriminatory terms of employment, will be remedied as well. The opposite is true should the resolution to the

---

and the PEIA are one and the same because the KCBOE has "delegated control over the terms of [Plaintiff James's] health coverage to the PEIA.

issues be found in the EEOC proceeding. If the EEOC action produces a scenario where PEIA will stops enforcing the exclusion, then the Plaintiff's current claim in this action is moot. In essence, the claims and remedies at issue are the same and allowing the two separate proceedings to continue together is extremely prejudicial to this Defendant as a result.

### III.   Conclusion

**WHEREFORE,** for the reasons stated above, this Defendant respectfully requests that this Court abstain from exercising jurisdiction at this time, and either dismiss or stay the claims asserted against this Defendant.

> **JASON HAUGHT, in his official capacity as Director of the West Virginia Public Employees Insurance Agency,**
>
> **BY COUNSEL**
>
> s/Eric D. Salyers
> Perry W. Oxley (WVSB #7211)
> David E. Rich (WVSB #9141)
> Eric D. Salyers (WVSB #13042)
> Christopher K. Weed (WVSB #13868)
> Oxley Rich Sammons, PLLC
> 517 9th Street, P.O. Box 1704
> Huntington, WV 25718-1704
> Phone: (304) 522-1138
> Fax: (304) 522-9528

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

| | |
|---|---|
| **CHRISTOPHER FAIN; ZACHARY MARTELL; and BRIAN MCNEMAR, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | |
| vs. | Case No.:  3:20-cv-00740<br>Judge Robert C. Chambers |
| **WILLIAM CROUCH, in his official capacity as Cabinet Secretary of the West Virginia Department of Health and Human Resources; CYNTHIA BEANE, in her official capacity as Commissioner for the West Virginia Bureau for Medical Services; WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES; JASON HAUGHT, in his official capacity as Director of the West Virginia Public Employees Insurance Agency; and THE HEALTH PLAN OF WEST VIRGINIA, INC.,** | |
| **Defendants.** | |

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **"Reply to Plaintiff's Opposition to Defendant Jason Haught's Motion For Abstention"** on this **9th** day of **December, 2021,** with the Clerk of the Court using the CM/ECF system, which will send notification of filing, and a copy of the same, to the following CM/ECF participants:

| | |
|---|---|
| Walt Auvil, WVSB No. 190<br>THE EMPLOYMENT LAW CENTER, PLLC<br>1208 Market Street<br>Parkersburg, WV 26101<br>Phone: 304-485-3058<br>Facsimile: 304-485-6344<br>auvil@theemploymentlawcenter.com<br>*Counsel for Plaintiffs* | Avatara Smith-Carrington, Visiting Attorney<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>3500 Oak Lawn Avenue, Suite 500<br>Dallas, TX 75219<br>Phone: 214-219-8585<br>Facsimile: 214-219-4455<br>asmithcarrington@lambdalegal.org<br>*Counsel for Plaintiffs* |

8

<div style="display: flex;">

<div>

Anna P. Prakash, Visiting Attorney
Nicole J. Schladt, Visiting Attorney
NICHOLS KASTER, PLLP
IDS Center, 80 South 8th Street
Suite 4600
Minneapolis, MN 55402
Phone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com
nschladt@nka.com
*Counsel for Plaintiffs*

Sasha Buchert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Phone: 202-804-6245
Facsimile: 202-429-9574
sbuchert@lambdalegal.org
*Counsel for Plaintiffs*

Lou Ann S. Cyrus, Esquire
Roberta F. Green, Esquire
Caleb B. David, Esquire
Kimberly M. Bandy, Esquire
Shuman McCuskey Slicer PLLC
Post Office Box 3953
Charleston, West Virginia 25339
(304) 345-1400
Fax: (304) 343-1826
lcyrus@shumanlaw.com
rgreen@shumanlaw.com
cdavid@shumanlaw.com
kbandy@shumanlaw.com
*Counsel for Defendants William Crouch,
Cynthia Beane and West Virginia Department
of Health and Human Resources*

</div>

<div>

Tara L. Borelli, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308
Phone: 470-225-5341
Facsimile: 404-897-1884
tborelli@lambdalegal.org
*Counsel for Plaintiffs*

Nora Huppert, Visiting Attorney
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
Phone: 213-382-7600
Facsimile: 213-351-6050
nhuppert@lambdalegal.org
*Counsel for Plaintiffs*

Stuart A. McMillan
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1110
Fax: (304) 347-1746
smcmillan@bowlesrice.com

Aaron C. Boone
BOWLES RICE LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia 26102
(304) 420-5501
Fax: (304) 420-5587
aboone@bowlesrice.com
*Counsel for Defendant The Health Plan of
West Virginia, Inc.*

s/Eric D. Salyers
Perry W. Oxley (WVSB #7211)
David E. Rich (WV Bar #9141)
Eric D. Salyers (WVSB #13042)
Christopher K. Weed (WVSB #13868)

</div>

</div>